UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SILVON SIMMONS,                                    MEMORANDUM OF LAW

                Plaintiff,                   Case No.: 17-cv-6176

                v.

JOSEPH M. FERRIGNO, II, SAMUEL GIANCURSIO,
MARK WIATER, CHRISTOPHER MUSCATO,
ROBERT WETZELL, MICHAEL CIMINELLI, JOHN
DOES 1-20, CITY OF ROCHESTER,
SHOTSPOTTER INC., SST, INC., JOHN DOES 21-30
and PAUL C. GREENE,

                Defendants.

_____

**PRELIMINARY STATEMENT**

For the purposes of this motion to dismiss only, the facts of the case presented by Plaintiff Silvon Simmons (hereinafter "Plaintiff") in his Amended Complaint, are deemed to be correct. On April 1, 2016 at approximately 8:55 p.m. Plaintiff was riding in a Chevy Impala operated by Detron Parker (hereinafter "Parker"). Plaintiff and Parker drove from 9 Immel Street to a store and returned to 9 Immel Street a short time later. The vehicle was backed into the driveway at 9 Immel Street by Parker and the vehicle was turned off. According to the Amended Complaint, Police Officer Joseph Ferrigno "drove up and suddenly stopped his vehicle (hereinafter "police vehicle") along the curb at the end of the driveway at 9 Immel Street." When Ferrigno stopped the police vehicle in front of 9 Immel Street he shined a spotlight at Plaintiff. Officer Ferrigno got out of his police vehicle and started running up the driveway towards Plaintiff. Plaintiff started

running away from Officer Ferrigno and further up the driveway towards the backyard of 5 Immel Street.   *See* Amended Complaint ¶ 59-91.

Plaintiff was running away from Officer Ferrigno, towards his backyard.   Officer Ferrigno fired his service revolver four (4) times at Plaintiff, striking the Plaintiff three (3) times.   After he was shot, the Plaintiff dove over a fence which led to his backyard and attempted to crawl to his backdoor.    Plaintiff was physically unable to get to his back door so he laid face down and "played dead".   Plaintiff was handcuffed, arrested and taken by ambulance to Strong Hospital for treatment of his gunshot wounds.    *See* Amended Complaint ¶ 59-91.

Plaintiff alleges that he had no gun during his encounter with Officer Ferrigno and that excessive force was used against him.   Plaintiff brings this suit against Officers Ferrigno, Giancursio, Wiater, Muscato, Wetzell and Former Rochester Police Chief Michael Ciminelli, the City of Rochester and John Does, setting forth federal claims for False Arrest, Excessive Force, Conspiracy, Malicious Prosecution, Denial of Right to a Fair Trial, Abuse of Process, Failure to Intervene, Failure to Implement Policies, Customs and Practice and Supervisory and Municipal Liability (Monell Claim), and New York State claims for battery, assault and malicious prosecution.

Defendants move to dismiss the following claims: Third Cause of Action for Conspiracy, Fourth Cause for Malicious Prosecution, Fifth Cause of Action for Denial of Right to a Fair Trial, Sixth Cause of Action for Abuse of Process, Seventh Cause of Action for Failure to Intervene, Eighth Cause of Action for Municipal Liability- Failure to Train and Discipline and Ninth Cause for supervisory liability[1].

---

[1] City Defendants do not move to dismiss the federal claims for unlawful arrest, excessive force and the state law claims for assault and battery.

**STANDARD FOR MOTION TO DISMISS**

"In deciding whether to grant a motion to dismiss for failure to state a claim, the court must accept the factual allegations contained in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Foster v. Humane Soc'y of Rochester & Monroe County, Inc.*, 724 F. Supp. 2d 382, 388 (W.D.N.Y. 2010) (Larimer, J.). "At the same time, however, 'a plaintiff's obligation … requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.'" *Foster*, 724 F. Supp. 2d at 382 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). "Thus, where a plaintiff 'has not nudged his claims across the line from conceivable to plausible, his complaint must be dismissed.'" *Id.* at 388 (quoting *Twombly*, 550 U.S. at 570). "A 'plausible' entitlement to relief exists when the allegations in the complaint move the plaintiff's claims across the line separating the 'conclusory' from the 'factual,' and the 'factually neutral' from the 'factually suggestive.'" *Id.*

**ARGUMENT**

**I.     The Eighth Cause of Action alleging Municipal Liability Should Be Dismissed**

To state a § 1983 claim against the City of Rochester Plaintiff must plausibly allege that a City policy or custom caused a deprivation of his federal rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (U.S. 1978).  Plaintiff does not allege that he was injured by any City policy.  Rather, he claims to have been injured by the City's *failure* to train its police officers concerning the use of force, arrest procedures, and duties to intervene to protect constitutional rights of citizens, as well as a failure to adequately investigate allegations of excessive force and to discipline officers found to have used excessive force.  Additionally, Plaintiff claims that the City fails to investigate all excessive force and police misconduct complaints, among other failures of investigating police officers and disciplining police officers.   *See* Amended Complaint ¶ 58-59.  What Plaintiff claims is that he was been injured by the City's deliberate indifference to its internal training, investigation, and discipline concerning officers' use of excessive force.

The Supreme Court has reiterated that "deliberate indifference is a stringent standard of fault[.]."  *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011) (quoting *Bd. of the County Comm'Rs v. Brown*, 520 U.S. 397, 410 (1997)).  A claim for municipal liability is "at its most tenuous" when it is based upon a theory of deliberate indifference. *Id.* at 1359.  For liability to attach on a deliberate indifference theory, plaintiff must establish (1) that the City was on notice of a defect in its training, investigative or disciplinary program, and consciously chose not to address that defect, and (2) the

failure to address the defect caused plaintiff's injury.  *Id.* at 1360.  "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference[.]"  *Id.* (internal quotations omitted).

Plaintiff alleges in the conclusory terms that he was injured by the City's failure to adequately train officers, investigate allegations of excessive force, and discipline officers.  Yet to plausibly plead this cause of action, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff must do more than simply allege that he was injured by unspecified inadequacies in the City's training, investigation or disciplinary systems—he must set forth facts which together plausibly allege that the City was on notice of such inadequacies and chose not to address them.  Facts alleging a "pattern of similar constitutional violations by untrained employees is ordinarily necessary" to plausibly make such a showing.  *Connick*, 131 S. Ct. at 1360.  Indeed, the Second Circuit has long held that "[a] single incident alleged in a complaint, especially if it involved only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy."  *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993).   Plaintiff's Complaint does this, setting forth facts concerning only a single incident—his own.  This is insufficient to plausibly plead that policymakers were on notice of deficiencies in their training, investigative, or disciplinary programs, and that the failure to address that flaw is what caused plaintiff's purported injury.

Moreover, Plaintiff does not—and cannot—allege that the City of Rochester failed to investigate his own complaints of misconduct against defendant officers or refer

to those complaints to the Civilian Review Board. This is because Plaintiff's internal complaint concerning this incident was investigated by the Professional Standards Section, and was referred to the Civilian Review Board. As such, even Plaintiff's own experience with this particular case contradicts the conclusory allegations of deliberate indifference.

It is well settled that a municipality will not be held liable for injuries inflicted solely by its employees and agents. *Monell v. Department of Soc. Services of the City of New York*, 436 U.S. 658, 694 (1978). A municipality is liable under 42 U.S.C.S. § 1983 only if its official policy or custom results in a deprivation of a federal right. *Marcel v. City of New York*, 1990 U.S. Dist. LEXIS 4094 at 20. Plaintiffs have attempted to support a void Monell claim by collecting unsubstantiated civilian complaint records of both named and unnamed police officers to establish unlawful practices and/or deliberate indifference by the Rochester Police Department. However, evidence in the form of a collection of unsubstantiated complaints is insufficient to prove deliberate indifference by a municipality, and does not support a failure to train cause of action. *Marcel v. City of New York*, 1990 U.S. Dist. LEXIS 4094, *Law v. Cullen*, 613 F. Supp. 259, 262-63 (S.D.N.Y. 1985). "Unsubstantiated CRB reports do not demonstrate a breach of a municipality's duty to train or supervise its police." *Law* at 262-263. Unlike in this case, conduct should be sufficiently "brutal or egregious" as to suggest deliberate indifference by a municipality. *Digennaro v. Town of Gates Police Dep't*, 2013 U.S. Dist LEXIS 85571 at 51 (W.D.N.Y, 2013).

Additionally, In *Worthy v. City of Buffalo*, 2013 U.S. Dist. LEXIS 146242 (W.D.N.Y 2013) the Court stated that it is unlikely that documents relating to unsubstantiated claims of excessive force would lead to admissible evidence.  Further, the Court cited *Crenshaw v. Herbert,* 409 Fed. Appx. 428 (2d. Cir. 2011) in holding ***that even if evidence of a prior substantiated excessive force investigation existed, such evidence would not be relevant to the particular facts of the case at bar***. *Crenshaw* at 430.   Similarly, In *Adamson v. City of Buffalo*, 2013 U.S. Dist. LEXIS 31849 (W.D.N.Y. 2013) the Court held that only substantiated claims of excessive force were relevant.  Moreover, in *Matter of Capital Newspaper v. Burns,* 67 N.Y.2d 562 (1986) the Court held that the legislative intent of General Municipal Law Section 50-a was to prevent time consuming and perhaps vexatious investigation into irrelevant collateral matters, and to avoid embarrassment and harassment of testifying officers by cross examination concerning unsubstantiated and irrelevant matters in their personnel files. Therefore, despite Plaintiff's efforts to cobble together a voluminous record of unsubstantiated, third party complaints, all of which were investigated, none of the referenced material is relevant or admissible evidence.

Unrelated and uproven allegations of similar violations is not proof that the alleged violation occurred. *Simms v. New York*, 480 Fed. Appx 627, 630 (2d. Cir. 2012). Unrelated lawsuits involving similar claims of excessive force are not probative of an underlying municipal policy.  *Whitfield v. City of Newburgh*, 2015 U.S. Dist. LEXIS 169667 * 105-106 (S.D.N.Y 2015).   "The fact that two defendants as well as a supervising officer have had civil suits brought against them in the past that resulted in settlement is not even evidence of wrongdoing. Complaints of police misconduct

resolved without admission of liability are "insufficient to make a plausible case of Monell liability". *Collins v. City of New York*, 923 F. Supp. 2d 462, 479 (E.D.N.Y 2013). Complaints of other instances of alleged unlawful conduct by a municipality is insufficient to establish a pattern of constitutional violations. *Mays v. Town of Hempstead,* 2011 U.S. Dist. LEXIS 104252 (E.D.N.Y 2012).

Plaintiff has not demonstrated deficiency in the investigation into use of force in this matter, as the subject encounter was scrutinized on all levels from the Officers' direct, supervising Sergeant to the Chief of Police, Professional Standards Section and the CRB. All known witnesses had complete statements taken, which were reviewed during the investigations. There has been no demonstrated deficiency in how civilian complaints are processed, and there is absolutely no evidence of collusion to suppress the civil rights of any complainant.

It is undisputed that pursuant to the City's established policy, the use of force and complaints of excessive force, violation of constitutional rights and even rude and discourteous language by police officers are automatically investigated by the Professional Standards Section of the Rochester Police Department, and that the results of investigations into excessive force are invariably reviewed by both the CRB and the Command Officers of the Rochester Police Department. It is also undisputed and not controverted that Officers Ferrigno has never had an excessive force complaint sustained against them. Therefore, compiling a handful of investigated, yet unsubstantiated complaints, in the contexts of hundreds of arrests made by an active patrol officer, is not evidence in support of municipal liability. Nor is it enough to

suggest that the lack of adverse findings against the officer is proof of complicity/conspiracy by the City of Rochester.

Plaintiff's Eighth Cause of Action for municipal liability should be dismissed.

## II.  The Claim for Supervisory Liability Should Be Dismissed; Claim Against Michael Ciminelli Cannot Survive

Plaintiff's Ninth Cause of Action and his claim against Former City of Rochester Police Chief Michael Ciminelli must be dismissed.  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  The Second Circuit has set forth five ways in which a supervisor may be personally involved in an alleged deprivation of constitutional rights: (1) direct participation in the alleged constitutional violation; (2) failure to remedy the wrong after being informed of the violation by report or appeal; (3) creation or continuance of a policy or custom under which the unconstitutional practices occurred; (4) gross negligence in supervising the subordinates who committed the wrongful acts; or (5) deliberate indifference demonstrated by failure to act on information indicating that unconstitutional acts were occurring.  *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

As with the municipal liability claim, Plaintiff's supervisory liability claim against Former Rochester Police Chief Ciminelli is entirely conclusory.  He sets forth no facts establishing that the Chief (1) was directly involved in the violation of Plaintiff's rights, (2) was made aware, by report or appeal, of the alleged violation, (3) created a policy which resulted in the alleged violation; (4) directly supervised any of the officers, let alone exhibited "gross negligence" in supervising them; or (5) was deliberately indifferent to the possibly that Plaintiff would be harmed.  Indeed, Plaintiff sues Chief Ciminelli because he is the highest ranking member of the Rochester Police

Department—but this is an insufficient basis upon which to establish liability.  *See McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977) ("The fact that [the Corrections Commissioner] was in a high position of authority is an insufficient basis for the imposition of personal liability.").[2]  Plaintiff's claims against Chief Ciminelli fail.

### Supervisory/Liability Claim-Chief MICHAEL CIMINELLI

Plaintiff has also named former Police Chief, Michael Ciminelli, in his individual capacity.  "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).  None of the requirements for imposing liability against Michael Ciminelli or the City of Rochester are present on this record.  Accordingly, Plaintiff has failed in his required showing of demonstrating evidence of a constitutionally violative policy or deliberate indifference to known violations posed by the Defendants.

### III. The Claim for Abuse of Process Fail

The legal standard of establishing liability for malicious abuse of process under § 1983 was set out by the U.S. District for the Southern District of New York.  See *Peter L. Hoffman & Lotte, LLC v. Town of Southampton*, 893 F. Supp. 2d 438.   "A plaintiff may assert a malicious abuse of process claim where a defendant: (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse [or] justification, and (3) in order to obtain a

---

[2] Because Plaintiff's claims for municipal liability and supervisory liability set forth in Count VIII and IX of the Complaint fail, his request for declaratory relief related to that Count should also be dismissed.

collateral objective that is outside the legitimate ends of the process." *Savino v. City of New York*, 331 F.3d 63, 68 (2d Cir. 2003),

The third prong of the test for malicious abuse of process is where Plaintiff's claim fails.   The Second Circuit has stated that defendant must have abused the process "in order to obtain a collateral objective that is outside the legitimate ends of the process." Id. at 67.  To satisfy the third element of malicious abuse of process element, the Second Circuit distinguishes between a "malicious motive" and an "improper purpose"; stating that only improper purpose is sufficient to meet the "collateral objective" prong of the abuse of process standard. Id. at 77. ("In order to state a claim for abuse of process, a plaintiff must establish that the defendants had an improper purpose in instigating the action. . . . '[I]mproper motive is not enough.'" (quoting *Dean v. Kochendorfer*, 237 N.Y. 384, 390, 143 N.E. 229 (1924)));  See also *Roeder v. Rogers,* 206 F. Supp. 2d 406, 414 (W.D.N.Y. 2002).

Here, in Plaintiff's sixth cause of action, Plaintiff recites the appropriate cause of action and elements but does not plead a collateral objective beyond pure speculation and without improper purpose outside of the normal initiation of a criminal proceeding. Plaintiff states in this cause of action that Defendants issued criminal process to avoid discipline, the very discipline Plaintiff claims does not exist within the Rochester Police Department.   Plaintiff admits in this paragraph that police officer Defendants arrested Plaintiff and states that he was prosecuted to cover-up the false arrest of the Plaintiff—a circular argument which is insufficient to support a malicious abuse of process claim. Plaintiff also claims the arrest and prosecution were of the purpose of retaliation, not specifying retaliation for what.   The Court in *Savino* states that retaliation and bad

motive is not enough to sustain a cause of action for malicious abuse of process. Id. at 77.

Plaintiff's Fourth and Fifth Causes of Action under Malicious Prosecution and Denial of Right to a Fair Trial are duplicative in their allegations to the above cause of action for Malicious Abuse of Process and should be dismissed.

## IV. PLAINTIFF HAS FAILED TO PRESENT FACTS DEMONSTRATING CONSPIRACY BETWEEN ANY OF THE NAMED PARTIES/ENTITIES

In Plaintiff's Third Cause of Action he alleges Defendants, Officers Ferrigno and Giancursio, and all City Defendants conspired to violate his constitutional rights.  "To prove a § 1983 conspiracy [claim], a plaintiff must show: (1) an agreement between two or more state actors, or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999);  *Bussey v. Phillips*, 419 F. Supp. 2d 569, 586 (S.D.N.Y. 2006).  There is absolutely no evidence in the record regarding collusion between any of the named parties, entities or agencies involved in this matter.  This allegation is nothing more than gross speculation without any evidentiary support. None of the above-referenced elements are presently satisfied.

More importantly in this motion to dismiss, "[A] conspiracy [under 42 U.S.C. § 1985(3)] must be motivated by some class-based animus."  *Hawkins v. County of Oneida*, 497 F. Supp.2d 362, 379 (N.D.N.Y. 2007).  "In order for [plaintiff's] complaint to state a cognizable claim under the pertinent provisions of section 1985, it had to allege that he was a member of a protected class, that the defendants conspired to deprive

him of his constitutional rights, that the defendants acted with class-based, invidiously discriminatory animus, and that he suffered damages as a result of the defendants' actions." *Gleason v. McBride,* 869 F.2d 688, 694-95 (2d Cir. 1989). Plaintiffs have neither properly pled conspiracy nor offered any evidence of class-based animus in this case.

Further and critical, "officers, agents, and employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring with each other." *Crews v. County of Nassau*, 2007 U.S. Dist. LEXIS 94597 (Dec. 27, 2007). The doctrine of intra-corporate conspiracy applies to defendants who serve in the same police department, such is the case presently. *Chaudhuri v. Green.* 689 F.Supp 2d. 438, 453 (W.D.N.Y. 2010).

Accordingly, the Plaintiff's third cause of action, conspiracy claim, should be dismissed.

## V.    CAUSE OF ACTION FOR FAILURE TO INTERVENE MUST BE DISMISSED

In this case, Plaintiff alleges that Officers Ferrigno, Giancursio, Wiater, Muscato and Former Police Chief Michael Ciminelli failed to intervene. It is acknowledged that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence. *See O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988). An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: (1) that excessive force is being used, *see O'Neill*, 839 F.2d at 11-12; (2) that a citizen has been unjustifiably arrested, *see Gagnon v. Ball*, 696 F.2d 17, 21 (2d Cir. 1982); or (3) that any

constitutional violation has been committed by a law enforcement official, *see O'Neill*, 839 F.2d at 11. In order for liability to attach, there must have been a realistic opportunity to intervene to prevent the harm from occurring. *See id.* at 11-12. The Amended Complaint acknowledges that when the force was being used and the Plaintiff was being arrested by Officer Ferrigno, there was no other law enforcement officer present. The arrest occurred in the backyards between 9, 7 and 5 Immel Street. The law would not recognize an officer having to intervene on himself; therefore Officer Ferrigno should be dismissed from this cause of action. Additionally no other officer was present and thus the essential element of a realistic opportunity to intervene cannot attach to Officers Giancursio, Wiater, Muscato and Ciminelli. The officers and the former police chief were simply not present when the alleged violations were taking place against Plaintiff.

Plaintiff attempts to support this claim against Ciminelli by again alleging an extensive history of complaints and propensity to give false statements but this is completely unsubstantiated by any allegation contained in the Plaintiff's Amended Complaint.  *.*

**CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court grant their motion to dismiss, including dismissal against the City of Rochester and Michael Ciminelli, with prejudice, and provide such additional and further relief as the Court deems appropriate.