# EXHIBIT C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SILVON S. SIMMONS,

            Plaintiff,           **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION AND TANGIBLE THINGS**

vs.

                                    17-CV-6176-MAT-MWP

JOSEPH M. FERRIGNO, II, SAMUEL
GIANCURSIO, MARK WIATER,
CHRISTOPHER MUSCATO, ROBERT
WETZEL, MICHAEL L. CIMINELLI,
JOHN DOES 1-20, CITY OF ROCHESTER,
SHOTSPOTTER, INC., SST, INC.,
JOHN DOES 21-30 and PAUL C. GREENE,

            Defendants.

---

Plaintiff Silvon S. Simmons (hereinafter "Plaintiff"), by and through his attorneys, Burkwit Law Firm, PLLC, demands that pursuant to FRCP 34, Defendants produce and permit discovery, inspection, copying, testing or sampling by BURKWIT LAW FIRM, PLLC, attorney for the plaintiff of the documents, electronically stored information or objects hereinafter described. The documents, electronically stored information or objects shall be produced at the offices of BURKWIT LAW FIRM, PLLC, 16 East Main Street, Suite 450, Rochester, New York 14614 within thirty (30) days after being served with this request.

1

## **INSTRUCTIONS**

1. In producing documents requested herein, you shall produce documents in full, without abridgment, abbreviation or expurgation of any sort.

2. All documents shall be segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein.

3. All documents requested herein as to which you withhold production on the basis of a claim of privilege or statutory authority shall be listed in accordance with the procedure described in instruction 2 above and shall be identified by: a) author(s); b) addressee(s); c) date; d) type of document; e) subject matter; f) number of pages; g) number of attachments or appendices; h) indicated or blind copies; i) all persons to whom shown or explained; j) present custodian; and k) factual or legal basis for claimed privilege, or specific statutory authority which provides the claimed base for non-production.

4. All documents requested herein which have been destroyed, placed beyond your control, or otherwise disposed of shall be identified by: a) author(s); b) addressee(s); c) date; d) type of document; e) subject matter; f) number of pages; g) number of attachments or appendices; h) indicated or blind copies; i) all persons to whom distributed, shown or explained; j) date of destruction or other disposition; k) reason for destruction or other disposition; l) person authorizing destruction or other disposition; m) person destroying or otherwise disposing of document; and n) if not destroyed, person in possession of document otherwise disposed of.

2

## DEFINITIONS

For purposes of this Request for Production of Documents, the following definitions shall apply unless otherwise specifically indicated:

1. The word "document" shall mean any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletyped messages, computer generated matter, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer printouts, schedules, affidavits, contracts, transcripts, surveys, graphic representations of any kind, photographs, graphs, microfilm, video tapes, tape recordings, motion pictures or other film.

2. "Person" means any natural person or any legal entity, including, but not limited to, a corporation, partnership and unincorporated association, and any officer, director, employee, agent or other person acting or purporting to act on its behalf.

3. "And" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of each request all documents which might otherwise be construed to be outside its scope.

4. The term "and/or" is to be read in both the conjunctive and disjunctive and shall serve as a request for information which would be responsive under a conjunctive reading in addition to all information which would be responsive under a disjunctive reading.

5. "Each" includes both "each" and "every."

6. The singular and masculine gender shall, respectively, include the plural and

3

feminine gender, and vice versa.

7. "You" and "your" shall mean yourself and all other persons acting or purporting to act on your behalf.

8. "Relating to" and "relates to" mean, without limitation, relating to, concerning, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explain.

9. "Communication" or "communications" includes, without limitation, in-person or telephone conversations, facsimiles, letters, electronic mail, telegrams, telexes, tapes or other sound recordings, or other means of transmitting information from one source to another.

10. "Plaintiff" - The term "Plaintiff" refers to Silvon S. Simmons.

11. "Defendants" - The term "Defendants" in the context of this case refers to Joseph M. Ferrigno, II, Samuel Giancursio, Mark Wiater, Christopher Muscato, Robert Wetzel, Michael L. Ciminelli, John Does 1-20, City of Rochester, Shotspotter, Inc., SST, Inc., John Does 21-30 and Paul C. Greene.

12. These requests for production of documents, electronically stored information and tangible things cover the period of time up to the date of your response and continuing, to the extent Rule 26(e) requires. In the event that any information or any documents, electronically stored information and tangible things come to your attention, possession, custody, or control subsequent to the filing of your responses to these document requests, which materials or information are responsive to any document request, but which were not included in your initial response thereto, please furnish said additional information materials to attorneys for plaintiff as soon as possible.

## REQUEST FOR PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION AND TANGIBLE THINGS DIRECTED TO DEFENDANTS JOSEPH M. FERRIGNO, II, SAMUEL GIANCURSIO, MARK WIATER, CHRISTOPHER MUSCATO, ROBERT WETZEL, MICHAEL L. CIMINELLI, JOHN DOES 1-20 AND CITY OF ROCHESTER

1. Any and all written memoranda, records reports, photos, video, correspondence, notes, documents, emails, electronically stored information, data or other writings or other information pertaining to all incidents described in the Plaintiff's Complaint, including but not limited to the following items:

   (a) All records, reports, notes, correspondence, incident reports, supporting depositions, MCAC bulletins, wanted board records/postings, roll call information, email correspondence, photos, videos and documents concerning a menacing suspect named Ivory Golden for the period April 1, 2015 through the present in the possession of the City of Rochester and/or City of Rochester Police Department, including but not limited to all supporting depositions of Shamarra Baxtrom;

   (b) All records, reports, correspondence, documents, email correspondence and documents, audio, video, photos, videos, memos, notes, traffic tickets and/or citations issued concerning a traffic stop Officers Joseph M. Ferrigno, II and Samuel Giancursio allegedly made on April 1, 2016 at approximately 9:03 p.m. which involved a 1994 Saturn, NY plate HDN3261, in the vicinity of 1384 Lyell Avenue, Rochester, New York, including a copy of any traffic tickets or citations issued to Jada McInnis and/or Dontez Williams on or about April 1, 2016;

   (c) All records, printouts, memos, notes, messages and electronically recorded and/or stored information created, typed, stored and/or inputted in the police car computers by Officers Joseph M. Ferrigno, II, Samuel Giancursio and Dylan Minnick in the Mobile Data Terminal PDF on April 1, 2016 between 8:00 p.m. and 9:30 p.m.;

   (d) All records, reports, data, memos, maps, charts, email correspondence and documents sent to and/or generated from the City of Rochester's automated

5

vehicle locator system (AVLS), Trackstar, AVLS database/server and gps data recorded for the police vehicles which were operated by Officers Joseph M. Ferrigno, II, Samuel Giancursio, Christopher Muscato, William Gallagher, William Wagner and Patrick Giancursio, Whitney Unrath, Amy Baurer, Mark Wiater, Michael DiMauro, Dylan Minnick and Joseph Zampatori on April 1, 2016 between 6:00 p.m. and 9:30 p.m.;

(e) A list of all physical evidence seized, viewed or photographed;

(f) The results of police examinations, analyses or tests on all physical evidence;

(g) Any and all photographs, videos, diagrams, drawings, maps, measurements and memoranda created and/or recorded concerning the April 1, 2016 incident, the scene and/or the physical evidence seized therefrom including all body worn camera video;

(h) Any and all general investigative reports, including all reports and statements made by members of the Rochester Police Department and the City of Rochester, the Professional Standards Section Investigative Summaries, all documents, memos and reports provided to the Civilian Review Board concerning the April 1, 2016 incident, decisions or determinations rendered by the Civilian Review Board concerning the April 1, 2016 incident and a copy of any Police Chief Review rendered concerning the April 1, 2016 incident;

(i) Any and all statements obtained by the Rochester Police Department, including statements obtained by any psychologist/s retained by the Rochester Police Department from Officers Joseph M. Ferrigno, II and/or Samuel Giancursio concerning the April 1, 2016 incident;

(j) Any and all records, reports, memos, testimony and witness statements obtained concerning the April 1, 2016 incident including, but not limited to, all written, recorded and/or transcribed statements and/or testimony obtained from witnesses and City of Rochester Police Officers through the Professional Standards Section and Grand Jury proceedings;

(k) Any and all records, reports and documents concerning internal investigation of civilian complaints arising out of the April 1, 2016 incident;

(l) Any and all reports, records and test results received from the Monroe County Crime Lab, including but not limited to the DNA profile obtained from the

6

recovered Ruger Handgun, the exclusion of Plaintiff as a possible contributor to the major component of the DNA mixture obtained from the Ruger handgun, fingerprint testing, all testing performed on the Ruger handgun, the history of the Ruger handgun, testing of Plaintiff's clothing for gunpowder residue and any requests made for gunpowder residue testing of Plaintiff and/or his clothing;

(m) Any and all mug shots or other photographs of Plaintiff Silvon S. Simmons;

(n) Any and all medical records or other records regarding the treatment of Plaintiff Silvon S. Simmons;

(o) Any and all medical records or other records regarding the treatment of any injuries, physical or psychological, sustained by Defendants, if any;

(p) Any and all written or otherwise recorded statements of Plaintiff Silvon Simmons and any civilian witnesses to the incident;

(q) Any and all written or otherwise recorded statements of defendants, including the notes taken by the interviewer;

(r) Any and all written or otherwise recorded statements of any police officers or other persons who were witnesses, including but not limited to those identified in paragraph i in Plaintiff's FRCP 26(a)(1) Initial Disclosures, to the incident, the investigation or had any contact with any Rochester police officer who investigated this case;

(s) Copy of all rules, policies, procedures, guidelines, training manuals and general orders of the City of Rochester Police Department which were in effect on April 1, 2016 concerning police pursuits, stops, arrests, searches and seizures, use of force including use of deadly force, discharge, possession and use of firearms, investigations and disciplinary procedures following findings of excessive use of force amd/or deadly force used by an officer in violation of departmental guidelines;

(t) Copy of all rules, procedures, guidelines and general orders of the City of Rochester Police Department which were in effect on April 1, 2016 concerning collection and preservation of evidence, steps to be followed after an officer involved shooting occurs including, but not limited to, gun powder

7

residue testing of suspects, their clothing and recovered weapons which were allegedly discharged;

(u) Copy of all rules, procedures, guidelines and general orders of the City of Rochester Police Department which were in effect on April 1, 2016 concerning justification for shooting a suspect, handling suspects who have been shot or injured and procedures for taking them into police custody after a shooting;

(v) Copy of all rules, procedures, guidelines and general orders of the City of Rochester Police Department which were in effect on April 1, 2016 concerning preservation of evidence and a crime scene following an officer involved shooting;

(w) Copy of all rules, procedures, guidelines and general orders of the City of Rochester Police Department which were in effect on April 1, 2016 concerning testing a suspect's hands, body or clothing for gun powder residue and in cases where a shooting suspect makes an explicit request that such be performed;

(x) Copy of any records, writings, memos, photos or audio recordings concerning any requests made by Plaintiff Silvon Simmons to be tested for gunshot residue after the April 1, 2016 incident occurred;

(y) Copy of all searches, inquiries and interviews performed and/or witness statements obtained concerning the custody, registration, ownership and/or possession of the Sturm Ruger P85 9mm handgun, serial number 301-07245, which was allegedly discovered and taken into police custody before, during or after the April 1, 2016 incident;

(z) Copy of any searches performed on, inquiries made and/or statements obtained from any person concerning the DNA obtained from the Sturm Ruger P85 9mm handgun, serial number 301-07245, which was allegedly discovered and taken into police custody during or after the April 1, 2016 incident;

(aa) Copy of all data, electronically stored information, reports, records, notes, memos, correspondence and documents stored in and generated from the ShotSpotter Flex user interface on any and all PCs at the City of Rochester

8

and/or City of Rochester Police Department including, but not limited to, the RPD's dispatch facility concerning the April 1, 2016 incident;

(bb) All data, records, maps, electronically stored data, reports, notes, correspondence and documents indicating the geographic areas where the Shotspotter acoustic sensors #8, 10, 11 and 28 were deployed/located as designated by the City of Rochester and/or City of Rochester Police Department on April 1, 2016;

(cc) All information contained in the files, computer and/or computers maintained by the internal affairs division of the City of Rochester Police Department or any other division of the City of Rochester Police Department including, but not limited to, PSS Investigative Summaries, Civilian Review Board determinations and Police Chief Reviews, concerning complaints made against Defendants Joseph M. Ferrigno, II, Samuel Giancursio, Mark Wiater, Christopher Muscato, Robert Wetzel and Michael L. Ciminelli, including but not limited to the information that is retrievable by computer code;

(dd) All information contained in the files, computer and/or computers maintained by the internal affairs division of the City of Rochester Police Department or any other division of the City of Rochester Police Department including, but not limited to, PSS Investigative Summaries, Civilian Review Board determinations and Police Chief Reviews, concerning all complaints made against any City of Rochester Police Department officer for the past 10 years for excessive use of force and/or deadly force, including but not limited to the information that is retrievable by computer code;

(ee) All information contained in the files, computer and/or computers maintained by the internal affairs division of the City of Rochester Police Department or any other division of the City of Rochester Police Department including, but not limited to, PSS Investigative Summaries, Civilian Review Board determinations and Police Chief Reviews, concerning all complaints made against City of Rochester Police Department Officers Anthony Liberatore, Patrick Giancursio, Thomas Rodriguez, Alexander Baldauf, Mario Masic and the officers involved in the arrest of Lentorya Parker, including Officers Jonathan Marsh, Daniel Rizzo, Edward First, Andrew Bostick and Joel Hasper, for excessive use of force and/or deadly force, including but not limited to the information that is retrievable by computer code;

9

(ff) Any and all records, reports, documents and/or other writings relating to injuries sustained by any civilian during or as a result of an encounter or arrest conducted by Defendants Joseph M. Ferrigno, II and/or Samuel Giancursio;

(gg) All records concerning access by any City of Rochester Police Department officer to criminal information services regarding Plaintiff Silvon S. Simmons during the last 10 years;

(hh) Every document which makes reference to Plaintiff Silvon S. Simmons or the incident referred to in Plaintiff's Complaint, whether Plaintiff's name is specifically mentioned or not;

(ii) Copies of any and all written and/or recorded statements of any of the parties to this action concerning the April 1, 2016 incident;

(jj) Copies of any and all written and/or recorded statements within the possession of the City of Rochester, the Rochester Police Department and/or their officers or representatives concerning the April 1, 2016 incident which occurred in the vicinity of 9 Immel Street in the City of Rochester, New York;

(kk) Copy of any and all photographs and/or video showing Plaintiff and/or any of the Defendants on April 1, 2016;

(ll) Any and all written and/or electronically recorded statements of any of the Defendants which were submitted to the Monroe County District Attorney's Office concerning the criminal charges which were brought against Plaintiff arising from and/or following the April 1, 2016 incident;

(mm) Any and all written, transcribed and/or electronically recorded unredacted statements of any witnesses to the April 1, 2016 incident involving Plaintiff Silvon S. Simmons.

### REQUEST FOR PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION AND TANGIBLE THINGS DIRECTED TO DEFENDANTSSHOTSPOTTER, INC., SST, INC., JOHN DOES 21-30 AND PAUL C. GREENE

2. Any and all written memoranda, records, reports, photos, videos,

correspondence, notes, documents, emails, electronically stored information, records, memos, data, writings, drawings, graphs, sound recordings, audio, images, data compilations or other information pertaining to all incidents described in the Plaintiff's Complaint, including but not limited to the following items:

    (a) All Shotspotter alerts from the Shotspotter system installed in the City of Rochester, New York and any response by the City of Rochester or the Rochester Police Department to such alerts from April 1-7, 2016, as well as all records of all communications between said parties regarding such incident/s;

    (b) Any and all documents, electronically stored information, records, notes, emails, data, writings, drawings, graphs, charts, photographs, sound recordings, audio, video, images, data compilations and other data from SST, Inc. and/or Shotspotter, Inc. concerning gunfire detected and/or reported in the vicinity of 5-7 Immel Street in Rochester, New York on April 1, 2016 between 7:30 p.m. and 9:30 p.m.;

    (c) Any and all documents, electronically stored information, records, notes, emails, data, writings, drawings, graphs, charts, photographs, sound recordings, audio, video, images, data compilations and other data from SST, Inc. and/or Shotspotter, Inc. concerning the alleged April 1, 2016 incident on April 1, 2016 between approximately 9:00 p.m. and 9:15 p.m. as alleged in the Complaint;

    (d) Copy of all data, documents, records, audio, video, photos and electronically stored information including but not limited to, the "sensor audio spool" for Shotspotter Incident/Flex ID# 140660 involving the April 1, 2016 officer involved shooting in the vicinity of 9 Immel Street in Rochester, New York;

    (e) Copy of all data, documents, records, notes, audio, sound recordings, video and electronically stored information obtained from SST/Shotspotter Sensors 8, 10, 11, 28 and other sensor/s including a copy of the corresponding audio clips for Shotspotter Incident/Flex ID# 140660 involving the April 1, 2016 officer involved shooting in the vicinity of 9 Immel Street in the City of Rochester, New York;

11

(f) Copy of all data, documents, records, audio, video, photos and electronically stored information obtained from SST/Shotspotter Sensors 8, 10, 11, 28 in the City of Rochester, New York, including a copy of the corresponding audio clips, for all gunfire activity from April 1, 2015 through April 1, 2016;

(g) Any and all reports, documents, records, memos, emails, correspondence, data, audio, video and information received by the SST/Shotspotter Location Server concerning possible gunshot sounds related to the April 1, 2016 officer involved shooting;

(h) Any and all reports, records, audio, data, video, photos, emails, memos, notes, correspondence and information concerning the April 1, 2016 incident which was transferred to the SST Service Operations Center and reviewed by a human operator for classification accuracy;

(i) Any and all reports, records, audio, data, video, photos and information concerning the April 1, 2016 incident which was published to the City of Rochester and/or City of Rochester Police Department's user interface, also known as the Flex Alert Console, including the date and time said information was published;

(j) Copy of the applicable laws of physics and acoustic propagation which the operation of ShotSpotter is understandably subject to;

(k) Any and all reports, records, audio, data, video, photos and information concerning the accuracy of ShotSpotter and why SST, Inc. does not guarantee 100% detection;

(l) Copy of all data, documents, notes, memos, correspondence, emails, records, writings, audio, video, photos and electronically stored information reviewed by, created by or authored by Robert Bresler and any other incident reviewers concerning the April 1, 2016 incident and identified as Flex ID #140660;

(m) Copy of all data, documents, notes, memos, correspondence, emails, records, writings, audio, video, photos and electronically stored information reported to the ShotSpotter operator concerning the April 1, 2016 incident and identified as Flex ID #140660;

(n) Copy of all documents and electronically stored information which identifies the MD5 hash, a 16 character string of alphanumeric characters, and all new MD5 hash characters recorded to the SST, Inc. and or ShotSpotter, Inc. server/database concerning the April 1, 2016 incident at issue in this litigation;

(o) All records, documents, correspondence, memos, notes, email communications, alerts, recordings, data, video, photos and electronically stored information which SST, Inc. and/or Shotspotter, Inc. received from the City of Rochester and/or City of Rochester Police Department and any of their employees or representatives concerning the April 1, 2016 officer involved shooting incident as alleged in the Complaint;

(p) All records, documents, correspondence, memos, notes, email communications, alerts, recordings, data, video, photos and electronically stored information which SST, Inc. and/or Shotspotter received from or sent to the City of Rochester and/or City of Rochester Police Department and/or any of their employees or representatives concerning the Johnny Blackshell shooting incident on August 19, 2015 in Rochester, New York including all initial, revised and final Shotspotter reports concerning the shooting incident, all requests to SST/Shotspotter to look for more gunfire shots, modify any report and all requests for a forensic analysis of the incident;

(q) All records, reports and documents in the possession of SST/Shotspotter where "pulse mismatch" occurred in the location and detection of gunfire activity and how those locations were corrected from April 1, 2015 through the present;

(r) All records, reports, correspondence, notes, memos, emails and requests made independently or by customer request to correct, alter, change or modify an alert, report and/or data generated by SST, Inc. and/or ShotSpotter, Inc. concerning gunfire activity and/or location thereof during the period April 1, 2015 through the present;

(s) Copy of all contracts and/or agreements between SST, Inc., Shotspotter, Inc., the City of Rochester and/or City of Rochester Police Department to provide gunshot detection services to the City of Rochester from 2005 through the present;

(t) Copy of all notes, emails, correspondence, reports and requests made to and received from any and all cloud server companies and hosting facilities which

13

SST/Shotspotter utilized on April 1, 2016 concerning the storage of data, audio and other information concerning the April 1, 2016 incident;

(u) Copy of all contracts and/or agreements which were in effect on April 1, 2016 between SST, Inc. and/or ShotSpotter, Inc. and any and all cloud server companies and hosting facilities for data, audio and/or information storage services;

(v) Copy of all contracts and/or agreements which were in effect on April 1, 2016 between SST, Inc. and/or ShotSpotter, Inc. with any company and/or hosting facility to run server equipment computers that operate the Shotspotter system;

(w) Copy of all notes, correspondence, emails, reports, retainer agreements and requests received from or sent to the Monroe County District Attorney's Office concerning providing evidence and testimony in the criminal case The People of The State of New York v. Silvon S. Simmons, Monroe County Court Ind. No. 2016-0404;

(x) Copy of original Shotspotter file, data and audio that was recorded by SST/Shotspotter when the April 1, 2016 incident occurred; and

(y) Copy of procedures, instructions and/or guidelines for downloading audio manually from the SST/Shotspotter system.

### REQUEST FOR PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION AND TANGIBLE THINGS DIRECTED TO ALL DEFENDANTS

3. Any and all written memoranda, records, reports, photos, videos, correspondence, notes, documents, emails, electronically stored information, data or other writings or other information pertaining to all incidents described in the Plaintiff's Complaint, including but not limited to the following items:

(a) Any and all reports, correspondence, notes, emails or records of radio calls and audio files regarding the alleged April 1, 2016 incident and any gunshots reported within two (2) hours prior to the alleged police involved shooting at

14

issue in the vicinity of Jay Street and Immel Street in the City of Rochester, including but not limited to calls made to and/or received from the Rochester Police Department, 911, Rochester/Monroe Emergency Communications Department, Rural Metro Ambulance, SST, Inc. and Shotspotter, Inc.;

(b) Any and all reports, records, emails, correspondence, memos, notes and documents exchanged between any member, employee or representative of the City of Rochester Police Department, City of Rochester, SST, Inc. and/or Shotspotter, Inc. concerning gunfire activity on April 1, 2016 prior to 9:00 p.m. in the vicinity of Immel Street and Jay Street in the City of Rochester;

(c) Any and all reports, records, emails, correspondence, memos, notes and documents exchanged between any member, employee or representative of the City of Rochester Police Department, City of Rochester, SST, Inc. and/or Shotspotter, Inc. concerning the alleged April 1, 2016 incident and all gunfire activity on April 1, 2016 subsequent to 9:00 p.m. in the vicinity of Immel Street and Jay Street in the City of Rochester;

(d) Any and all reports, records, emails, correspondence, memos, notes and documents exchanged between any member, employee or representative of the City of Rochester Police Department, City of Rochester, SST, Inc. and/or Shotspotter, Inc. providing information about the location and/or time of the April 1, 2016 officer involved shooting, the persons involved, the weapon/s allegedly fired and number of shots fired;

(e) Any and all reports, records, emails, correspondence, memos, notes and requests exchanged between any member, employee or representative of the City of Rochester Police Department, City of Rochester, SST, Inc. and/or Shotspotter, Inc. concerning searching for gunshots and/or additional gunshots on the Shotspotter system concerning the April 1, 2016 officer involved shooting, requests to search for additional gunshots and/or modification of SST Detailed Forensic Reports to include additional gunshots;

(f) Any and all reports, records, emails, audio, video, correspondence, memos, notes and documents concerning editing, modifying, deleting and/or destruction of any audio file and/or spool containing sounds and/or other information pertaining to the April 1, 2016 officer involved shooting which is the subject of this action; and

(g) Copy of all documents, emails, memos, notes, correspondence, instructions, manuals, instructions and guidelines concerning audio files which were edited and/or deleted by either the Rochester Police Department or SST/Shotspotter concerning the April 1, 2016 incident.

Dated: January 27, 2020

BURKWIT LAW FIRM, PLLC

*[signature: Charles F. Burkwit]*

Charles F. Burkwit, Esq.
Attorneys for Plaintiff Silvon S. Simmons
16 East Main Street, Suite 450
Rochester, New York 14614
(585) 546-1588
burkwitesq@aol.com

TO: TIMOTHY R. CURTIN
CORPORATION COUNSEL
John M. Campolieto, Esq., of counsel
Attorneys for Defendants Joseph M. Ferrigno, II,
Samuel Guiancursio, Mark Wiater, Christopher
Muscato, Robert Wetzel, Michal L. Ciminelli,
John Does 1-20 and City of Rochester
City Hall Room 400A, 30 Church Street
Rochester, New York 14614-7741
(585) 428-6812
campolj@cityofrochester.gov

BARCLAY DAMON, LLP
Paul A. Sanders, Esq.
Attorneys for Defendants Shotspotter, Inc.
SST, Inc. and Paul C. Green
2000 Five Star Bank Plaza
100 Chestnut Street
Rochester, New York 14604
(585) 295-4426
PSanders@barclaydamon.com

16

KILPATRICK TOWNSEND & STOCKTON, LLP
Jordan Trent Jones, Esq., of counsel to Barclay Damon, LLP
1080 Marsh Road
Menolo park, California 94025
(650) 326-2400
jtjones@kilpatricktownsend.com

KILPATRICK TOWNSEND & STOCKTON, LLP
Benjamin M. Kleinman, Esq., of counsel
to Barclay Damon, LLP
Two Embarcadero Center, Suite 1900
San Francisco, California 94111
(415) 576-0200
bkleinman@kilpatricktownsend.com

17