UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SILVON S. SIMMONS,

                        Plaintiff,

v.

JOSEPH M. FERRIGNO, II, et al.,

                        Defendants.
_____

<u>DECISION & ORDER</u> and
<u>AMENDED SCHEDULING ORDER</u>

17-CV-6176FPG

Silvon S. Simmons ("Simmons") filed this action against the City of Rochester, and its employees Joseph M. Ferrigno, II, Samuel Giancursio, Mark Wiater, Christopher Muscato, Robert Wetzel, Michael L. Ciminelli (collectively, "City Defendants"), and against Shotspotter, Inc., SST, Inc., and Paul C. Greene (collectively, "Shotspotter Defendants")[1] asserting claims pursuant to 42 U.S.C. § 1983 and various state law claims arising out of Simmons's arrest on April 1, 2016, and his subsequent prosecution. (Docket # 10). Currently pending before this Court is Simmons's motion to compel the City Defendants to provide responses to discovery demands he propounded on January 27, 2020, and for an extension of the scheduling order and an award of costs associated with the motion. (Docket # 55).

        Specifically, Simmons seeks an order compelling the City Defendants to respond to the request for documents he propounded on January 27, 2020. (Docket # 55-1 at ¶¶ 12-13). According to Simmons, the City Defendants have ignored his repeated attempts to confer regarding his discovery requests and their responses remain outstanding. (*Id.* at ¶ 14).

---

[1] Simmons also sued various John Doe defendants. (Docket # 10).

On September 4, 2020, this Court issued a motion scheduling order requiring the City Defendants to respond to Simmons's motion to compel by no later than September 25, 2020, and scheduling oral argument for October 20, 2020. (Docket # 56). The City Defendants did not oppose the motion. Having received no opposition from the City Defendants, the Court hereby cancels the oral argument.

Failure to oppose a pending motion may be fairly construed as a lack of opposition to the requested relief or as a waiver of the party's right to be heard in connection with the motion. *See*, *e.g.*, *TCPIP Holding Co. v. Haar Commc'ns Inc.*, 2004 WL 1620950, *4 (S.D.N.Y. 2004) (defendant's failure to respond to motion was sufficient basis to grant motion by default); *Loew v. Kolb*, 2003 WL 22077454, *1 (S.D.N.Y. 2003) (same). In this case, the motion scheduling order afforded the City Defendants sufficient time to respond to the pending motion. The City Defendants have failed to oppose the motion and have not contacted the Court to request an extension of the deadline to file a response to the motion. Accordingly, Simmons's motion to compel is granted on the grounds that it is unopposed, and the City Defendants are ordered to provide written responses and produce documents responsive to Simmons's document demands by no later than **October 30, 2020**. The Court declines to award costs in connection with the motion, although the City Defendants are cautioned that any further non-compliance with court-ordered deadlines or other obligations may result in the imposition of sanctions, including the striking of their answer and/or monetary sanctions.

Simmons also requests a 120-day extension of the current scheduling order. (Docket ## 53, 55). In response, the Shotspotter Defendants requested that any extension granted by the Court be limited to 60 days. (Docket # 57). As noted above, the City Defendants have not responded to the pending motion.

For the reasons explained above, Simmons's motion to compel and for an extension of the scheduling order and costs **(Docket # 55)** is **GRANTED in part and DENIED in part**. **The City Defendants are directed to provide written responses and produce documents responsive to Simmons's document demands by no later than October 30, 2020.** It is further

ORDERED, that this Court's April 14, 2020 Amended Scheduling Order (Docket # 53) shall be amended as follows:

1. All factual discovery in this case, including depositions, shall be completed on or before **December 7, 2020**. All motions to compel discovery shall be filed by **February 26, 2021**.

2. Plaintiff shall identify any expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(A) and provide reports pursuant to Rule 26(a)(2)(B) and/or disclosures pursuant to Rule 26(a)(2)(C) by **December 28, 2020**. Defendants shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by **January 25, 2021**. Parties shall complete all discovery relating to experts, including depositions, by **February 8, 2021**.

3. Dispositive motions, if any, shall be filed no later than **April 19, 2021**. Unless a consent to proceed before this Court has been filed, such motions shall be made returnable before Chief Judge Geraci.

4. A <u>trial date status conference</u> pursuant to Fed. R. Civ. P. Rule 16(e) and Local Rule 16 will be held, if necessary, at a date and time to be determined by the trial judge after determination of dispositive motions. If no dispositive motions are filed, counsel shall **<u>immediately</u>** contact the trial judge so that a trial date status conference can be scheduled.

At least seven (7) days prior to the trial date status conference, the parties shall file a joint case status report setting forth the information described below. If the parties disagree as to the information to be provided, the report must set forth their different responses. The joint status report shall contain:

(1) <u>Nature of the Case</u>: Set forth a brief description of the action, identifying the parties, all counsel of record, the relief requested, any affirmative defenses and any relationship the case may have to other pending actions.

(2) <u>Motion Practice</u>: Are any motions, dispositive or non-dispositive, pending? If so, briefly describe the motion. Explain if additional motion practice is necessary before the matter is ready to be tried.

(3) <u>Settlement</u>: Describe the status of settlement negotiations. If the parties believe a court supervised settlement/mediation conference would be of assistance in resolving the case or narrowing disputed issues, please state.

(4) <u>Trial</u>: State whether the case is ready for trial. If not, explain why. Set forth an estimate of how long the trial will take and whether the case is jury or non-jury.

No extension of the above cutoff dates will be granted except upon written application, made <u>prior to the cutoff date</u>, showing good cause for the extension. Application for extensions should be made to the Magistrate Judge. Joint or unopposed requests to extend the deadlines set forth in this order need not be made by formal motion, but rather may be sought in

a letter to the court.  Letter requests must detail good cause for the extension and propose new deadlines.

**IT IS SO ORDERED.**

                                                      *s/Marian W. Payson*
                                                     MARIAN W. PAYSON
                                         United States Magistrate Judge

Dated:  Rochester, New York
        October 13, 2020