UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SILVON S. SIMMONS,

              Plaintiff,                       **AFFIDAVIT**

      vs.                                    **17-CV-6176-FPG-MWP**

JOSEPH M. FERRIGNO, II, SAMUEL
GIANCURSIO, MARK WIATER,
CHRISTOPHER MUSCATO, ROBERT
WETZEL, MICHAEL L. CIMINELLI,
JOHN DOES 1-20, CITY OF ROCHESTER,
SHOTSPOTTER, INC., SST, INC.,
JOHN DOES 21-30 and PAUL C. GREENE,

              Defendants.
_____

STATE OF NEW YORK)
COUNTY OF MONROE)    SS:

        Charles F. Burkwit, being duly sworn, deposes and says:

        1.    I am an attorney at law, duly licensed to practice my profession in the State of New York and am the attorney of record for Plaintiff Silvon S. Simmons (hereinafter "Plaintiff"), and as such, I am fully familiar with the facts and circumstances of this action.

        2.    I give this Affidavit in support of Plaintiff's second motion to compel discovery pursuant to FRCP 37 as Defendants Joseph M. Ferrigno, II, Samuel Giancursio, Mark Wiater, Christopher Muscato, Robert Wetzel, Michael L. Ciminelli, John Does 1-20 and City of Rochester (hereinafter "City Defendants") have failed to provide complete

written responses and produce documents responsive to Plaintiff's document demands despite this Court's Order directing that such be produced. Pursuant to FRCP 16(f), 37 (b)(2)(A) and (C), the Plaintiff seeks sanctions and reasonable expenses incurred, including attorney fees, in making this motion caused by the failure of the City Defendants and their counsel to comply with this Court's October 13, 2020 Decision & Order. I also give this Affidavit in support of Plaintiff's motion pursuant to FRCP 16(b)(4) for issuance of a Second Amended Scheduling Order extending the Amended Scheduling Order (Document 58) deadlines by 120 days after the return date of this motion.

3. This action arises in part under 42 U.S.C. Section 1983 and involves an April 1, 2016 incident between Plaintiff Silvon S. Simmons (hereinafter "Plaintiff") and City of Rochester Police Officers which occurred in Plaintiff's neighbor's driveway at 9 Immel Street and Plaintiff's back yard at 5 Immel Street in the City of Rochester, New York.

4. The pertinent facts of this case are set forth in Plaintiff's Amended Complaint And Jury Demand which is annexed hereto as **Exhibit A**.

5. On August 5, 2019, Honorable Michael A. Telesca issued his Decision and Order, attached hereto as **Exhibit B**, granting the City Defendants' motion to dismiss Plaintiff's Sixth Cause of Action for malicious abuse of process and granting their motion to dismiss Plaintiff's Failure To Intervene claim against Defendants Ferrigno, Giancursio, Wiater and Ciminelli. (See **Exhibit B** – Decision and Order, pg. 2). Judge Telesca held that Plaintiff's Failure To Intervene claim may go forward against

Defendant Muscato. (See **Exhibit B** – Decision and Order, pg. 22).

      6.    On January 27, 2020, the undersigned served Plaintiff's First Request For Production of Documents, Electronically Stored Information and Tangible Things (hereinafter "Plaintiff's First Request To Produce") on Defendants' counsel pursuant to FRCP 34. **(Exhibit C)**.

      7.    The undersigned made specific document, electronically stored information and tangible thing production requests to counsel for the City Defendants in Plaintiff's First Request To Produce (**Exhibit C)** at pages 5-10.

      8.    The undersigned made numerous requests by telephone messages and e-mail correspondence to counsel for the City Defendants to respond to Plaintiff's First Request To Produce (**Exhibit C**) but the undersigned received no response from him whether discovery responses will be forthcoming.

      9.    On September 3, 2020, the undersigned filed Plaintiff's motion to compel discovery. (Docket #55-1).

      10.    On September 4, 2020, this Court issued a motion scheduling order directing the City Defendants to file responses to Plaintiff's motion to compel by September 25, 2020 and that replies be filed by October 9, 2020. (Docket #56).

      11.    The City Defendants did not file any response to Plaintiff's motion to compel discovery and on October 13, 2020, this Court issued a Decision & Order and Amended Scheduling Order (hereinafter "Decision & Order") which is attached hereto as **Exhibit D** (Docket #58).

      12.    In the Decision & Order (**Exhibit D**), this Court granted Simmons's

motion to compel on grounds that it is unopposed, and the City Defendants were ordered to provide written responses and produce documents responsive to Simmons's document demands by no later than October 30, 2020.

13.     On October 30, 2020, counsel for the City Defendants obtained a letter Order from this Court (Docket #59) granting the City Defendants an extension of time until November 4, 2020 to provide written responses and produce documents responsive to Simmons's document demands.

14.     On November 5, 2020, counsel for the City Defendants hand delivered the attached letter, City Defendants Response To Plaintiff's First Request For Production Of Documents (**Exhibit E**) along with four (4) CDs containing documentation which was not completely responsive to Plaintiff's document demands.

### *Information Not Produced*

15.     At paragraph 1(b) of Plaintiff's First Request To Produce (**Exhibit C**), Plaintiff requested:

> "All records, reports, correspondence, documents, email correspondence and documents, audio, video, photos, videos, memos, notes, traffic tickets and/or citations issued concerning a traffic stop Officers Joseph M. Ferrigno, II and Samuel Giancursio allegedly made on April 1, 2016 at approximately 9:03 p.m. which involved a 1994 Saturn, NY plate HDN3261, in the vicinity of 1384 Lyell Avenue, Rochester, New York, including a copy of any traffic tickets or citations issued to Jada McInnis and/or Dontez Williams on or about April 1, 2016".

16.     In response to Plaintiff's request at paragraph 15 above, the City Defendants replied:

> "City Defendants have not located the information regarding the relevant traffic ticket at this time but will submit that documents once located". (See **Exhibit E,** pg. 2, para. 1 (b)).

4

17. The City Defendants' response at paragraph 16 above is improper and evasive and they should be compelled to produce these materials which are highly relevant in the prosecution of this action. Furthermore, the City Defendants failed to oppose Plaintiff's prior motion to compel discovery, waived their right to be heard and should be ordered to produce the requested materials.

18. At paragraph 1(c) of Plaintiff's First Request To Produce (**Exhibit C**), Plaintiff requested:

> "All records, printouts, memos, notes, messages and electronically recorded and/or stored information created, typed, stored and/or inputted in the police car computers by Officers Joseph M. Ferrigno, II, Samuel Giancursio and Dylan Minnick in the Mobile Data Terminal PDF on April 1, 2016 between 8:00 p.m. and 9:30 p.m.".

19. In response to Plaintiff's request at paragraph 18 above, the City Defendants replied:

> "City Defendants have not located MDT information at this time but will submit documents if located". (See **Exhibit E**, pg. 3, para. 1 (c)).

20. The City Defendants' response at paragraph 19 above is improper and evasive and they should be compelled to produce these materials which are highly relevant in the prosecution of this action. Furthermore, the City Defendants failed to oppose Plaintiff's prior motion to compel discovery, waived their right to be heard and should be ordered to produce the requested materials.

21. At paragraph 1(d) of Plaintiff's First Request To Produce (**Exhibit C**), Plaintiff requested:

> "All records, reports, data, memos, maps, charts, email correspondence and documents sent to and/or generated from the City of Rochester's automated vehicle locator system (AVLS), Trackstar, AVLS database/server and gps data recorded for the police vehicles which were operated by Officers Joseph M. Ferrigno, II, Samuel Giancursio, Christopher Muscato, William Gallagher, William Wagner and Patrick Giancursio, Whitney Unrath, Amy Baurer, Mark Wiater, Michael DiMauro, Dylan Minnick and Joseph Zampatori on April 1, 2016 between 6:00 p.m. and 9:30 p.m.".

22. In response to Plaintiff's request at paragraph 21 above, the City Defendants replied:

> "City Defendants object to this request on the grounds that it is, overbroad and not proportional to the needs of the case and seeks information that is not relevant. Notwithstanding this objection the City Defendants have not located AVLS information at this time but will review the documents if located". (**Exhibit E**, pg. 3, para. 1(d)).

23. The City Defendants' response at paragraph 22 above is improper and evasive and they should be compelled to produce these materials which are highly relevant in the prosecution of this action. Furthermore, the City Defendants failed to oppose Plaintiff's prior motion to compel, waived their right to be heard and accordingly, they cannot now object and ignore this request.

24. At paragraph 1(i) of Plaintiff's First Request To Produce (**Exhibit C**), Plaintiff requested:

> "Any and all statements obtained by the Rochester Police Department, including statements obtained by any psychologist/s retained by the Rochester Police Department from Officers Joseph M. Ferrigno, II and/or Samuel Giancursio concerning the April 1, 2016 incident".

25. In response to Plaintiff's request at paragraph 24 above, the City

6

Defendants replied:

> "City Defendants object to this request on the grounds that it is, overbroad, implicates personal and confidential medical records, is not relevant to the issues raised in the Complaint, is beyond the scope of the complaint, is not proportional to the needs of the case and seeks information that is not relevant". (**Exhibit E** – pg. 3, para. 1(i)).

26. With regard to the request at paragraph 25 above, Plaintiff is seeking such statements from Defendant Officers Ferrigno and Giancursio as they pertain to the April 1, 2016 incident. Such records should be disclosed as they may provide relevant facts concerning the April 1, 2016 incident and what the Defendant officers perceived. The City Defendants' response at paragraph 25 above is improper and an outright refusal to comply with this Court's Decision & Order and they should be compelled to produce these materials which are highly relevant in the prosecution of this action. Furthermore, the City Defendants failed to oppose Plaintiff's prior motion to compel, waived their right to be heard and accordingly, they cannot now object to this request.

27. At paragraph 1(o) of Plaintiff's First Request To Produce (**Exhibit C**), Plaintiff requested:

> "Any and all medical records or other records regarding the treatment of any injuries, physical or psychological, sustained by Defendants, if any".

28. In response to Plaintiff's request at paragraph 27 above, the City Defendants replied:

> "City Defendants object to this request on the grounds that it is, overbroad, implicates personal and confidential medical records, is not relevant to the issues raised in the Complaint, is beyond the scope of the complaint, is not proportional

7

to the needs of the case and seeks information that is not relevant". **Exhibit E** – pg. 4, para. 1(o)).

29. The Plaintiff is only seeking such records as they pertain to any injuries or treatment sustained by Defendants from the April 1, 2016 incident. Such records should be disclosed as they may provide relevant facts concerning the April 1, 2016 incident and what the Defendant officers perceived. The City Defendants' response at paragraph 28 above is improper and an outright refusal to comply with this Court's Decision & Order and they should be compelled to produce these materials which are highly relevant in the prosecution of this action. Furthermore, the City Defendants failed to oppose Plaintiff's prior motion to compel, waived their right to be heard and accordingly, they cannot now object to this request.

30. At paragraph 1(dd) of Plaintiff's First Request To Produce (**Exhibit C**), Plaintiff requested:

> "All information contained in the files, computer and/or computers maintained by the internal affairs division of the City of Rochester Police Department or any other division of the City of Rochester Police Department including, but not limited to, PSS Investigative Summaries, Civilian Review Board determinations and Police Chief Reviews, concerning all complaints made against any City of Rochester Police Department officer for the past 10 years for excessive use of force and/or deadly force, including but not limited to the information that is retrievable by computer code".

31. In response to Plaintiff's request at paragraph 30 above, the City Defendants replied:

> "City Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, is not proportional to the needs of the case and seeks irrelevant information. Notwithstanding and

without waiving these or the general objections, defendants produce, pursuant to the protective order PSS records for each Defendant Officer concerning allegations of misconduct made against the officer in the three years before and after the April 1, 2016 incident giving rise to this suit. See Documents Bate Stamped COR000414-COR000636; COR000637-COR000640 and COR000800-COR003259". (**Exhibit E** – pg. 5, para. 1(dd)).

32. The City Defendants' response at paragraph 31 above is improper, evasive, limited to the Defendant officers only for an extremely restricted time period and they should be compelled to produce these materials which are highly relevant in the prosecution of this action. At Counts VIII and IX of the Amended Complaint (**Exhibit A** – pgs. 58-71), Plaintiff alleged claims for violation of 42 USC §1983 by Defendant City of Rochester for Failure To Implement Policies, Customs and Practices and for violation of 42 USC §1983 by Defendants City of Rochester and Michael L. Ciminelli for Supervisory Liability/*Monell v. Dept. of Social Services*, 436 US 658 (1978). Accordingly, the documents requested in paragraph 30 are highly relevant and required to establish Plaintiff's claims at Counts VIII and IX of the Amended Complaint and should be disclosed for the requested ten (10) year period.

33. The City Defendants' response at paragraph 31 above is improper and an outright refusal to comply with this Court's Decision & Order and they should be compelled to produce these materials which are highly relevant in the prosecution of this action. Furthermore, the City Defendants failed to oppose Plaintiff's prior motion to compel, waived their right to be heard and accordingly, they cannot now object to this request.

34. At paragraph 1(ee) of Plaintiff's First Request To Produce (**Exhibit C**), Plaintiff requested:

9

> "All information contained in the files, computer and/or computers maintained by the internal affairs division of the City of Rochester Police Department or any other division of the City of Rochester Police Department including, but not limited to, PSS Investigative Summaries, Civilian Review Board determinations and Police Chief Reviews, concerning all complaints made against City of Rochester Police Department Officers Anthony Liberatore, Patrick Giancursio, Thomas Rodriguez, Alexander Baldauf, Mario Masic and the officers involved in the arrest of Lentorya Parker, including Officers Jonathan Marsh, Daniel Rizzo, Edward First, Andrew Bostick and Joel Hasper, for excessive use of force and/or deadly force, including but not limited to the information that is retrievable by computer code".

35. In response to Plaintiff's request at paragraph 34 above, the City Defendants replied:

> "City Defendants object to this portion of the request which seeks information regarding officers involved in the arrest of Lentorya Parker on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, is not proportional to the needs of the case and seeks irrelevant information. Notwithstanding and without waiving these or the general objections, defendants produce, pursuant to the protective order, PSS records for each Defendant Officer concerning allegations of misconduct made against the officer in the three years before and after the April 1, 2016 incident giving rise to this suit. Documents Bate Stamped COR003260-3377". (**Exhibit E** – pg. 5, para. 1(ee)).

36. The City Defendants' response at paragraph 35 above is improper, evasive, limited to the Defendant officers only for an extremely restricted time period and they should be compelled to produce these materials which are highly relevant in the prosecution of this action. At Counts VIII and IX of the Amended Complaint (**Exhibit A** – pgs. 58-71), Plaintiff alleged claims for violation of 42 USC §1983 by Defendant City of Rochester for Failure To Implement Policies, Customs and Practices and for violation of 42 USC §1983 by Defendants City of Rochester and Michael L. Ciminelli for Supervisory

10

Liability/*Monell v. Dept. of Social Services*, 436 US 658 (1978). As part of Plaintiff's *Monell* claim alleged at Count IX of the Amended Complaint (**Exhibit A** – pgs. 61-71), Plaintiff set forth specific allegations concerning the City of Rochester Police Officers identified in paragraph 34 above and accordingly, Plaintiff requires all the requested complaint information against these specific officers. The documents requested in paragraph 34 are highly relevant and required to establish Plaintiff's claims at Counts VIII and IX of the Amended Complaint and should be disclosed for the requested ten (10) year period.

37. The City Defendants' response at paragraph 35 above is improper and an outright refusal to comply with this Court's Decision & Order and they should be compelled to produce these materials which are highly relevant in the prosecution of this action. Furthermore, the City Defendants failed to oppose Plaintiff's prior motion to compel, waived their right to be heard and accordingly, they cannot now object to this request.

38. Based on the foregoing, the City Defendants and their counsel have not acted in good faith before and after this Court's Decision & Order (**Exhibit D**) was issued and there is no excuse for the City Defendants' delay in providing complete written discovery responses to Plaintiff's First Request To Produce. (**Exhibit C**).

39. Pursuant to FRCP 16(f), 37(b)(2)(A) and (C), the Plaintiff requests this Court to issue an order imposing sanctions, including striking the City Defendants' Answer and/or monetary sanctions, against the City Defendants and/or their counsel for their continued non-compliance with this Court's Decision & Order (**Exhibit D**). The Plaintiff also requests an order from this Court compelling the City Defendants to provide complete written responses to Plaintiff's outstanding discovery demands as set forth

above within seven (7) days after the return date of this motion.

      40.    The undersigned requests that pursuant to FRCP 37(a)(5) and 37(b)(2)(C), this Court grant reasonable expenses, including attorney's fees, caused by the City Defendants' failure to obey this Court's Decision & Order (**Exhibit D**) which necessitated this second motion to compel discovery. In the event that such expenses and fees are granted, the undersigned will submit an affidavit of services and disbursements to the Court.

      41.    Due to the City Defendants' failure to obey this Court's Decision & Order (**Exhibit D**), the undersigned has not been able to schedule depositions of the City Defendants and non-party witnesses. At this time, the parties require a further extension of all deadlines, including but not limited to the December 7, 2020 factual discovery deadline, contained in this Court's Decision & Order and Amended Scheduling Order. (**Exhibit D**).

      42.    Following this Court's issuance of the October 13, 2020 Decision & Order (**Exhibit D)**, the parties worked diligently in finishing the scheduling of Plaintiff's and the Defendant Shotspotter depositions. There was considerable delay in trying to schedule these depositions since five (5) attorneys are participating and it took time to find mutually agreeable dates/times between the attorneys and witnesses to conduct them.

      43.    The depositions of Plaintiff and Shotspotter CEO Ralph Clark are scheduled to take place on Thursday November 19, 2020 at 12 p.m. EST and 4:00 p.m. EST respectively, the depositions of Shotspotter employees Robert Bressler and Scott

Weiser are scheduled to take place on Friday November 20, 2020 at 11:00 a.m. EST and 4:00 p.m. EST respectively and the deposition of Shotspotter Defendant Paul C. Greene is scheduled to take place on Wednesday November 25, 2020 at 12:00 p.m. EST.

44. Due to the City Defendants' and their counsel's delay in complying with this Court's Decision & Order (**Exhibit D**) and providing complete disclosure to the undersigned, this has continued to prevent the City Defendants' and non-party depositions from being scheduled. For this reason, the undersigned respectfully requests this Court to extend all deadlines in the Amended Scheduling Order (**Exhibit D**) out 120 days after the return date of this motion. This should allow enough time to receive discovery responses from the City Defendants and to conduct depositions in this action.

45. This Court's Decision & Order (**Exhibit D**) requires all factual discovery in this case, including depositions to be completed on or before December 7, 2020. Based on the foregoing, this unfortunately will not occur due to this ongoing discovery motion practice which was necessitated by the City Defendants' and their counsel's refusal to provide complete discovery to Plaintiff and to comply with this Court's Decision & Order. (**Exhibit D).**

46. The undersigned is respectfully requesting a 120 day extension on all scheduling order deadlines contained in the Decision and Order (**Exhibit D**) due to the number of party and non-party witnesses who need to be deposed in this action.

47. Based on the foregoing and pursuant to FRCP 16(b)(4), good cause has been shown why this Court should again modify and extend the deadlines in this Court's Decision & Order and Amended Scheduling Order (**Exhibit D**).

13

**WHEREFORE**, your deponent respectfully prays for the following relief:

A. An Order pursuant to FRCP 37(a)(3)(B) compelling Defendants Joseph M. Ferrigno, II, Samuel Giancursio, Mark Wiater, Christopher Muscato, Robert Wetzel, Michael L. Ciminelli, John Does 1-20 and City of Rochester to produce complete materials responsive to Plaintiffs' First Request For Production of Documents, Electronically Stored Information and Tangible Things;

B. An Order imposing the requested sanctions against the City Defendants and/or their counsel and awarding reasonable expenses incurred, including attorney fees, caused by the failure of the City Defendants to comply with this Court's October 13, 2020 Decision & Order and in making this motion pursuant to FRCP 16(f), 37(b)(2)(A) and (C); and

C. An Amended Scheduling Order pursuant to FRCP 16(b)(4) extending the Decision & Order and Amended Scheduling Order (**Exhibit D** - Document 58) deadlines by 120 days after the return date of this motion;

D. An Order granting such other and further relief as the Court deems just and proper.

    s/Charles F. Burkwit, Esq.    
Charles F. Burkwit, Esq.

Sworn to before me this
17th day of November, 2020.


    s/Barbara Peck    
Notary Public