# EXHIBIT E


**City of Rochester**

Department of Law
City Hall Room 400A, 30 Church Street
Rochester, New York 14614-1295
www.cityofrochester.gov

**John Campolieto**
Municipal Attorney

November 5, 2020

***SENT VIA HAND DELIVERY***
Charles L Burkwit
Burkwit Law Firm, PLLC
16 East Main Street, Suite 450
Rochester, New York 14614

Re:  Silvon S. Simmons v. City of Rochester, et al.
   17-CV-6176-MAT-MWP

Dear Mr. Burkwit:

Please find enclosed Plaintiff's First Request for Production of Documents, Electronically Stored Information and Tangible Things. Please note that there are 5 CD's included with this letter. The fifth CD is all SpotSpotter information including audio files. All the documents sent are deemed confidential pursuant to the protective order. However the fifth CD (the shot spotter information) is specifically marked confidential and pursuant to the protective order signed by you on April 8, 2020. This CD contains proprietary business information of ShotSpotter cannot be disclosed to anyone.

Sincerely yours,

John Campolieto,
Municipal Attorney

Cc: BarclayDamon LLP.
Paul A. Sanders, Esq.
*Attys for Defendants ShotSpotter, Inc.*
2000 Five Star Bank Plaza
Rochester, NY 14604

Kilpatrick, Townsend & Stockton, LLP
Benjamin M. Kleinman, Esq.
*Attys for Defendants ShotSpotter, Inc.*
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111

Jordan Trent Jones
Law Offices of Jordan Trent Jones
2268 Westborough Boulevard
Suite 302 #201
South San Francisco, CA 94080

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SILVON SIMMONS,

        Plaintiff,

    v.

JOSEPH M. FERRIGNO, II, SAMUEL GIANCURSIO, MARK WIATER, CHRISTOPHER MUSCATO, ROBERT WETZELL, MICHAEL CIMINELLI, JOHN DOES 1-20, CITY OF ROCHESTER, SHOTSPOTTER INC., SST, INC., JOHN DOES 21-30 and PAUL C. GREENE,

        Defendants.

CITY DEFENDANTS RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Case No.: 17-cv-6176

---

### PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO THE CITY OF ROCHESTER DEFENDANTS

Defendant City of Rochester and all individual defendants (hereinafter "City Defendants") answer and object to Plaintiff's First Request for Production of Documents as follows:

**General Objections**

All responses are made without in any way waiving or intending to waive, but intending to preserve and preserving:

All objections to questions as to competency, relevance, materiality, privilege, scope, and admissibility of evidence for any purpose in any subsequent proceeding or the trial of this or any other action.

1

The right to object to the use of any of the answers or the subject matter thereof in any subsequent proceeding or the trial of this or any other action on any grounds.

The right to supplement and/or amend these answers as the Defendants' investigation, discovery and preparation for trial continues.

The Defendants object generally to each demand to the extent that it seeks discovery of:

> Confidential information, except as a suitable protective order is entered;

> Information subject to the attorney/client privilege, or any other privilege;

> Information constituting the work product of the Defendants or their attorneys;

> The Defendants object to plaintiff's document demand to the extent it purports to impose obligations not established by the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure for the United States District Court for the Western District of New York. These documents are sent pursuant to the April 8, 2020 Protective Order with the understanding and agreement that the documents are marked as confidential and they shall remain confidential and used only as specified in the Protective Order.

**I. ANY AND ALL WRITTEN MEMORANDA, RECORDS, REPORTS, PHOTOS, VIDEO, CORRESPONDENCE, NOTES, DOCUMENTS, EMAILS, ELECTRONICALLY STORED INFORMATION, DATA OR OTHER WRITINGS OR OTHER INFORMATION PERTAINING TO ALL INCIDENTS DESCRIBED IN PLAINTIFF'S COMPLAINT BUT NOT LIMITED TO THE FOLLOWING ITEMS (SUB-CATEGORY NUMBER USED INSTEAD OF DESCRIPTION):**

a.  **Response:** See Bate Stamped Documents COR000001-COR000061.

b.  **Response:** City Defendants have not located the information regarding the relevant traffic ticket at this time but will submit that documents once located.

c.     **Response:** City Defendants have not located MDT information at this time but will submit documents if located.

d.     **Response:** City Defendants object to this request on the grounds that it is, overbroad and not proportional to the needs of the case and seeks information that is not relevant. Notwithstanding this objection the City Defendants have not located AVLS information at this time but will review the documents if located.

e.     **Response:** See Documents Bate Stamped COR000062-COR000094.

f.     **Response:** See Documents Bate Stamped COR000095-COR000097.

g.     **Response:** See Documents Bate Stamped COR000098-COR000413.

h.     **Response:** See Documents Bate Stamped COR000414-COR000636 and COR000637-COR000640.

i.     **Response:** City Defendants object to this request on the grounds that it is, overbroad, implicates personal and confidential medical records, is not relevant to the issues raised in the Complaint, is beyond the scope of the complaint, is not proportional to the needs of the case and seeks information that is not relevant.

j.     **Response:** See Documents Bate Stamped COR000414-COR000636 and COR000637-000640.

k.     **Response:** City Defendants object to this request on the grounds that it is vague, ambiguous and overbroad. Notwithstanding this objection and without waiving or otherwise limiting these or the general objections, defendants have done a diligent search and found no such documents exist.

l.     **Response:** See Documents Bate Stamped COR000095-COR000097.

m.     **Response:** See Document Bate Stamped COR000641.

3

n.  **Response:** City Defendants are not in possession of any such records as described in this request.

o.  **Response:** City Defendants object to this request on the grounds that it is, overbroad, implicates personal and confidential medical records, is not relevant to the issues raised in the Complaint, is beyond the scope of the complaint, is not proportional to the needs of the case and seeks information that is not relevant.

p.  **Response:** See Documents Bate Stamped COR000098-COR000413.

q.  **Response:** See Documents Bate Stamped COR000642-COR000756.

r.  **Response:** See Documents Bate Stamped COR000642-COR000756 and COR003378-COR003779.

s.  **Response:** See Documents Bate Stamped COR000757-COR000799.

t.  **Response:** See Documents Bate Stamped COR000757-COR000799.

u.  **Response:** See Documents Bate Stamped COR000757-COR000799.

v.  **Response:** See Documents Bate Stamped COR000757-COR000799.

w.  **Response:** See Documents Bate Stamped COR000757-COR000799.

x.  **Response:** City Defendants object City Defendants object to this request on the grounds that it is vague and ambiguous.  Notwithstanding this objection and without waiving or otherwise limiting these or the general objections, defendants have done a diligent search and found no such documents exist.

y.  **Response:** See Documents Bate Stamped COR000095-COR000097.

z.  **Response:** City Defendants have not located the DNA testing information or results from the Ruger P85 9mm handgun at this time as the City of Rochester is not the currently the custodian of that record.   When it is located it will be submitted.

4

aa.    **Response:** See ShotSpotter CD.

bb.    **Response:** See ShotSpotter CD.

cc.    **Response:** See Documents Bate Stamped COR000800-COR003259.

dd.    **Response**: City Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, is not proportional to the needs of the case and seeks irrelevant information. Notwithstanding and without waiving these or the general objections, defendants produce, pursuant to the protective order PSS records for each Defendant Officer concerning allegations of misconduct made against the officer in the three years before and after the April 1, 2016 incident giving rise to this suit.   See Documents Bate Stamped COR000414-COR000636; COR000637-COR000640 and COR000800-COR003259.

ee.    **Response:** City Defendants object to this portion of the request which seeks information regarding officers involved in the arrest of Lentorya Parker on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, is not proportional to the needs of the case and seeks irrelevant information. Notwithstanding and without waiving these or the general objections, defendants produce, pursuant to the protective order , PSS records for each Defendant Officer concerning allegations of misconduct made against the officer in the three years before and after the April 1, 2016 incident giving rise to this suit. Documents Bate Stamped COR003260-3377.

ff.    **Response:** No such documents could be located or found to exist.

5

gg.     **Response**: Defendants object to this request on the grounds that the wording of the request including "criminal information services" is vague, ambiguous and cannot be identified as a recognized service.

hh.     **Response:** See Documents Bate Stamped COR003378-COR003779.

ii.     **Response:** See Documents Bate Stamped COR000414-COR000636 and COR000637-000640.

jj.     **Response:** See Documents Bate Stamped COR000414-COR000636 and COR000637-000640.

kk.     **Response:** See Documents Bate Stamped COR003780-COR004200.

ll.     **Response:** City Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, is not proportional to the needs of the case and seeks irrelevant information. Notwithstanding and without waiving these or the general objections, Defendants' discovery response incorporates any documents which would have been produce and turned over to the District Attorney regarding prosecution of the Plaintiff's attempted murder charge. Additionally, the District Attorney is able to access RPD information on their own and would be the custodian of that information not the City Defendants.

mm.     **Response:**  See Documents Bate Stamped COR003378-COR003779.

III.    **REQUEST FOR PRODUCTION OF DOCUMENTS ELECTRONICALLY STORED INFORMATION AND TANGUABLE THINGS DIRECTED TO ALL DEFENDANTS (SUB-CATEGORY NUMBER USED INSTEAD OF DESCRIPTION):**

a. **Response**: See Documents Bate Stamped COR004201-COR004207; See ShotSpotter CD and Documents Bate Stamped COR004208-COR004277.

b. **Response**: See ShotSpotter CD and Documents Bate Stamped COR004208-COR004277.

c. **Response**: See ShotSpotter CD and Documents Bate Stamped COR004208-COR004277.

d. **Response**: See ShotSpotter CD and Documents Bate Stamped COR004208-COR004277.

e. **Response:** See ShotSpotter CD and Documents Bate Stamped COR004208-COR004277.

f. **Response:** No such document was located.

g. **Response:** No such document was located.

DATED:   November 4, 2020         TIMOTHY R. CURTIN
         Rochester, New York      Corporation Counsel

BY: _____
John Campolieto, Municipal Attorney
*Attorney for Defendants*
30 Church St., Room 400A
Rochester, NY 14614
(585) 428-7410
campolj@cityofrochester.gov