UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| SILVON SIMMONS, | ANSWER TO AMENDED COMPLAINT |
| | Jury Trial Demanded |
| Plaintiff, | Case No.: 17-cv-6176 |
| v. | |
| JOSEPH M. FERRIGNO, II, SAMUEL GIANCURSIO, MARK WIATER, CHRISTOPHER MUSCATO, ROBERT WETZEL, MICHAEL CIMINELLI, JOHN DOES 1-20, CITY OF ROCHESTER, SHOTSPOTTER INC., SST, INC., JOHN DOES 21-30 and PAUL C. GREENE, | |
| Defendants. | |

_____

JOHN M. CAMPOLIETO, Esq., affirms and states:

1.  I am an attorney with the City of Rochester Corporation Counsel's Office and represent Officers Joseph M. Ferrigno II, Samuel Giancursio, Mark Wiater, Christopher Muscato, Robert Wetzel, Michael Ciminelli and the City Of Rochester, (hereinafter "City Defendants"). I am admitted to practice law before the courts of the State of New York and in the United States District Court, Western District of New York.

2.  I submit this affirmation in opposition to the Plaintiff's Second Motion to Compel and impose sanctions on the City because Plaintiff alleges that certain discovery request were objected to or not turned over in the City's massive discovery response.

1

3. City Defendants supplied responses to the Plaintiff Request for Production of documents by sending over 4200 pages of documents to the Plaintiff comprising its response. The documents were Bate Stamped COR000001 through COR004207. Additionally, the City supplied a disk containing audio of the shots fired during the incident. The 4200 documents were sent on 5 CDs. *City's Response to Plaintiff's Request for Production attached as Exhibit A.*

4. The attorney for the Plaintiff did not confer with Defense Counsel prior to filing this Motion to Compel. The attorney never conferred with me after the discovery was hand delivered on November 5, 2020. *See cover letter attached as Exhibit B.* A simple email regarding what the items the attorney was looking for could have solved some of the iussues raised in Plaintiff's motion to compel. The Plaintiff's attorney did not contact me directly or schedule a meeting to discuss his demands.

5. Defendants responded to the Request for production of documents as completely as it could and that is evident in the over 4200 documents which were delivered to the Plaintiff.

6. Plaintiff's attorney baldly asserts that the City has no right to object to his Request for Production and that the City is refusing to comply with the Court's Decision and Order, neither of these assertions is true. The City supplied over 4200 documents to the Plaintiff comprising the entirety of this matter's case file and personnel records of all of the named officers in this case.

6.	Most of the items that are mentioned in the Attorney Affidavit for the Second Motion Compel are disagreements which could have been solved by a phone call.

7.	The following requests were made by the Plaintiff in his Request for Production and the City responded to these requests stating that the documentation was not located but would be produced as soon as the documents were located:

- 1(b) Traffic Ticket issued on April 1, 2016.
- 1(c) Mobile Data Terminal Information
- 1(d) AVLS Tracking information

8.	The City has located the bulk of the documents and records concerning the requests and objections stated above.

9.	Plaintiff complains regarding his request numbered as 1(dd) which asks for 10 years of police complaints made against all City of Rochester Police Department personnel.

10.	In response to this request the City turned over 2788 pages of personnel records of the Defendant Officers pursuant to the standard Western District discovery custom of providing records of the three years prior to and three years after the incident complained of.

11.	Additionally, the City explained its specific objections to providing further documents in a clear and detailed objection to the request.

12.	Plaintiff has asked for medical records of the City Defendants including psychological records, if any.  These requests were contained in 1(i) and 1(o) or Plaintiffs

3

Request for Production.

13. The City explained its specific objections to providing this information in a clear and detailed objection to the request.

**WHEREFORE**, defendants City of Rochester demand:

(1) Dismissal of the Motion to Compel;

(2) Such other and further relief which to the Court may seem just and proper.

Date: December 18, 2020        TIMOTHY R. CURTIN, CORPORATION COUNSEL

By: _____/s/_____
John Campolieto, Esq., of Counsel
*Attorneys for Defendants*
30 Church Street, Room 400A
Rochester, NY  14614
(585) 428-7410

To:   Charles F. Burkwit, Esq.
      Burkwit Law Firm, PLLC
      16 E. Main Street, Suite 450
      Rochester, New York 14614
      (585) 546-1588

      Paul A. Sanders, Esq.
      Barclay Damon, LLP.
      2000 Five Star Bank Plaza
      100 Chestnut Street
      Rochester, NY 14607
      (585) 295-4426