UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SILVON S. SIMMONS,

                Plaintiff,                    **REPLY AFFIRMATION**

    vs.                                     **17-CV-6176-FPG-MWP**

JOSEPH M. FERRIGNO, II, SAMUEL
GIANCURSIO, MARK WIATER,
CHRISTOPHER MUSCATO, ROBERT
WETZEL, MICHAEL L. CIMINELLI,
JOHN DOES 1-20, CITY OF ROCHESTER,
SHOTSPOTTER, INC., SST, INC.,
JOHN DOES 21-30 and PAUL C. GREENE,

                Defendants.
_____

      Charles F. Burkwit, an attorney duly licensed to practice law in the State of New York, declares and affirms the following as true and correct under penalty of perjury:

      1.    I am the principal in Burkwit Law Firm, PLLC, attorneys for Plaintiff Silvon S. Simmons, and as such, I am fully familiar with the facts of this case and with its prior proceedings.

      2.    I give this Reply Affirmation in support of Plaintiff's second motion to compel discovery pursuant to FRCP 37 as Defendants Joseph M. Ferrigno, II, Samuel Giancursio, Mark Wiater, Christopher Muscato, Robert Wetzel, Michael L. Ciminelli, John Does 1-20 and City of Rochester (hereinafter "City Defendants") continue to refuse to provide complete written responses and produce documents responsive to Plaintiff's

document demands despite this Court's October 13, 2020 Decision & Order directing that such be produced. I also give this Reply Affirmation in support of Plaintiff's motion pursuant to FRCP 16(f), 37 (b)(2)(A) and (C), seeking sanctions and reasonable expenses incurred, including attorney fees, in making this second motion caused by the failure of the City Defendants and their counsel to comply with this Court's October 13, 2020 Decision & Order. I also give this Reply Affirmation in support of Plaintiff's motion pursuant to FRCP 16(b)(4) for issuance of a Second Amended Scheduling Order extending the Amended Scheduling Order (Document 58) deadlines by 120 days after the return date of this motion.

3. In his answering papers, counsel for the City Defendants attempts to excuse or justify his failure to comply with this Court's October 13, 2020 Decision & Order by referring to "the City's massive discovery response" (See Campolieto Affirmation, Doc. 65, para. 2) and by the undersigned's alleged failure to confer prior to filing this motion. (See Campolieto Affirmation, Doc. 65, para. 4). He even claims that a simple email could have solved some of the issues raised in Plaintiff's motion to compel. (See Campolieto Affirmation, Doc. 65, para. 4). Defendants' counsel then claims that "Defendants responded to the Request for production of documents as completely as it could". (See Campolieto Affirmation, Doc. 65, para. 5). He also claims that Plaintiff's counsel "baldly asserts that the City has no right to object to his Request for Production and that the City is refusing to comply with the Court's Decision and Order, neither of these assertions is true". (See Campolieto Affirmation, Doc. 65, para 6). Despite these assertions, counsel for The City Defendants has no excuse for continuing to refuse to provide documents responsive to Plaintiff's discovery demands as ordered by this Court's October 13, 2020 Decision & Order.

2

4. Although The City Defendants provided partial responses to Plaintiff's First Request To Produce (See Exhibit C – 11/17/20 Burkwit Affidavit), the responses were not complete and many items were objected to and not disclosed by the City Defendants' counsel. Since Plaintiff's initial motion to compel was unopposed by the City Defendants, this Court granted Plaintiff's motion to compel on grounds that it is unopposed and ordered the City Defendants' to provide written responses and produce documents responsive to Plaintiff's document demands. As such, the City Defendants' counsel waived any objection to the requested discovery and is not in a position to pick and choose what he will produce and object to since the Court has ordered him to provide documents responsive to Plaintiff's demands.

5. With regard to the allegation that the undersigned failed to meet and confer, the undersigned did comply with FRCP 37(a)(1) and attempted to confer with counsel for The City Defendants before seeking court action to obtain discovery on the initial motion to compel discovery. The undersigned filed a Certification on September 3, 2020 certifying that he has in good faith conferred or attempted to confer with The City Defendants' counsel in an effort to resolve the discovery matters that were the subject of the initial motion to compel discovery and to obtain discovery without court action. (See **Exhibit A** – Doc. 55-2, Certification).

6. Since the undersigned's attempts to confer with The City Defendants' counsel were ignored, the undersigned filed Plaintiff's initial motion to compel discovery on September 3, 2020 which was unopposed by The City Defendants and resulted in this Court ordering The City Defendants to produce documents responsive to Plaintiff's demands. The

3

City Defendants have refused and continue to refuse to comply with this Court's October 13, 2020 Decision & Order and produce documents responsive to Plaintiff's demands.

7. It is respectfully submitted that the undersigned should not be required to confer with the City Defendants' counsel after he failed to oppose Plaintiff's initial motion to compel discovery, was ordered to produce documents responsive to Plaintiff's demands and refused to comply with this Court's October 13, 2020 Decision & Order. The purpose of conferring is to obtain discovery without court action but in this case, court action was required and is still required since The City Defendants' counsel refuses to provide discovery and comply with this Court's Decision & Order. The record shows that: a) conferring or attempting to confer occurred by Plaintiff's counsel occurred prior to the initial motion to compel discovery; b) it failed requiring court action; c) a motion to compel discovery was filed by Plaintiff; d) the motion to compel was unopposed by Defendants; e) The City Defendants were ordered by this Court to provide documents responsive to Plaintiff's demands; f) The City Defendants objected to some of Plaintiff's discovery demands and failed to provide documents responsive to Plaintiff's demands despite being ordered to do so by this Court's October 13, 2020 Decision & Order; and g) Court action is still required to enforce this Court's Decision & Order and obtain discovery from The City Defendants.

8. There is nothing to confer about. Counsel for The City Defendants has been ordered to provide discovery responsive to Plaintiff's discovery demands which he refuses to do.

9. Counsel for The City Defendants' continues to disobey a court order which he must comply with. Although he refers to items in the second motion to compel as "disagreements which could have been solved by a phone call", these are not

4

disagreements that can or will be solved since Defendants' counsel waived any objections and has been ordered to produce these items. Athough Defendants' counsel disagrees with Plaintiff's discovery demands, there is nothing to negotiate here and no compromises to be made by Plaintiff since Plaintiff's motion was unopposed by the City Defendants who have been ordered by this Court to produce the requested discovery. There is no issue concerning the nature, extent or scope of discovery requested by Plaintiff since the initial motion to compel was unopposed and this Court ordered the requested discovery to be produced by The City Defendants to Plaintiff

10.    As this Court has already resolved the discovery dispute on the prior motion to compel, this second motion is simply a motion to enforce the Court's October 13, 2020 Decision & Order, to force The City Defendants' compliance with it, for sanctions and an extension of the scheduling order due to The City Defendants' failure to provide documents responsive to Plaintiff's discovery demands.

11.    Although The City Defendants claim that they have produced over 4,200 documents to the Plaintiff, many of these photos and/or documents were duplicate copies and there remain many documents which have yet to be produced. This case involves an officer involved shooting where numerous police officers took part in the investigation, numerous statements were obtained, numerous reports were made, multiple witnesses were interviewed and a lengthy investigation and criminal trial occurred. Of course there will be voluminous documents which will be requested through discovery due to the nature and facts of this case. The City Defendants' counsel cannot simply claim he has already disclosed enough documents when there are more to disclose.

12.    In his affirmation, counsel for The City Defendants refers to Plaintiff's

requests at 1(b), 1(c), and 1(d) of Plaintiff's First Request To Produce (See Exhibit C – 11/17/20 Burkwit Affidavit) claiming "that the documentation was not located but would be produced as soon as the documents were located". (See Campolieto Affirmation, Doc. 65, para. 7). It is respectfully submitted that Defendant's counsel is refusing to disclose these documents by maintaining his position that disclosure will occur "as soon as" documents are located. With this response, a defendant can simply refuse to look and locate a document so disclosure will not occur.

13. In The City Defendants' Response To Plaintiff's First Request For Production of Documents at Response 1(b), the City Defendants' responded "City Defendants have not located the information regarding the relevant ticket at this time but will submit that documents once located". (See Campolieto Affirmation - Exhibit 1, Doc 65-1, pg. 2). According to this response, if the City Defendants do not make effort to look for and locate this information, it will not be located and disclosed. Plaintiff's request at 1(b) requested not only "the relevant ticket" but "All records, reports, correspondence, documents, email correspondence and documents, audio, video, photos, videos, memos, notes, traffic tickets and/or citations issued concerning a traffic stop Officers Joseph M. Ferrigno, II and Samuel Giancursio allegedly made on April 1, 2016 at approximately 9:03 p.m. which involved a 1994 Saturn, NY plate HDN3261, in the vicinity of 1384 Lyell Avenue, Rochester, New York, including a copy of any traffic tickets or citations issued to Jada McInnis and/or Dontez Williams on or about April 1, 2016". (See Exhibit C – 11/17/20 Burkwit Affidavit). Plaintiff's request at 1(b) is not limited to the ticket itself but includes a request for all records, reports, correspondence, documents, audio and video concerning the traffic stop by Officers Ferrigno and Giancursio. Defendants' response that it will be disclosed "once

6

located" is not acceptable, amounts to a refusal to look and disclose and is not a sufficient response to Plaintiff's demand.

14.     In The City Defendants' Response To Plaintiff's First Request For Production of Documents at Response 1(c), the City Defendants' responded "City Defendants have not located MDT information at this time but will submit documents if located". (See Campolieto Affirmation – Exhibit 1, Doc. 65-1, pg. 3).  It is respectfully submitted that the response "have not located MDT information at this time" and "will submit documents if located" is not acceptable, amounts to a refusal to disclose and is not a sufficient response to Plaintiff's demand. According to the City Defendants' response, they can simply refuse to look for this information and their obligation to disclose will be excused.

15.     In The City Defendants' Response To Plaintiff's First Request For Production of Documents at Response 1(d), the City Defendants responded "City Defendants object to this request on the grounds that it is, overbroad and not proportional to the needs of the case and seeks information that is not relevant. Notwithstanding this objection the City Defendants have not located AVLS information at this time but will review the documents if located". (See Campolieto Affirmation – Exhibit 1, Doc. 65-1, pg. 3).  Again, it is respectfully submitted that the response "have not located AVLS information at this time but will review the documents if located" is not acceptable, amounts to a refusal to look and disclose and is not a sufficient response to Plaintiff's demand. Obviously, the City Defendants have not made any effort to locate the requested AVLS information and did not respond that they will disclose it if found. Rather, The City Defendants responded that they will only "review the documents if located". Again, this amounts to a refusal to look and disclose by The City Defendants.

7

16. With regard to the AVLS information, attached hereto as **Exhibit B** is a copy of the trial testimony of Phong Huynh, application service analyst for the City of Rochester, in the civil action *Jacenta R. Griffin vs. Anthony S. Delvecchio et al.*, 16-CV-6029-CJS (WDNY).

17. Mr. Huynh works in the City of Rochester's Information Technology Department and is involved with the automated vehicle locater system which allows the police department to monitor the locations of its police cars in real time. (**Exhibit B** – Huynh Transcript, pg. 3, line 7 to pg. 4, line 1).

18. The Automated Vehicle Locater system (AVLS) was installed prior to February 2015 and consists of some components, the server and is located in the Public Safety Building. (**Exhibit B** – Huynh Transcript, pg. 4, line 14 to pg. 5, line 4, pg. 10, lines 11-20). The City owns and operates the system itself which it is still using. (**Exhibit B** – Huynh Transcript, pg. 10, line 21 to pg. 11, line 4).

19. Mr. Huynh acknowledged that there's a modem in the individual cars, the signal goes from the car modem to Verizon, from Verizon to Monroe County and from Monroe County to the Rochester Police Department where the data is collected and maintained by the IT Department on the server in the regular course of IT and City business. (**Exhibit B** – Huynh Transcript, pg. 7, line 4 to pg. 8, line 12).

20. As soon as the server gets the signal from the modem, the server will write the data to the City's database where it is maintained. (**Exhibit B** – Huynh Transcript, pg. 8, lines 10-19).

21. Reports can be generated from the information that is stored on the AVLS database (**Exhibit B** – Huynh Transcript, pg. 9, lines 19-25).

22. Trackstar is the company who developed the AVLS system the City uses and the City owns the server and the software. (**Exhibit B** – Huynh Transcript, pg. 11, line 17 to pg. 12, line 4). Mr. Huynh described that there are trip reports, movement summary reports, stop reports and idling reports that are generated by the AVLS system. (**Exhibit B** – Huynh Transcript, pg. 12, line 16 to pg. 13, line 6, pg. 24, lines 7-22). The Rochester Police Department reviews the data on these reports. (**Exhibit B** – Huynh Transcript, pg. 17, lines 2-6).

23. Mr. Huynh testified concerning Exhibit number 414 concerning a stop report, a detail report, a trip report, an idling report and a movement report pertaining to a particular police vehicle. (**Exhibit B** – Huynh Transcript, pg. 25, lines 5-18). Mr. Huynh confirmed that "when you generate the report, you can specify any car you want to generate". (**Exhibit B** – Huynh Transcript, pg. 25, lines 19-23). Mr. Huynh acknowledged that it is the ordinary course of business of the Rochester Police Department to keep and maintain the data on the server. (**Exhibit B** – Huynh Transcript, pg. 28, lines 10-13). When the Court admitted and received Exhibit 414 into evidence, the Court noted how Mr. Huynh testified about his familiarity with how the system works and as far as Mr. Huynh knows, there is no access in any way to add or delete from the data that's stored in the server. ((**Exhibit B** – Huynh Transcript, pg. 33, line 16 to pg. 34, line 10) .

24. Based on the information contained in paragraphs 16 through 23 above, The City Defendants should be compelled to produce "all records, reports, data, memos, maps, charts, email correspondence and documents sent to and/or generated from the City of Rochester's automated vehicle locator system (AVLS), Trackstar, AVLS database/server and gps recorded data recorded for the police vehicles which were operated by Officers

9

Joseph M. Ferrigno, II, Samuel Giancursio, Christopher Muscato, William Gallagher, William Wagner and Patrick Giancursio, Whitney Unrath, Amy Baurer, Mark Wiater, Michael DiMauro, Dylan Minnick and Joseph Zampatori on April 1, 2016 between 6:00 p.m. and 9:30 p.m." as requested at paragraph 1(d) of Plaintiff's First Request To Produce. (See Exhibit C – 11/17/20 Burkwit Affidavit). Mr. Huynh should be able to produce all of these records and reports.

25. Based on the foregoing, the City Defendants and their counsel have not acted in good faith before and after this Court's October 13, 2020 Decision & Order was issued and there is no excuse for the City Defendants' delay in providing documents responsive to Plaintiff's First Request To Produce. (See Exhibit C – 11/17/20 Burkwit Affidavit). Based on the foregoing, this Court should impose the requested sanctions and reasonable expenses, including attorney fees, against The City Defendants and/or their counsel for their continued failure to comply with this Court's October 13, 2020 Decision & Order and in making this motion pursuant to FRCP 16(f), 37(b)(2)(A) and (C).

26. As there has been no opposition to Plaintiff's motion to extend the scheduling order deadlines contained in the Decision & Order and Amended Scheduling Order by 120 days, the undersigned respectfully requests this Court to grant this motion pursuant to FRCP 16(b)(4).

27. Based on the foregoing, the undersigned respectfully requests this Court grant the relief requested in Plaintiff's moving papers along with such other and further relief the Court deems just and proper.

Dated: December 30, 2020              s/Charles F. Burkwit, Esq.
                                       Charles F. Burkwit, Esq.