UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SILVON S. SIMMONS,

                Plaintiff,                       **AFFIDAVIT**

      vs.                                 **17-CV-6176-FPG-MWP**

JOSEPH M. FERRIGNO, II, SAMUEL
GIANCURSIO, MARK WIATER,
CHRISTOPHER MUSCATO, ROBERT
WETZEL, MICHAEL L. CIMINELLI,
JOHN DOES 1-20, CITY OF ROCHESTER,
SHOTSPOTTER, INC., SST, INC.,
JOHN DOES 21-30 and PAUL C. GREENE,

                Defendants.
_____

STATE OF NEW YORK)
COUNTY OF MONROE)    SS:

        Charles F. Burkwit, being duly sworn, deposes and says:

        1.    I am an attorney at law, duly licensed to practice my profession in the State of New York and am the attorney of record for Plaintiff Silvon S. Simmons (hereinafter "Plaintiff"), and as such, I am fully familiar with the facts and circumstances of this action.

        2.    I give this Affidavit in support of Plaintiff's third motion to compel discovery pursuant to FRCP 37 as Defendants Joseph M. Ferrigno, II, Samuel Giancursio, Mark Wiater, Christopher Muscato, Robert Wetzel, Michael L. Ciminelli, John Does 1-20 and City of Rochester (hereinafter "City Defendants") have failed to provide complete

written responses and produce documents responsive to Plaintiff's document demands despite this Court's October 13, 2020 Decision & Order and Amended Scheduling Order (Doc. 58) and January 13, 2021 Order and Amended Scheduling Order (Doc. 68) directing that such be produced. Pursuant to FRCP 16(f), 37 (b)(2)(A) and (C), the Plaintiff seeks sanctions and reasonable expenses incurred, including attorney fees, in making this third motion to compel caused by the failure of the City Defendants and their counsel to comply with this Court's Orders. I also give this Affidavit in support of Plaintiff's motion pursuant to FRCP 37(e) requesting a hearing to determine whether the City Defendants took reasonable steps to preserve AVLS/Trackstar reports and data and whether it can be retrieved, restored or produced through another source. I also give this Affidavit in support of Plaintiff's motion pursuant to FRCP 16(b)(4) for issuance of an Amended Scheduling Order extending the Amended Scheduling Order (Document 68) deadlines by 60 days.

3. This action arises in part under 42 U.S.C. Section 1983 and involves an April 1, 2016 incident between Plaintiff Silvon S. Simmons (hereinafter "Plaintiff") and City of Rochester Police Officers which occurred in Plaintiff's neighbor's driveway at 9 Immel Street and Plaintiff's back yard at 5 Immel Street in the City of Rochester, New York.

4. The pertinent facts of this case are set forth in Plaintiff's Amended Complaint And Jury Demand which is annexed hereto as **Exhibit A**.

5. On August 5, 2019, Honorable Michael A. Telesca issued his Decision and Order, attached hereto as **Exhibit B**, granting the City Defendants' motion to dismiss Plaintiff's Sixth Cause of Action for malicious abuse of process and granting

their motion to dismiss Plaintiff's Failure To Intervene claim against Defendants Ferrigno, Giancursio, Wiater and Ciminelli. (See **Exhibit B** – Decision and Order, pg. 2). Judge Telesca held that Plaintiff's Failure To Intervene claim may go forward against Defendant Muscato. (See **Exhibit B** – Decision and Order, pg. 22).

6. On January 27, 2020, the undersigned served Plaintiff's First Request For Production of Documents, Electronically Stored Information and Tangible Things (hereinafter "Plaintiff's First Request To Produce") on Defendants' counsel pursuant to FRCP 34. **(Exhibit C)**.

7. The undersigned made specific document, electronically stored information and tangible thing production requests to counsel for the City Defendants in Plaintiff's First Request To Produce (**Exhibit C)** at pages 5-10.

8. The undersigned made numerous requests by telephone messages and e-mail correspondence to counsel for the City Defendants to respond to Plaintiff's First Request To Produce (**Exhibit C**) but the undersigned received no response from him whether discovery responses will be forthcoming.

9. On September 3, 2020, the undersigned filed Plaintiff's first motion to compel discovery. (Docket #55-1).

10. On September 4, 2020, this Court issued a motion scheduling order directing the City Defendants to file responses to Plaintiff's motion to compel by September 25, 2020 and that replies be filed by October 9, 2020. (Docket #56).

11. The City Defendants did not file any response to Plaintiff's motion to

3

compel discovery and on October 13, 2020, this Court issued a Decision & Order and Amended Scheduling Order (hereinafter "Decision & Order") which is attached hereto as **Exhibit D** (Docket #58).

13. In the Decision & Order (**Exhibit D**), this Court granted Simmons's motion to compel on grounds that it is unopposed, and the City Defendants were ordered to provide written responses and produce documents responsive to Simmons's document demands by no later than October 30, 2020.

13. On October 30, 2020, counsel for the City Defendants obtained a letter Order from this Court (Docket #59) granting the City Defendants an extension of time until November 4, 2020 to provide written responses and produce documents responsive to Simmons's document demands.

14. On November 5, 2020, counsel for the City Defendants hand delivered the attached letter, City Defendants Response To Plaintiff's First Request For Production Of Documents (**Exhibit E**) along with four (4) CDs containing documentation which was not completely responsive to Plaintiff's document demands.

15. On November 17, 2020, the undersigned filed Plaintiff's second motion to compel discovery (Doc. 60) seeking to compel production of documents responsive to paragraphs 1(b), 1(c), 1(d), 1(i), 1(o), 1(dd) and 1(ee) of Plaintiff's First Request To Produce (**Exhibit C**).

16. On January 13, 2021, this Court issued an Order and Amended Scheduling Order (hereinafter "January 13, 2021 Order") which is attached hereto as **Exhibit F** (Docket #68).

17. In the January 13. 2021 Order (**Exhibit F**), this Court granted in part

4

and denied in part Simmons's motion to compel for the reasons stated more fully on the record on January 13, 2021. This Court denied that portion of Simmons's motion that sought an order imposing sanctions and granted an order extending the scheduling order deadlines and compelling production of documents from the City Defendants on or before January 27, 2021.

18. On January 27, 2021, counsel for the City Defendants hand delivered the attached letter, the City Defendants Supplemental Response To Plaintiff's First Request For Production Of Documents, Electronically Stored Information and Tangible Things (**Exhibit G**) along with a CD containing April 1, 2016 Mobile Data Terminal information from Rochester Police Department Mobile Data Terminals. The City Defendants' Supplemental Response (**Exhibit G**) was not completely responsive to Plaintiff's document demands.

19. On February 4, 2021, the undersigned emailed a letter annexed hereto as **Exhibit H** to counsel for the City Defendants demanding discovery materials responsive to Requests 1(d), 1(dd), 1(ee) made in Plaintiff's First Request For Production of Documents, Electronically Stored Information and Tangible Things (**Exhibit C**) and demanding production of these materials on or before February 15, 2021.

20. Subsequently, counsel for the City Defendants requested additional time to produce additional discovery materials which the undersigned agreed to.

21. On February 26, 2021, counsel for the City Defendants provided additional supplemental discovery to the undersigned in response to the undersigned's February 4, 2021 letter (**Exhibit H**) but not completely responsive to Plaintiff's discovery demands.

22.     The Plaintiff brings this third motion to compel discovery seeking

discovery materials which the City Defendants have failed to produce.

***April 1, 2016 Rochester Police Vehicle AVLS/Trackstar***
***GPS Records between 6:00 p.m. and 9:30 p.m.***

23.     At paragraph 1(d) of Plaintiff's First Request To Produce (**Exhibit C**),

Plaintiff requested:

> "All records, reports, data, memos, maps, charts, email correspondence and
> documents sent to and/or generated from the City of Rochester's automated
> vehicle locator system (AVLS), Trackstar, AVLS database/server and gps
> data recorded for the police vehicles which were operated by Officers Joseph
> M. Ferrigno, II, Samuel Giancursio, Christopher Muscato, William Gallagher,
> William Wagner and Patrick Giancursio, Whitney Unrath, Amy Baurer, Mark
> Wiater, Michael DiMauro, Dylan Minnick and Joseph Zampatori on April 1,
> 2016 between 6:00 p.m. and 9:30 p.m.".

24.     In response to Plaintiff's request at paragraph 23 above, the City

Defendants replied in their Supplemental Response:

> "After a search of all City of Rochester electronic files it has been determined that
> the data requested in this demand does not exist". (**Exhibit G**, pg. 3, para. 1(d)).

25.     With regard to the AVLS/Trackstar information, attached hereto as

**Exhibit I** is a copy of the trial testimony of Phong Huynh, application service analyst for the

City of Rochester, in the civil action *Jacenta R. Griffin vs. Anthony S. Delvecchio et al.*, 16-

CV-6029-CJS (WDNY).

26.     Mr. Huynh works in the City of Rochester's Information Technology

Department and is involved with the automated vehicle locater system which allows the police department to monitor the locations of its police cars in real time. (**Exhibit I** – Huynh Transcript, pg. 3, line 7 to pg. 4, line 1).

27. The Automated Vehicle Locater system (AVLS) was installed prior to February 2015 and consists of some components, the server and is located in the Public Safety Building. (**Exhibit I** – Huynh Transcript, pg. 4, line 14 to pg. 5, line 4, pg. 10, lines 11-20). The City owns and operates the system itself which it is still using. (**Exhibit I** – Huynh Transcript, pg. 10, line 21 to pg. 11, line 4).

28. Mr. Huynh acknowledged that there's a modem in the individual cars, the signal goes from the car modem to Verizon, from Verizon to Monroe County and from Monroe County to the Rochester Police Department where the data is collected and maintained by the IT Department on the server in the regular course of IT and City business. (**Exhibit I** – Huynh Transcript, pg. 7, line 4 to pg. 8, line 12).

29. As soon as the server gets the signal from the modem, the server will write the data to the City's database where it is maintained. (**Exhibit I** – Huynh Transcript, pg. 8, lines 10-19).

30. Reports can be generated from the information that is stored on the AVLS database (**Exhibit I** – Huynh Transcript, pg. 9, lines 19-25).

31. Trackstar is the company who developed the AVLS system the City uses and the City owns the server and the software. (**Exhibit I** – Huynh Transcript, pg. 11, line 17 to pg. 12, line 4). Mr. Huynh described that there are trip reports, movement summary reports, stop reports and idling reports that are generated by the AVLS system. (**Exhibit I** – Huynh Transcript, pg. 12, line 16 to pg. 13, line 6, pg. 24, lines 7-22). The Rochester Police

Department reviews the data on these reports. (**Exhibit I** – Huynh Transcript, pg. 17, lines 2-6).

32. Mr. Huynh testified concerning Exhibit number 414 concerning a stop report, a detail report, a trip report, an idling report and a movement report pertaining to a particular police vehicle. (**Exhibit I** – Huynh Transcript, pg. 25, lines 5-18). Mr. Huynh confirmed that "when you generate the report, you can specify any car you want to generate". (**Exhibit I** – Huynh Transcript, pg. 25, lines 19-23). Mr. Huynh acknowledged that it is the ordinary course of business of the Rochester Police Department to keep and maintain the data on the server. (**Exhibit I** – Huynh Transcript, pg. 28, lines 10-13). A copy of the February 2, 2015 Track Star Detail Report, Movement Summary Report, Stop Summary Report, Idling Vehicle Summary Report and Trip Report which Mr. Huynh testified about at trial for police vehicle E105 (Exhibit 414) is attached hereto as **Exhibit J**.

33. When the Court admitted and received Exhibit 414 into evidence (**Exhibit J**), the Court noted how Mr. Huynh testified about his familiarity with how the system works and as far as Mr. Huynh knows, there is no access in any way to add or delete from the data that's stored in the server. ((**Exhibit I** – Huynh Transcript, pg. 33, line 16 to pg. 34, line 10).

34. Mr. Huynh testified that "nobody have the permission to modify or remove and data in our system" and that data is kept in the system for two years. (**Exhibit I** – Huynh Transcript, pg. 18, lines 8-23).

35. Attached hereto as **Exhibit K** is a copy of a February 26, 2021 letter which the undersigned received from the City Defendants' counsel indicating that "the AVLS data no longer exists in the City system".

8

36. Attached hereto as **Exhibit L** is a copy of a Judicial Subpoena Duces Tecum issued in the Monroe County Court criminal case People of the State of New York vs. Silvon Simmons, CR#16-078072 signed by Honorable Sam Valleriani on January 19, 2017 compelling the Rochester Police Department to produce any and all records and data regarding the Automatic Vehicle Locators from the police vehicles used by Officer Joseph Ferrigno (D81D) and Officer Samuel Giancursio (251C) during the entire timeframe between 20:00 and 21:30 on April 1, 2016 in the City of Rochester.

37. The attached **Exhibit M** is a copy of a January 25, 2017 letter from Stefanie Conte, Technical Services Section/Court Liaison Unit, for the City of Rochester advising Judge Valleriani that the Rochester Police Department received the judicial subpoena regarding the case against Silvon Simmons and requesting "Any and all records and data regarding the Automoatic *[sic]* Vehicle Locators from the police vehicles…..during the entire timeframe of April 1, 2016…." and responding "there is no data available for the specified date".

38. Based on the information contained in paragraphs 25 through 37 above, The City Defendants should be compelled to produce "all records, reports, data, memos, maps, charts, email correspondence and documents sent to and/or generated from the City of Rochester's automated vehicle locator system (AVLS), Trackstar, AVLS database/server and gps recorded data recorded for the police vehicles which were operated by Officers Joseph M. Ferrigno, II, Samuel Giancursio, Christopher Muscato, William Gallagher, William Wagner and Patrick Giancursio, Whitney Unrath, Amy Baurer, Mark Wiater, Michael DiMauro, Dylan Minnick and Joseph Zampatori on April 1, 2016 between 6:00 p.m. and 9:30 p.m." as requested at paragraph 1(d) of Plaintiff's First Request To Produce. (**Exhibit C**).

39. Although the data may no longer exist on the City system, the City should be compelled to obtain this information from their Cloud provider or other source who may store this data.

40. The AVLS/Trackstar reports and data which Plaintiff seeks is highly relevant to establish where the Defendant officers were at the time the April 1, 2016 incident occurred. Plaintiff has alleged at paragraph 132 of the Amended Complaint (**Exhibit A**) that Defendant Samuel Giancursio was not present at the scene when Defendant Ferrigno shot at Plaintiff and the AVLS/Trackstar reports and data will disprove Defendant Giancursio's claim that he arrived and was present at the time immediately before and when Plaintiff was shot.

41. The undersigned requests that this Court conduct a hearing to determine if the AVLS/Trackstar records and data which Plaintiff requested exists, whether it is stored in a cloud or other place and to identify the entity which may have this information so that a judicial subpoena may be signed and served to obtain these records and data. Also, a hearing should be conducted to determine if the City of Rochester failed to preserve relevant electronically stored information and violated its own data retention policy which required the AVLS/Trackstar records and data to be retained on the City of Rochester's server for two (2) years as testified to by Mr. Huynh. (See **Exhibit I** – Huynh Transcript, pg. 18, lines 8-23).

42. On June 23, 2016, Defendant City of Rochester was served with Plaintiff's Verified Notice of Claim detailing its culpability and Plaintiff's damages. It is respectfully submitted that Defendant City of Rochester was under a duty to preserve this electronically stored information because of pending or reasonable anticipated civil litigation

which the City of Rochester was advised of less than three (3) months after the April 1, 2016 incident occurred. In addition, there was an immediate criminal investigation and criminal charges filed against Plaintiff Silvon Simmons and this obligated the City Defendants to preserve and safeguard these records and data.

43. Pursuant to FRCP 37(e), the undersigned requests this Court to conduct a hearing to determine whether the AVLS/Trackstar reports and data exist, whether the City Defendants took reasonable steps to preserve AVLS/Trackstar reports and data and whether it can be restored or replaced through additional discovery or another source. A hearing will clarify whether the information can be retrieved from a cloud provider, the City's hard drive, backup system or server, and whether it can be retrieved, restored or produced through another source. In the event that it is determined that Defendant City of Rochester destroyed, allowed to be destroyed or intended to deprive the Plaintiff of use of this evidence, the Plaintiff will move for spoilation sanctions pursuant to FRCP 37(e)(2).

***All Complaints Against Any City of Rochester***
***Police Department Officer For The Past 10 Years***
***For Excessive Use Of Force and/or Deadly Force***

44. At paragraph 1(dd) of Plaintiff's First Request To Produce (**Exhibit C**), Plaintiff requested:

> "All information contained in the files, computer and/or computers maintained by the internal affairs division of the City of Rochester Police Department or any other division of the City of Rochester Police Department including, but not limited to, PSS Investigative Summaries, Civilian Review Board determinations and Police Chief Reviews, concerning all complaints made against any City of Rochester Police Department officer for the past 10 years for excessive use of force and/or deadly force, including but not limited to the information that is retrievable by computer code".

45. In response to Plaintiff's request at paragraph 44 above, the City Defendants replied in their Supplemental Response:

"See Documents Bate Stamped COR004220-COR004230". (**Exhibit G** – pg. 3).

46. Documents Bate Stamped COR004220-COR004230 comprised of a list of cases involving "Force" which are contained in the City's computer database. No incident reports, PSS Investigative Summaries, Civilian Review Board determinations or Police Chief Reviews were provided with these documents.

47. In the undersigned's February 4, 2021 letter, a request was made to counsel for the City Defendants to provide all information contained in these specific case files and computers including the incident reports, PSS Investigative Summaries, Civilian Review Board determinations and Police Chief Reviews. (See **Exhibit H** - pg. 3). The undersigned also noted how the Benny Warr force complaint was not included in the computer data base list provided and requested the City Defendants' counsel to review his computer database list, modify it to include the Benny Warr case and others which may have been omitted. (See **Exhibit H** – pg. 3).

48. Instead of producing the requested discovery, counsel for the City Defendants advised the undersigned to go onto the City of Rochester's website and to obtain the requested excessive force complaints from there which are now made available to the public.

49. Attached hereto as **Exhibit N** is a screen shot copy of the Police

12

Department Discipline Database on the City of Rochester's website indicating that the database contains records for "current Rochester Police Department Officers" and "where charges were substantiated". See (**Exhibit N**). When the undersigned went onto this website, there were no complaints for officers who are no longer employed by the Rochester Police, the documents were heavily redacted and there were no complaints where allegations were deemed "Exonerated", "Unfounded" or "Unprovable" by the City of Rochester Police Department.

        50.    It is the undersigned's position that counsel for the City Defendants should be compelled by this Court to produce all unredacted complaints, including but not limited to all PSS Investigative Summaries, Civilian Review Board determinations and Police Chief Reviews, made against any City of Rochester Police Department officer for the past 10 years for excessive use of force and/or deadly force whether the complaint is deemed Sustained, Unfounded, Unprovable or Exonerated. These documents should be produced by the City Defendants' counsel and the undersigned should not be required to obtain these documents from a public website of other source which severely limits what is produced.

***All Complaints Made Against RPD Officers***
***Anthony Liberatore, Patrick Giancursio,***
***Thomas Rodriguez, Alexander Baldauf,***
***Mario Masic, Jonathan Marsh, Daniel Rizzo,***
***Edward First, Andrew Bostick and Joel Hasper***
***For Excessive Use of Force and/or Deadly Force***

51. At paragraph 1(ee) of Plaintiff's First Request To Produce (**Exhibit C**), Plaintiff requested:

> "All information contained in the files, computer and/or computers maintained by the internal affairs division of the City of Rochester Police Department or any other division of the City of Rochester Police Department including, but not limited to, PSS Investigative Summaries, Civilian Review Board determinations and Police Chief Reviews, concerning all complaints made against City of Rochester Police Department Officers Anthony Liberatore, Patrick Giancursio, Thomas Rodriguez, Alexander Baldauf, Mario Masic and the officers involved in the arrest of Lentorya Parker, including Officers Jonathan Marsh, Daniel Rizzo, Edward First, Andrew Bostick and Joel Hasper, for excessive use of force and/or deadly force, including but not limited to the information that is retrievable by computer code".

52. In response to Plaintiff's request at paragraph 51 above, the City Defendants replied in their Supplemental Response:

> "See Documents Bate Stamped COR004231 – COR004320". (**Exhibit G** – pg. 3).

53. The documents identified in paragraph 51 above received by the City Defendants contained numerous redactions. The undersigned requests that Defendants' counsel produce unredacted copies of these documents.

54. Upon review of documents concerning all complaints against the police officers identified in paragraph 51 above, it appears that counsel for the City Defendants is only disclosing complaints which were Sustained against the officers. The undersigned is requesting all complaints made against these specific officers, whether the finding is Exonerated, Unfounded, Unprovable or Sustained. The undersigned

14

respectfully requests this Court to compel the City Defendants to disclose all such unredacted complaints, including PSS Investigative Summaries, Civilian Review Board determinations and Police Chief Reviews to Plaintiff.

55. Based on the foregoing, the City Defendants and their counsel have not acted in good faith before and after this Court's October 13, 2020 Decision & Order (**Exhibit D)** and January 13, 2021 Order and Amended Scheduling Order (**Exhibit F**) were issued and there is no excuse for the City Defendants' delay in providing documents responsive to Plaintiff's First Request To Produce. (**Exhibit C).** Based on the foregoing, this Court should impose the requested sanctions and reasonable expenses, including attorney fees, against The City Defendants and/or their counsel for their continued failure to comply with this Court's Orders and in making this third motion pursuant to FRCP 16(f), 37(b)(2)(A) and (C) necessary.

56. Based on the foregoing, the City Defendants and their counsel have not acted in good faith before and after this Court's Orders were issued and there is no excuse for the City Defendants' delay in providing complete written discovery responses to Plaintiff's First Request To Produce. (**Exhibit C**).

57. Pursuant to FRCP 16(f), 37(b)(2)(A) and (C), the Plaintiff requests this Court to issue an order imposing sanctions, including striking the City Defendants' Answer and/or monetary sanctions, against the City Defendants and/or their counsel for their continued non-compliance with this Court's Orders. The Plaintiff also requests an order from this Court compelling the City Defendants to provide complete written responses to Plaintiff's outstanding discovery demands as set forth above within seven (7) days after

the return date of this motion.

58. The undersigned requests that pursuant to FRCP 37(a)(5) and 37(b)(2)(C), this Court grant reasonable expenses, including attorney's fees, caused by the City Defendants' failure to obey this Court's Orders which necessitated this third motion to compel discovery. In the event that such expenses and fees are granted, the undersigned will submit an affidavit of services and disbursements to the Court.

59. Due to the City Defendants' failure to obey this Court's Orders (**Exhibits D & F**), the undersigned has been unable to schedule depositions of the City Defendants. At this time, the parties require a further extension of all deadlines, including but not limited to the May 3, 2021 factual discovery deadline, contained in this Court's Order and Amended Scheduling Order. (**Exhibit F**).

60. Before and following this Court's issuance of the January 13, 2021 Decision & Order (**Exhibit F)**, the parties worked diligently in finishing the depositions of Plaintiff and Shotspotter representatives. The undersigned respectfully requests this Court to extend all deadlines in the Amended Scheduling Order (**Exhibit F**) out 60 days after the return date of this motion. This should allow enough time to receive the outstanding discovery responses from the City Defendants and to finish depositions in this action.

61. Based on the foregoing and pursuant to FRCP 16(b)(4), good cause has been shown why this Court should again modify and extend the deadlines in this Court's Order and Amended Scheduling Order (**Exhibit F**).

**WHEREFORE**, your deponent respectfully prays for the following relief:

A. An Order pursuant to FRCP 37(a)(3)(B) compelling Defendants Joseph M. Ferrigno, II, Samuel Giancursio, Mark Wiater, Christopher Muscato, Robert Wetzel, Michael L. Ciminelli, John Does 1-20 and City of Rochester to produce complete materials responsive to Plaintiffs' First Request For Production of Documents, Electronically Stored Information and Tangible Things;

B. An Order granting a hearing pursuant to FRCP 37(e) to determine whether the requested AVLS/Trackstar reports and data exist, whether the City Defendants destroyed, allowed to be destroyed and/or took reasonable steps to preserve AVLS/Trackstar reports and data concerning the April 1, 2016 incident and whether it can be retrieved, restored or produced through another source;

C. An Order imposing the requested sanctions against the City Defendants and/or their counsel and awarding reasonable expenses incurred, including attorney fees, caused by the failure of the City Defendants to comply with this Court's October 13, 2020 Decision & Order and January 13, 2021 Order and Amended Scheduling Order and in making this motion pursuant to FRCP 16(f), 37(b)(2)(A) and (C); and

D. An Amended Scheduling Order pursuant to FRCP 16(b)(4) extending all deadlines in the Decision & Order and Amended Scheduling Order (**Exhibit D** - Document 58) by 60 days; and

E. An Order granting such other and further relief as the Court deems just and proper.

              s/Charles F. Burkwit, Esq.
              Charles F. Burkwit, Esq.

Sworn to before me this
17th day of March, 2021.


  s/Barbara Peck
  Notary Public