UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| SILVON SIMMONS, | AFFIDAVIT IN RESPONSE TO THIRD MOTION TO COMPEL |
| Plaintiff, | Case No.: 17-cv-6176 |
| v. | |
| JOSEPH M. FERRIGNO, II, SAMUEL GIANCURSIO, MARK WIATER, CHRISTOPHER MUSCATO, ROBERT WETZEL, MICHAEL CIMINELLI, JOHN DOES 1-20, CITY OF ROCHESTER, SHOTSPOTTER INC., SST, INC., JOHN DOES 21-30 and PAUL C. GREENE, | |
| Defendants. | |

_____

JOHN M. CAMPOLIETO, Esq., affirms and states:

1.  I am an attorney with the City of Rochester Corporation Counsel's Office and represent Officers Joseph M. Ferrigno II, Samuel Giancursio, Mark Wiater, Christopher Muscato, Robert Wetzel, Michael Ciminelli and the City Of Rochester, (hereinafter "City Defendants").  I am admitted to practice law before the courts of the State of New York and in the United States District Court, Western District of New York.

2.  I submit this affirmation in opposition to the Plaintiff's Third Motion to Compel and to impose costs and sanctions on the City as Plaintiff's attorney alleges that certain discovery requests were not fulfilled to his purported satisfaction or not turned over in the City's multiple discovery responses.

3. Your Affiant is the attorney for the City Defendants. I have been continually working on pulling and culling Rochester Police Department documents for this matter throughout 2020 and 2021. To date I have personally supplied Plaintiff's attorney with over 25,000 pages of documents, videos, photographs, Monroe County Jail phone calls, the entire case file regarding the incident sued over, medical records of police officers involved, Mobile Data Terminal Data for the entire City of Rochester for over two days of duty work, all force and disciplinary records for the past 10 years, complete Professional Standard Section records for all officers requested in the discovery, all sustained disciplinary records for all Rochester Police Officers employed and all emergency communication records from April 1, 2016, the evening that the incident occurred.

4. Though the parties have conducted all ShotSpotter personnel depositions, only two City of Rochester police officers and two non-party witness have had their deposition taken. The bulk of the named and unnamed Rochester Police Department Officers involved in this case have not been deposed.

5. This is the third motion to compel brought by the Plaintiff's attorney who refuses to conduct the depositions because he believes that he does not have documentation requested in his Request for Production of Documents. Even if he is correct there is no reason that these depositions could not be conducted.

6. As this is the third motion to compel that this attorney has brought the Court understands the continuing complaints and defenses. The Plaintiff's attorney is on a fishing expedition and seeks records which I have attested do not exist in the custody of the City

and other documents which I have submitted to the attorney pursuant to the discovery requests.

7. I have complied with the Request for Production of documents by sending greater than 4200 pages of documentation which included all documents produced by the Rochester Police Department regarding the incident which was sued upon on November 5, 2020. The documents were Bate Stamped COR000001 through COR004206. Additionally, the City supplied a disk containing audio of the shots fired during the incident. The ShotSpotter CD and documents were Bate Stamped COR004208-COR004277. Document sent on 5 CDs. This information was sent pursuant to the initial Response to Plaintiff's Request for Production. *See City of Rochester Letter and Response to Disclosure Request dated November 4 and 5, 2020 attached as Exhibit A.*

9. On January 27, 2021 the City sent Supplemental Discovery Responses to Plaintiff's requests. These documents contained over 18,000 pages of Mobile Data Terminal Recordings documents Bate Stamped COR004208 to COR004320 which consisted of each excessive force complaints for the past 10 years which were specifically marked responsive to Plaintiff's numbered discovery requests. *See City of Rochester Letter and Supplemental Response to Disclosure Request dated January 27, 2021 attached as Exhibit B.*

10. In the November 5, 2020 response to disclosure, the City stated that it was trying to locate the AVLS data and would respond as soon as it was located. In the January

27, 2021 response the City indicated that the documents no longer exist/were not in the possession of the City.  *See Exhibits A and B.*

11. On February 26, 2021 the City again sent Plaintiff supplemental disclosures. These documents were Bate Stamped COR004321-COR4866 and this consisted of the concise officer histories of Officers Daniel Rizzo and Andrew Bostick and the complete disciplinary histories/files of Officers A. Liberatore, P. Giancursio, Baldauf, Bostick, Masic, Marsh, First, Hasper and Rodriguez.  These officers were not directly involved in the incident at issue but were requested by the Plaintiff's attorney.  Additionally the City sent the 258 complaints of excessive force from the last 10 years.  *See Letter dated February 26, 2021 attached as Exhibit C.*

12. On March 1, 2021 the City sent an electronic mail to the Plaintiff's attorney which contained a link to a database which contained the complete file for all sustained discipline for any discipline based on a complaint made against any currently employed officer of the Rochester Police Department.  *See email dated March 1, 2021 attached as Exhibit D.*

13. On March 10, 2021 the City sent two PDFs which contained over 150 pages of all Command Review Discipline documentation for the past 10 years.  *See emails dated March 10, 2021 attached as Exhibit E.*

4

**PLAINTIFF'S ATTORNEY HAS FILED THIS THIRD MOTION TO COMPEL ASKING FOR THE FOLLOWING INFORMATION WHICH DOES NOT HAVE POSSESSION OR HAS PREVIOUSLY BEEN TURNED OVER TO THE ATTORNEY**

**AVLS Data**

14. A letter was sent to Plaintiff's attorney on February 26, 2021 stating that I had previously informed him that AVLS data does not exist. In this third motion to compel Plaintiff's attorney provides a paper trail, of his own making, attempting to demonstrate that the City is not disclosing the AVLS data. He is incorrect.

15. The AVLS data is only available if that information exists and is previously downloaded. I had previously informed Plaintiff's attorney that the system was changed at some point in 2016 and any information previously stored was rendered unavailable.

16. The Plaintiff purports to use an email sent from the RPD Records Manager to Monroe County Court Judge Sam Valleriani to show that the City has the data. However the letter clearly states that there is no data available for the specified date. See Letter from Stefanie Conte  *See email from Stefanie Conte to the Hon. Sam Valleriani attached as Exhibit F.*

17. THE AVLS DATA REQUESTED DOES NOT EXIST. The Plaintiff's attorney attempts to tie the City of Rochester to a conspiracy concealing the data. The documentary evidence shows the City did not have the documentation in 2017 when requested by the Monroe County Court. *See Exhibit F.* And the City does not have the documentation now.

An Affidavit from the individual associated with control over the system will be provided prior to May 18, 2021 hearing date.

**All Complaints against Officers for the Past 10 years**

18.     On January 27, 2021 and February 26, 2021 the City provided the 258 Complaints for excessive force which encompasses all of the complaints for excessive force for a decade.  This information contains the date of the incident, the officer's name, the allegation against the officer and departmental finding and incident number. *See Exhibit A and B*.

19.     Additionally the City provided all Command findings and Chief's Discipline on March 10 by PDF's contained in two email.  *See Exhibit E*.

20.     The City provided the complete file access to all sustained disciplinary proceedings for all officers currently employed.  This database contains all reports associated with those disciplinary cases.  See link to database- https://www.cityofrochester.gov/policediscipline/.

**All Complaints against specifically named Officers.**

21.     On February 26, 2021 the City sent Plaintiff supplemental disclosures with documents Bate Stamped COR004321-COR4866.  These documents consisted of concise officer histories of Officers Daniel Rizzo and Andrew Bostick and the complete disciplinary histories/files of Officers A. Liberatore, P. Giancursio, Baldauf, Bostick, Masic, Marsh, First,

Hasper and Rodriguez. These officers were not directly involved in the incident at issue but were requested by the Plaintiff's attorney. Additionally the City sent the 258 complaints of all excessive force complaints from the last 10 years. *See Exhibit C.*

22. The City provided the concise history of all of the requested officers along with all of the documents in their Professional Standard Section files.

23. The documents Bate Stamped COR004321-COR4866 and their concise officer history reports comprise the entirety of the complaints made against these officers.

**Conclusion**

24. For the third time the attorney for the Plaintiff did not confer with defense counsel prior to filing this third motion to compel. The attorney never conferred with me after the discovery was hand delivered on November 5, 2020 and supplemental discovery sent January 27, 2021, February 26, 2021, March 1, 2021 and March 10, 2021.

25. City Defendants have responded to the Request for production of documents completely. These motions to compel are extraordinary considering that the City has been continually disclosing documents in this matter for over 6 months to the tune of over 25,000 documents.

26. Attorney Fees are not available to Plaintiff's attorney in this matter due to the fact that the City complied and responded to all discovery requests made by the Plaintiff's attorney.

27. Additionally, attorney fees cannot be claimed by the Plaintiff because it is not alleged that he has incurred any expense. In the matter of *White v. Larusch*, a decision

7

was issued by Magistrate Judge Jeremiah J. McCarthy of the United States District Court, Western District of New York, stating that Rule 37(a)(5)(A) provides only for an award of movant's expenses. Judge McCarthy further stated that if the movant (in this case Simmons) does not allege that he incurred any obligation to pay his attorneys for making a motion or explain if his fee arrangement is contingent, fixed or hourly, an award of attorney fees is not cognizable by the court. *White v. Larusch, 2021 U.S. Dist. LEXIS 68607.* The City explained its specific objections to providing this information in a clear and detailed objection to the request.

**WHEREFORE**, defendants City of Rochester demand:

(1)   Dismissal of the third Motion to Compel;

(2)   No further extension of the Court's Scheduling Order;

(2)   Such other and further relief which to the Court may seem just and proper.

Date: April 19, 2021         TIMOTHY R. CURTIN, CORPORATION COUNSEL

By:      /s/
John Campolieto, Esq., of Counsel
*Attorneys for Defendants*
30 Church Street, Room 400A
Rochester, NY  14614
(585) 428-7410

To:   Charles F. Burkwit, Esq.
Burkwit Law Firm, PLLC
16 E. Main Street, Suite 450
Rochester, New York 14614

(585) 546-1588

Paul A. Sanders, Esq.
Barclay Damon, LLP.
2000 Five Star Bank Plaza
100 Chestnut Street
Rochester, NY 14607
(585) 295-4426