UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SILVON S. SIMMONS,

            Plaintiff,                    **REPLY AFFIDAVIT**

    vs.                                  **17-CV-6176-FPG-MWP**

JOSEPH M. FERRIGNO, II, SAMUEL
GIANCURSIO, MARK WIATER,
CHRISTOPHER MUSCATO, ROBERT
WETZEL, MICHAEL L. CIMINELLI,
JOHN DOES 1-20, CITY OF ROCHESTER,
SHOTSPOTTER, INC., SST, INC.,
JOHN DOES 21-30 and PAUL C. GREENE,

            Defendants.
_____

STATE OF NEW YORK)
COUNTY OF MONROE)    SS:

        Charles F. Burkwit, being duly sworn, deposes and says:

        1.    I am an attorney at law, duly licensed to practice my profession in the State of New York and am the attorney of record for Plaintiff Silvon S. Simmons (hereinafter "Plaintiff"), and as such, I am fully familiar with the facts and circumstances of this action.

        2.    I give this Reply Affidavit in support of Plaintiff's third motion to compel discovery pursuant to FRCP 37 against Defendants Joseph M. Ferrigno, II, Samuel Giancursio, Mark Wiater, Christopher Muscato, Robert Wetzel, Michael L. Ciminelli and City of Rochester (hereinafter "City Defendants") and for sanctions and reasonable

1

expenses incurred, including attorney fees, in making this third motion to compel. I also give this Affidavit in support of Plaintiff's motion pursuant to FRCP 37(e) requesting a hearing to determine whether the City Defendants took reasonable steps to preserve AVLS/Trackstar reports and data and whether they can be retrieved, restored or produced through another source. I also give this Affidavit in support of Plaintiff's motion pursuant to FRCP 16(b)(4) for issuance of an Amended Scheduling Order extending the Amended Scheduling Order (Document 68) deadlines by 60 days.

3. Although counsel for the City Defendants complains of "continually working on pulling and culling Rochester Police Department documents for this matter throughout 2020 and 2021" (See Campolieto Affidavit, para. 3), this is his job and obligation to produce discovery to Plaintiff in this action.

4. Plaintiff has worked diligently in completing depositions in this action. On February 25, 2021, the deposition of Defendant Robert Wetzel was completed. On March 2, 2021, the deposition of Defendant Mark Wiater was completed. On March 9, 2021, the deposition continuation of Shotspotter representative Robert Bresler was completed. On April 12, 2021, the non-party depositions of Eric Freemesser and Ellyn Colloquon were completed. On May 3, 2021, the non-party depositions of Jonathan Henderson, Detron Parker and Dawn Darragh who were witnesses to the April 1, 2016 incident were completed. Unfortunately, subpoenaed non-party witnesses Dontez Williams and Shawneequa Tillison failed to appear for their depositions that day.

5. On or about January 27, 2020, the undersigned served on the City Defendants' counsel a Notice of Deposition To City of Rochester Defendants noticing the depositions of Defendants Joseph M. Ferrigno, II, Samuel Giancursio, Mark Wiater,

2

Christopher Muscato, Robert Wetzel, Michael L. Ciminelli and non-party witnesses Officers William Wagner, Patrick Giancursio, William Gallagher, Dylan Minnick, Amy Baurer, Whitney Unrath, Michael DiMauro, Joseph Zampatori and Sgt. Kenneth Coniglio.

6. On March 22, 2021, the undersigned's office emailed a Notice of Deposition dated March 18, 2021 on counsel for the City Defendants noticing the depositions of Defendants Joseph M. Ferrigno, II, Samuel Giancursio, Christopher Muscato and Michael L. Ciminelli and non-party witness Officers William Wagner, Patrick Giancursio, Flamur Zenelovic, Eric Ferguson and a representative from the City of Rochester's Information Technology Department, one with knowledge of the Automated Vehicle Locator System (AVLS) and the storage and retention of such data for City of Rochester Police vehicles. These depositions were noticed to take place on April 5, 2021 at 9:00 a.m. or on such other date and time as mutually agreed by the parties.

7. When the March 18, 2021 deposition notice was served on the City Defendants' counsel, the undersigned's office requested alternative dates and times when these witnesses will be available to be deposed in the event they could not be deposed on April 5, 2021.

8. On April 21, 2021, the undersigned's office emailed counsel for the City Defendants asking for available dates in April and/or May to conduct depositions of the City Defendants and the non-party Officers and counsel replied that he did not have any dates available in April but he will check with these witnesses to see what he can do in terms of scheduling dates as soon as possible. Despite Plaintiff's efforts to schedule and complete these depositions in April and May 2021, counsel for the City Defendants has not confirmed when he and the officers will be available for depositions.

9. In any event, it remains the undersigned's position that depositions of the City Defendant officers cannot go forward until the discovery which is the subject of this third motion is produced since it is highly relevant and will be utilized during the questioning of these witnesses.

10. Although counsel for the City Defendants claims that the undersigned did not confer with him prior to the filing of this third motion to compel discovery, the undersigned did confer with him by emailing him a February 4, 2021 letter (See Exhibit H – Burkwit Affidavit) concisely demanding the discovery materials which were due responsive to Requests 1(d), 1(dd) and 1(ee) made in Plaintiff's Request For Production of Documents. (See Exhibit H – Burkwit Affidavit). As this Court is aware, this requested discovery has been Court ordered so there actually is nothing to confer about.

### *AVLS DATA*

11. With regard to Plaintiff's request for all records, reports, data, memos, maps, charts, email correspondence and documents sent to and/or generated from the City of Rochester's automated vehicle locator system (AVLS), Trackstar, AVLS database/server and GPS data recorded for police vehicles operated by named officers on April 1, 2016 between 6:00 p.m. and 9:30 p.m. (See Exhibit C – Burkwit Affidavit, Plaintiff's First Request To Produce, para. 1(d)), Defendants' counsel has not provided any explanation as to whether, when and how this data was originally stored in the City's server, whether it was deleted from the server and if so, how and why it was deleted, who deleted it and whether the data is stored in with a cloud provider or other source. Defendants' counsel has also failed to address whether any measures were taken to preserve this data which is to be kept

in the system for two years according to the City of Rochester's Application Service Analyst, Phong Huynh. (See Exhibit I – Burkwit Affidavit, Huynh Transcript, pg. 18, lines 8-23).

12. Although Defendants' counsel claims "the system was changed at some point in 2016 and any information previously stored was rendered unavailable" (See Campolieto Affidavit, para. 15), he does not explain when the system was changed, how the system was changed, who changed it, whether any back up storage arrangements were made for the data stored in the system and how previously stored data was "rendered unavailable" after the system was changed.

13. The undersigned provided the trial testimony of Mr. Phong Huynh which was taken during a jury trial in the action *Jacenta R. Griffin v. Anthony Delvecchio et al*, 16-CV-6029 in United States District Court WDNY before the Honorable Charles Siragusa. The undersigned represented the Plaintiff in that trial. This trial began with jury selection on Monday April 29, 2019 and ended on May 2, 2019. During the trial, Mr. Huynh testified in detail concerning a February 2, 2015 Track Star Detail Report, Movement Summary Report, Stop Summary Report, Idling Vehicle Summary Report and Trip Report for police vehicle E-105. (See Exhibit J – Burkwit Affidavit).

*14.* City of Rochester Attorney Patrick Beath represented the Defendants in *Griffin v. Delvecchio* and he was easily able to produce the February 2, 2015 AVLS reports at the 2019 jury trial.

15. During Mr. Huynh's trial testimony in the 2019 trial in *Griffin v. Delvecchio*, Mr. Huynh never mentioned that the AVLS system was modified or changed at some point in 2016 and he did not mention that any information previously stored was

5

rendered unavailable. He produced the February 2, 2015 AVLS data and reports and testified about them in that case.

16. If the City of Rochester followed its own data retention policy and retained the AVLS records and data for 2 years after the April 1, 2016 incident which is the subject of this litigation, the AVLS records for the police vehicles which responded to the incident scene would have been saved until April 1, 2018. If these AVLS records and data had been recorded on the server and saved by the City of Rochester, they should have been produced in response to the Judicial Subpoena Duces Tecum signed by Honorable Sam Valleriani on January 19, 2017 compelling the Rochester Police Department to produce them. In response to this subpoena, on January 25, 2017, RPD Court Liaison Stafanie Conte responded "There is no data available for the specified date". (See Exhibit M – Burkwit Affidavit, Conte Letter). Since this data should have been preserved for two (2) years on the City's database, one must question why Ms. Conte offered no explanation in her January 25, 2017 letter why the data was not available for the specified date and why it was not available less than ten (10) months after the April 1, 2016 shooting.

17. There remains an issue to be resolved as to why there are no AVLS records or data available for April 1, 2016, whether these records and data ever existed, whether they were destroyed or still exist and whether they can be retrieved from another source. If these records and data were destroyed, there is an issue as to why, when, where and how these records were destroyed and whether these records and data can be retrieved from another source. Accordingly, a hearing should be held concerning these issues.

18. There also remains a question as to why the City of Rochester failed to follow its own data retention policy concerning the AVLS records and data and why these records allegedly do not exist thus warranting a hearing on these issues.

19. It is not sufficient for the City Defendants to simply claim "The AVLS DATA REQUESTED DOES NOT EXIST". (See Campolieto Affidavit, para. 17). Plaintiff is entitled to know if the AVLS data and records ever existed and if so, why they no longer exist and if they can be obtained from another source besides the City of Rochester such as a cloud vendor.

20. At paragraph 10 of Mr. Campolieto's Affidavit, he recites how "In the January 27, 2021 response the City indicated that the documents no longer exist/were not in the possession of the City. *See Exhibits A and B"*. According to this response, it clearly appears that the documents did exist at one time but now no longer exist or are not in possession of the City. An explanation is needed.

### *ALL COMPLAINTS AGAINST ANY CITY OF ROCHESTER POLICE DEPARTMENT OFFICER FOR THE PAST 10 YEARS FOR USE OF FORCE and/or DEADLY FORCE*

21. The 258 complaints for excessive force which counsel for the City Defendants refers to is simply an eleven (11) page list of complaints which gives: a) an incident number; b) the date it occurred; c) the incident type as "Citizen Complaint"; d) the alleged allegation as "Force"; e) the alleged finding as "Officed", "Exonerated", "Unfounded", "Unprovable", "Sustained" or "Pled Guilty"; and f) the first and last name of the officer. This list is Bate Stamped COR 004220-004230.

22. The undersigned represented Benny Warr who made an excessive force complaint in May 2013 against RPD officers Defendant Joseph M. Ferrigno, II and

7

Anthony Liberatore and this case was not included on this eleven (11) page list.

23. As previously noted in the undersigned's Affidavit at paragraph 47, the undersigned sent a February 4, 2021 letter to the City Defendants' counsel requesting incident reports, PSS Investigative Summaries, Civilian Review Board determinations and Police Chief Reviews in these specific case files. These materials were not provided by the City Defendants' counsel.

24. The City Defendants' list of 258 complaints does not provide any information concerning who the complainant/s was/were, the type of force that was used, the investigation into the allegations, the circumstances of the force used, the evidence supporting the force allegation and what the findings of the RPD Professional Standards Section, the Civilian Review Board and Police Chief.

25. At paragraph 1(dd) of Plaintiff's First Request To Produce (Exhibit C – Burkwit Affidavit), Plaintiff requested:

> "All information contained in the files, computer and/or computers maintained by the internal affairs division of the City of Rochester Police Department or any other division of the City of Rochester Police Department including, but not limited to, PSS Investigative Summaries, Civilian Review Board determinations and Police Chief Reviews, concerning all complaints made against any City of Rochester Police Department officer for the past 10 years for excessive use of force and/or deadly force, including but not limited to the information that is retrievable by computer code".

26. The City Defendants' eleven (11) page list of force cases Bate Stamped as COR004220-004230 does not satisfy Plaintiff's request in paragraph 25 above.

27. Although the City Defendants' counsel states that "the City provided all Command findings and Chief's Discipline on March 10 by PDF's contained in two

8

email" (See para. 19, Campolieto Affidavit), these findings only pertained to "Sustained" findings of use of force, not to findings in cases which were determined to be Unfounded, Exonerated, Unprovable, Officed or where an officer Pled Guilty. Mr. Campolieto's email dated March 10, 2021 states that the additional documents only pertained to sustained findings of use of force (See Exhibit E – Campolieto Affidavit). Plaintiff is entitled to all PSS Investigative Summaries, Civilian Review Board determinations and Police Chief Reviews for all force and deadly force cases whether they are Unfounded, Exonerated, Unprovable, Sustained, Officed or where the officer Pled Guilty.

28.     Mr. Campolieto did provide the undersigned with some Chief's Review Forms from 2017 to 2020 (11 total cases) and from 2010 to 2012 (7 total cases) but there were no corresponding PSS Investigative Summaries or Civilian Review Board determinations.

29.     To date, counsel for the City Defendants has only provided piecemeal discovery which is incomplete, inadequate and non-responsive to Plaintiff's discovery demands.

30.     As previously explained, the City of Rochester's website is an inadequate source of information since it only contains "Sustained" force complaints against "current" Rochester Police Department officers. (Emphasis added). The City of Rochester's website does not contain complaints where allegations were deemed

9

Exonerated, Unfounded or Unprovable by the City of Rochester Police Department and complaints against officers who are no longer with the Rochester Police Department. In addition, the documents on the City's website are heavily redacted. Based on the foregoing, Plaintiff is unable to obtain discovery he is entitled to from the City's website and the documents should be produced by the City Defendants' attorney.

***ALL COMPLAINTS MADE AGAINST OFFICERS
ANTHONY LIBERATORE, PATRICK GIANCURSIO,
THOMAS RODRIGUEZ, ALEXANDER BALDAUF,
MARIO MASIC, JONATHAN MARSH, DANIEL RIZZO,
EDWARD FIRST, ANDREW BOSTICK AND JOEL HASPER
FOR EXCESSIVE FORCE AND/OR DEADLY FORCE***

31. Counsel for the City Defendants claims that the City sent Plaintiff supplemental disclosures with documents Bate Stamped COR004321 – COR4866 consisting of concise officer histories of Officers Daniel Rizzo and Andrew Bostick and the complete disciplinary histories/files of Officers A. Liberatore, P. Giancursio, Baldauf, Bostick, Masic, Marsh, First, Hasper and Rodriguez. (See Campolieto Affidavit, para. 21).

32. Plaintiff received from the City Defendants Bate Stamped Documents 004321 -004548 which contain redacted documents concerning one sustained complaint against one of the above officers. The undersigned requests this Court to Order the City Defendants to provide these documents in an unredacted format. With respect to this one officer, the City Defendants should be compelled to produce all

documents concerning other complaints which were found to be Unfounded, Unprovable, Exonerated or Pled Guilty concerning this officer.

33. Plaintiff received Bate Stamped Documents 004549-4552 which are four (4) pages containing the name of one officer on the top of each page.

34. Plaintiff received Bate Stamped Documents 004553 to 004588 which contain heavily redacted RPD Investigative Action Report and records concerning two (2) officers who were involved in "Sustained" non-use of force incidents.

35. Plaintiff received Bates Stamped Documents 004589 to 004666 which contain redacted Incident reports and PSS transcripts concerning one of the named officers where the use of force allegation was "Sustained".

36. Plaintiff received Bates Stamped Documents 004667 to 004773 which contain redacted RPD incident reports and investigative action reports, a heavily redacted Concise Officer History report for one named officer, a sustained PSS investigative summary, RPD General Order 585 concerning Arrest, memorandums and redacted informations/complaints concerning one of the named officers.

37. Plaintiff received Bates Stamped Documents 004774 to 004866 which contain RPD General Order 565 regarding Municipal Code Violation Summons, Taser Standard Operating Procedure, training manuals and bulletins concerning two (2) of the named officers and RPD General Order 421 regarding Warrants.

38. Based on the foregoing, this Court should order the City Defendants

to produce unredacted copies of the documents Bate Stamped COR004321 – COR4866 and should order the City Defendants to produce all PSS Investigative Summaries, Civilian Review Board determinations and Police Chief Reviews concerning all complaints made against City of Rochester Police Department Officers Anthony Liberatore, Patrick Giancursio, Thomas Rodriguez, Alexander Baldauf, Mario Masic and the officers involved in the arrest of Lentorya Parker, including Officers Jonathan Marsh, Daniel Rizzo, Edward First, Andrew Bostick and Joel Hasper, for excessive use of force and/or deadly force as requested at paragraph 1(ee) of Plaintiff's First Request To Produce (See Burkwit Affidavit – Exhibit C). These should include all complaints, whether they were deemed Sustained, Unprovable, Unfounded, Exonerated, Officed or Pled Guilty.

39. Although counsel for the City Defendants' has provided thousands of pages of documents to the undersigned, many of those documents were not requested, were non-responsive or were duplicate copies. The Plaintiff's document requests are clear and concise and Defendants should produce what has been requested.

40. The undersigned respectfully requests this Court to extend the Amended Scheduling Order deadlines (See Exhibit F - Burkwit Affidavit) by 60 days to allow sufficient time for the City Defendants to produce the remaining discovery to Plaintiff and so that the remaining depositions can be scheduled and completed.

41. The undersigned respectfully requests this Court to grant the relief

requested in Plaintiff's moving papers together with such other and further relief as the Court deems just and proper.

                                                                                    s/Charles F. Burkwit, Esq.
                                                                                      Charles F. Burkwit, Esq.

Sworn to before me this
10th day of May, 2021.

   s/Barbara Peck
     Notary Public