UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SILVON S. SIMMONS,

                              Plaintiff,

        v.

JOSEPH M. FERRIGNO, II, et al.,

                              Defendants.
_____

DECISION & ORDER

17-CV-6176G

On March 17, 2021, Silvon S. Simmons ("Simmons") filed his third motion to compel, for sanctions, and for an extension of the scheduling order (Docket # 60), which was opposed by the City of Rochester, and its employees Joseph M. Ferrigno, II, Samuel Giancursio, Mark Wiater, Christopher Muscato, Robert Wetzel, and Michael L. Ciminelli (collectively, the "City Defendants") (Docket # 76). The Court held oral argument on the motion on May 18, 2021, and on that same day entered an order granting the motion in part, denying it in part, and reserving in part. (Docket ## 79, 80). This Decision and Order addresses the reserved portion of the motion relating to Simmons's request for sanctions.

        "[D]istrict judges enjoy wide discretion in sanctioning litigants appearing before them." *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 177 (2d Cir. 2008) (citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006)). Indeed, Rules 37(a)(5)(A) and 37(b)(2)(C) of the Federal Rules of Civil Procedure contemplate the imposition of costs and fees incurred in connection with successful motions to compel production or compliance with a previous court order. The imposition of fees under Rule 37 may be denied, however, where the

failure to comply was "substantially justified" or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A) and 37(b)(2)(C).

The record before me, including consideration of the breadth and volume of the discovery that has been provided to date, does not justify the requested sanction of striking the City Defendants' answer (Docket # 69-1 at ¶ 57).  *See Richard v. Dignean*, 2017 WL 3083916, *4 (W.D.N.Y. 2017) ("dismissal of a lawsuit, or its analogue, striking an answer, is appropriate if there is a showing of willfulness, bad faith, or fault on the part of the sanctioned party; however, because it is a drastic remedy it should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions") (internal quotations, brackets, and alterations omitted).  Yet, this is the third motion brought by Simmons in order to compel the City Defendants to produce the requested documents (Docket ## 55, 60, 69), and nothing in the record before me suggests that the City Defendants' failure to comply with their discovery obligations and my previous order (Docket # 68) was substantially justified, nor does the record suggest that an award of Simmons's expenses would be unjust.  Rather, in view of the City Defendants' admission that voluminous documents remain to be produced (documents numbering "in the tens of thousand[s]" (Docket # 81 at ¶ 6)), an award of attorneys' fees and costs in connection with the motion is warranted.

Accordingly, that portion of Simmons's motion that seeks reimbursement of his fees and costs **(Docket # 69)** is **GRANTED**, and the City Defendants are directed to reimburse Simmons's attorneys' fees and costs incurred in making this motion.  The parties are directed to promptly meet and confer regarding the amount of attorneys' fees and costs to be reimbursed; in the event that no agreement is reached by **June 9, 2021**, plaintiff shall file a sworn affidavit by that date attesting to the amount of attorneys' fees and costs incurred in connection with the

motion.  To the extent the City Defendants contest these amounts, they must file an affidavit in opposition by no later than **June 16, 2021**.  The City Defendants' request for an extension until June 23, 2021, to produce all responsive documents (Docket # 81) is granted.

**IT IS SO ORDERED.**

                                              *s/Marian W. Payson*
                                            MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated: Rochester, New York
        May 26, 2021