UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SILVON S. SIMMONS,

                Plaintiff,           **AFFIDAVIT**

      vs.                      **17-CV-6176-FPG-MWP**

JOSEPH M. FERRIGNO, II, SAMUEL
GIANCURSIO, MARK WIATER,
CHRISTOPHER MUSCATO, ROBERT
WETZEL, MICHAEL L. CIMINELLI,
JOHN DOES 1-20, CITY OF ROCHESTER,
SHOTSPOTTER, INC., SST, INC.,
JOHN DOES 21-30 and PAUL C. GREENE,

                Defendants.
_____

STATE OF NEW YORK)
COUNTY OF MONROE)     SS:

        Charles F. Burkwit, being duly sworn, deposes and says:

        1.    I am an attorney at law, duly licensed to practice my profession in the State of New York and am the attorney of record for Plaintiff Silvon S. Simmons (hereinafter "Plaintiff"), and as such, I am fully familiar with the facts and circumstances of this action.

        2.    I give this Affidavit in support of Plaintiff's fourth motion to compel discovery pursuant to FRCP 37 as Defendants Joseph M. Ferrigno, II, Samuel Giancursio, Mark Wiater, Christopher Muscato, Robert Wetzel, Michael L. Ciminelli, John Does 1-20 and City of Rochester (hereinafter "City Defendants") have failed to provide complete

written responses and produce documents responsive to Plaintiff's document demands despite this Court's October 13, 2020 Decision & Order and Amended Scheduling Order (Doc. 58), January 13, 2021 Order and Amended Scheduling Order (Doc. 68), May 18, 2021 Order and Amended Scheduling Order (Doc. 79) and May 26, 2021 Decision & Order (Doc. 82) directing that such be produced. Pursuant to FRCP 16(f), 37 (b)(2)(A) and (C), the Plaintiff seeks sanctions and reasonable expenses incurred, including attorney fees, in making this fourth motion to compel caused by the failure of the City Defendants and their counsel to comply with this Court's multiple Orders.

3.      I also give this Affidavit in support of Plaintiff's motion pursuant to FRCP 37 requesting an order compelling Defendants Joseph M. Ferrigno, II and Michael L. Ciminelli, Officers Whitney Unrath, Michael DiMauro, Joseph Zampatori, William Gallagher, Sergeant Kenneth Coniglio and a representative from the City of Rochester's Information Technology Department, one with knowledge of the Automated Vehicle Locator System (AVLS) and the storage and retention of such data for City of Rochester Police vehicles, to be produced for their depositions upon oral examination and in support of Plaintiff's motion pursuant to FRCP 16(b)(4) for issuance of an Amended Scheduling Order extending the July 12, 2021 Amended Scheduling Order (Doc. 85) deadlines by 60 days.

4.      This action arises in part under 42 U.S.C. Section 1983 and involves an April 1, 2016 incident between Plaintiff Silvon S. Simmons (hereinafter "Plaintiff") and City of Rochester Police Officers which occurred in Plaintiff's neighbor's driveway at 9 Immel Street and the back yard of 5/7 Immel Street in the City of Rochester, New

York.

5.      The pertinent facts of this case are set forth in Plaintiff's Amended

Complaint And Jury Demand which is annexed hereto as **Exhibit A**.

6.      On August 5, 2019, Honorable Michael A. Telesca issued his

Decision and Order, attached hereto as **Exhibit B**, granting the City Defendants' motion

to dismiss Plaintiff's Sixth Cause of Action for malicious abuse of process and granting

their motion to dismiss Plaintiff's Failure To Intervene claim against Defendants

Ferrigno, Giancursio, Wiater and Ciminelli. (See **Exhibit B** – Decision and Order, pg. 2).

Judge Telesca held that Plaintiff's Failure To Intervene claim may go forward against

Defendant Muscato. (See **Exhibit B** – Decision and Order, pg. 22). The Court refused

to dismiss any of Plaintiff's other claims alleged in the Amended Complaint. (**Exhibit A**).

7.      On January 27, 2020, the undersigned served Plaintiff's First Request

For Production of Documents, Electronically Stored Information and Tangible Things

(hereinafter "Plaintiff's First Request To Produce") on Defendants' counsel pursuant to

FRCP 34. **(Exhibit C)**.

8.      The undersigned made specific document, electronically stored

information and tangible thing production requests to counsel for the City Defendants in

Plaintiff's First Request To Produce (**Exhibit C)** at pages 5-10.

9.      The undersigned made numerous requests by telephone messages

and e-mail correspondence to counsel for the City Defendants to respond to Plaintiff's

First Request To Produce (**Exhibit C**) but the undersigned received no response from

him whether discovery responses will be forthcoming.

***Plaintiff's First Motion To Compel***

10.     On September 3, 2020, the undersigned filed Plaintiff's first motion to compel discovery. (Doc. 55-1).

11.     On September 4, 2020, this Court issued a motion scheduling order directing the City Defendants to file responses to Plaintiff's motion to compel by September 25, 2020 and that replies be filed by October 9, 2020. (Doc. 56).

12.      The City Defendants did not file any response to Plaintiff's motion to compel discovery and on October 13, 2020, this Court issued a Decision & Order and Amended Scheduling Order (Doc. 58) which is attached hereto as **Exhibit D**.

13.     In the Decision & Order and Amended Scheduling Order (Doc. 58) (**Exhibit D**), this Court granted Simmons's motion to compel on grounds that it is unopposed, and the City Defendants were ordered to provide written responses and produce documents responsive to Simmons's document demands by no later than October 30, 2020.

14.     On October 30, 2020, counsel for the City Defendants obtained a letter Order from this Court (Doc. 59) granting the City Defendants an extension of time until November 4, 2020 to provide written responses and produce documents responsive to Simmons's document demands.

15.     On November 5, 2020, counsel for the City Defendants hand delivered the attached letter, City Defendants Response To Plaintiff's First Request For Production Of Documents (**Exhibit E**) along with four (4) CDs containing documentation which was not completely responsive to Plaintiff's document demands.

***Plaintiff's Second Motion To Compel***

16.     On November 17, 2020, the undersigned filed Plaintiff's second motion to compel discovery (Doc. 60) seeking to compel production of documents responsive to paragraphs 1(b), 1(c), 1(d), 1(i), 1(o), 1(dd) and 1(ee) of Plaintiff's First Request To Produce (**Exhibit C**).

17.     On January 13, 2021, this Court issued an Order and Amended Scheduling Order (hereinafter "January 13, 2021 Order") which is attached hereto as **Exhibit F** (Doc. 68).

18.     In the January 13, 2021 Order (**Exhibit F**), this Court granted in part and denied in part Simmons's motion to compel for the reasons stated more fully on the record on January 13, 2021. This Court denied that portion of Simmons's motion that sought an order imposing sanctions and granted an order extending the scheduling order deadlines and compelling production of documents from the City Defendants on or before January 27, 2021.

19.     On January 27, 2021, counsel for the City Defendants hand delivered the attached letter, the City Defendants Supplemental Response To Plaintiff's First Request For Production Of Documents, Electronically Stored Information and Tangible Things (**Exhibit G**) along with a CD containing April 1, 2016 Mobile Data Terminal information from Rochester Police Department Mobile Data Terminals. The City Defendants' Supplemental Response (**Exhibit G**) was not completely responsive to Plaintiff's document demands.

20.     On February 4, 2021, the undersigned emailed a letter annexed hereto

as **Exhibit H** to counsel for the City Defendants demanding discovery materials responsive to Requests 1(d), 1(dd), 1(ee) made in Plaintiff's First Request To Produce (**Exhibit C**) and demanding production of these materials on or before February 15, 2021.

21.     Subsequently, counsel for the City Defendants requested additional time to produce additional discovery materials which the undersigned agreed to.

22.     On February 26, 2021, counsel for the City Defendants provided additional supplemental discovery to the undersigned in response to the undersigned's February 4, 2021 letter (**Exhibit H**) but not completely responsive to Plaintiff's discovery demands.

***Plaintiff's Third Motion To Compel***

23.     On March 17, 2021, the undersigned filed Plaintiff's third motion to compel discovery, for sanctions and an extension of the scheduling order deadlines. (Doc. 60).

24.     On May 18, 2021, this Court issued an Order and Amended Scheduling Order (Doc. 79), attached hereto as **Exhibit I** which granted those portions of Plaintiff's motion that seek an order extending the scheduling order and an order compelling further production of documents from the City Defendants in response to Document Requests 1(dd) and 1(ee).

25.     In the May 18, 2021 Order and Amended Scheduling Order (Doc. 79) **(Exhibit I)**, this Court directed that on or before May 25, 2021 and after conferring with Plaintiff's counsel, counsel for the City Defendants provide a sworn affidavit attesting that (1) the City Defendants will promptly provide to plaintiff's counsel all documents responsive to Document Requests 1(dd) and 1(ee) (the affidavit shall specifically identify

the documents to be produced and propose an agreed-upon date for production); or (2) based on a diligent inquiry of counsel, counsel represents that the City Defendants have provided all documents responsive to Document Requests 1(dd) and 1(ee). (See **Exhibit I**).

26.     On May 25, 2021, counsel for the City Defendants filed an Affidavit In Response To Third Motion To Compel (Doc. 81) attached hereto as **Exhibit J**.

27.     At paragraph 5 of his Affidavit (Doc. 81), counsel for the City Defendants affirmed "The documents which would be responsive, without dispute, to Plaintiffs Document Production Requests 1(dd) and 1(ee) will be produced by June 23, 2021". (See **Exhibit J** – Campolieto Affidavit). Counsel for the City Defendants further affirmed at paragraph 6 "The City is able to make disclosure of these documents (which will number in the tens of thousand) on a rolling basis, Plaintiff has requested that they be delivered in one batch so that he is able to keep the documents organized instead of receiving piecemeal discovery response". (See **Exhibit J** – Campolieto Affidavit).

28.     With regard to Plaintiff's third motion to compel discovery, this Court issued a May 26, 2021 Decision and Order (Doc. 82), attached hereto as **Exhibit K,** which granted that portion of Plaintiff's motion that seeks reimbursement of his fees and costs and ordered the City Defendants to reimburse Plaintiff's attorneys' fees and costs incurred in making this motion. The Court directed the parties to promptly meet and confer regarding the amount of attorneys' fees and costs to be reimbursed and in the event no agreement is reached by June 9, 2021, Plaintiff shall file a sworn affidavit by that date attesting to the amount of attorneys' fees and costs incurred in connection with the motion.

The Court also granted the City Defendants' request for an extension until June 23, 2021 to produce all responsive documents. (See **Exhibit K**).

29.     On June 8, 2021, counsel for the City Defendants agreed in an email correspondence to the undersigned to pay a requested attorney fee of $5,250.00 and to forward it to the undersigned's office. The undersigned then notified the Court in writing (Doc. 83) that an agreement has been reached and the attorney fee matter has now been settled.

30.     To date, the undersigned has not been paid the attorney fee of $5,250.00 as agreed upon by the City Defendants and requests this Court order that it be promptly paid by the City Defendants to Plaintiff's counsel.

31.      On June 23, 2021, counsel for the City Defendants sent to the undersigned a letter, external drive and a shared file containing 82 force complaints from 2010 to 2020. The audio and video files contained on the external drive concerned 57 cases from 2010 to 2020. A copy of the June 23, 2021 letter from counsel for the City Defendants to the undersigned is attached hereto as **Exhibit L**.

32.     On July 12, 2021, this Court issued an Amended Scheduling Order Doc. 85) requiring that all factual discovery in this case, including depositions, shall be completed on or before August 18, 2021. A copy of this Court's July 12, 2021 Amended Scheduling Order (Doc. 85) is attached hereto as **Exhibit M**.

33.     On July 14, 2021, the undersigned emailed a letter to counsel for the City Defendants advising that Plaintiff is entitled to all complaints made against any City of Rochester Police Department officer for the past 10 years for excessive force and/or

deadly force pursuant to Request 1(dd). A copy of the undersigned's July 14, 2021 redacted letter is attached hereto as **Exhibit N**.

       34.     In the undersigned's July 14, 2021 letter (**Exhibit N**), the undersigned informed counsel for the City Defendants that according to the Rochester Police Department Professional Standards Section Annual Reports which are published on the City's website, there were 70 citizen complaints and 3 departmental investigations concerning unnecessary force in 2011, 64 citizen complaints and 8 departmental investigations concerning unnecessary force in 2012, 69 citizen complaints and 14 departmental investigations concerning unnecessary force in 2013, 49 citizen complaints and 8 departmental investigations concerning unnecessary force in 2014, 27 citizen complaints and 7 departmental investigations concerning unnecessary force in 2015, 19 citizen complaints and 16 departmental investigation concerning unnecessary force in 2016, 11 citizen complaints and 7 departmental investigations concerning unnecessary force in 2017, 33 citizen complaints and 36 departmental investigations concerning unnecessary force in 2018 and 13 citizen complaints and 9 departmental investigations concerning unnecessary force in 2019. A copy of the Rochester Police Department Professional Standards Section Annual Reports (hereinafter PSS Annual Reports) for 2011 through 2019 are attached hereto as **Exhibit O**.

       35.     Upon considering that the PSS Annual Reports for 2011 through 2019 acknowledge that there were a total of 355 citizen complaints and 108 departmental investigations during this time period, it is clear that the City Defendants have refused to comply with Plaintiff's discovery request by only providing 82 force complaints.

       36.     With regard to Request 1(ee), the undersigned advised counsel for the

City Defendants in the July 14, 2021 letter (**Exhibit N**) that he has not provided all documents concerning all complaints made against City of Rochester Police Officers Anthony Liberatore, Patrick Giancursio, Thomas Rodriguez, Alexander Baldauf, Mario Masic and the arrest of Lentorya Parker, including Officers Jonathan Marsh, Daniel Rizzo, Edward First, Andrew Bostick and Joel Hasper for excessive use of force and/or deadly force.

37.     With regard to the officers named in paragraph 36 above, specific case numbers were identified in the undersigned's July 14, 2021 letter to counsel for the City Defendants (**Exhibit N)** concerning complaints made against these officers, Plaintiff demanded these specific cases but the City Defendants refuse to provide these complaints despite being ordered three times to do so by this Court.

38.     There is absolutely no excuse why the City Defendants and their counsel have not provided Plaintiff with Court ordered discovery when they have already been ordered to do so three (3) times by this Court. The City Defendants' refusal to disclose is clearly willful and constitutes bad faith.

39.     Due to the City Defendants' flagrant disregard of this Court's orders, the Plaintiff has been required to file four (4) motions to compel discovery and to seek extensions of this Court's scheduling orders.

40.     As this Court is aware, the discovery Plaintiff seeks at Requests 1(dd) and 1(ee) of Plaintiff's First Request To Produce (**Exhibit C**) is absolutely clear and is necessary to support, prosecute and prove Plaintiff's claims alleged at Count VIII (Violation of 42 USC §1983 By Defendant City of Rochester (Failure to Implement Policies, Customs and Practices)) and Count IX (Violation of 42 USC §1983 By

Defendants City of Rochester and Michael L. Ciminelli (Supervisory Liability/*Monell v. Dept. of Social Services*, 436 US 658 (1978)) of the Amended Complaint (**Exhibit A**).

41.     Since the City Defendants refuse to disclose the requested discovery which has already been ordered three (3) times by this Court and since the August 18, 2021 discovery deadline is rapidly approaching, Plaintiff will be unable to support, prosecute and prove his claims at Counts VIII and IX of the Amended Complaint without the discovery materials requested at 1(dd) and 1(ee) in Plaintiff's First Request To Produce (**Exhibit C**).

42.     It is anticipated that the City Defendants will move for summary judgment requesting dismissal of Counts VIII and IX of the Amended Complaint since, without the discovery materials requested at 1(dd) and 1(ee) in Plaintiff's First Request To Produce (**Exhibit C**), Plaintiff will be unable to present proof sufficient to create an issue of fact concerning these claims. The City Defendants should not be allowed to deprive Plaintiff of necessary Court ordered discovery and reap the benefit of their willful refusal to comply with this Court's Orders and disclose these materials.

43.     During the July 15, 2021 deposition of Officer Patrick Giancursio, the undersigned questioned him concerning factual allegations surrounding specific complaint numbers obtained through discovery but Officer Giancursio could not provide any factual information on what those complaints were about. Although the City provided complaint numbers, they did not provide corresponding complaints. The undersigned was only able to question him concerning a few complaints which the undersigned only learned about during Plaintiff's criminal trial.

44.     Based on the foregoing, the City Defendants have demonstrated

willfulness, bad faith and fault by their refusal to provide Plaintiff with Court ordered discovery. It is respectfully submitted that striking the City Defendants' Answer in its entirety and rendering a default judgment against the City Defendants on all causes of action alleged against them is an appropriate sanction since they have showed willfulness, bad faith and fault on a continuing basis during discovery. The City Defendants have been provided three (3) chances by this Court to provide Court ordered discovery to Plaintiff, they refuse to obey this Court's orders and disclose these specific materials so this sanction is appropriate upon considering their continuing refusal to comply.

45.     In the event this Court does not strike the City Defendants' Answer in its entirety, the Plaintiff requests, at a minimum, that pursuant to FRCP 37(b)(2)(A), this Court strike the City Defendants' Answer with respect to Counts VIII and IX of the Amended Complaint (**Exhibit A**) and render a default judgment in favor of Plaintiff on these causes of action and against the City Defendants since the requested discovery which the City Defendants refuse to disclose pertains directly to these causes of action.

46.     By partially striking the City Defendants' Answer with respect to Counts VIII and IX of the Amended Complaint and rendering a default judgment in favor of Plaintiff and against the City Defendants, this matter will be moot and finally resolved since Plaintiff will no longer require this discovery for trial.

47.     Based on the foregoing, the City Defendants and their counsel have not acted in good faith before and after this Court's three (3) Orders were issued and there is absolutely no excuse for the City Defendants' refusal to provide complete written discovery responses to Plaintiff's First Request To Produce. (**Exhibit C**).

48.     Pursuant to FRCP 16(f), 37(b)(2)(A) and (C), the Plaintiff requests this Court to issue an order imposing sanctions, including striking or partially striking the City Defendants' Answer and/or monetary sanctions, against the City Defendants and/or their counsel for their continued refusal to comply with this Court's Orders.

49.     The undersigned requests that pursuant to FRCP 37(a)(5) and 37(b)(2)(C), this Court grant reasonable expenses, including attorney's fees, caused by the City Defendants' refusal to obey this Court's Orders which necessitated this fourth motion to compel discovery. In the event that such expenses and fees are granted, the undersigned will submit an affidavit of services and disbursements to the Court.

***Motion To Compel Depositions and Request***
***To Extend Scheduling Order Deadlines***

50.     The undersigned still needs to depose Defendants Joseph M. Ferrigno, II and Michael L. Ciminelli, Officers Whitney Unrath, Michael DiMauro, Joseph Zampatori, William Gallagher, Sergeant Kenneth Coniglio and a representative from the City of Rochester's Information Technology Department, one with knowledge of the Automated Vehicle Locator System (AVLS) and the storage and retention of such data for City of Rochester Police vehicles pursuant to deposition notices previously served on counsel for the City Defendants.

51.     Counsel for the City Defendants has been producing witnesses from the City of Rochester when they have become available and additional time is needed to complete these depositions since they have not been scheduled yet. The undersigned and/or his staff have made requests to the City Defendants to produce witnesses but these remaining depositions have not been scheduled.

13

52.     Counsel for the City Defendants advised that he has not been able to identify a representative from the City of Rochester, one with knowledge of the Automated Vehicle Locator System (AVLS) and the storage and retention of such data for City of Rochester police vehicles, and it appears it is questionable whether such witness exists and/or will be produced.

53.     During Stephen Fischer's deposition, he testified that there is one or more employees from the County of Monroe who may have knowledge concerning the AVLS system and the storage and retention of such data. The undersigned is now investigating whether there is a representative from the County of Monroe who may have knowledge and can be subpoenaed to testify concerning these matters.

54.     Based on the foregoing, the Plaintiff requires a further extension of all deadlines, including but not limited to the August 18, 2021 factual discovery deadline, contained in this Court's Amended Scheduling Order. (**Exhibit M**).

55.     In the event this Court does not strike the City Defendants' Answer with respect to Counts VIII and IX of the Amended Complaint (**Exhibit A**), additional time will certainly be required for the City Defendants to produce the requested discovery pertaining to Requests 1(dd) and 1(ee) of Plaintiff's First Request To Produce (**Exhibit C**) and for the undersigned to review it before deposing Defendant Michael L. Ciminelli. In this scenario, the undersigned requests a 60 day extension of all deadlines contained in this Court's Amended Scheduling Order (**Exhibit M**).

56.     In the event this Court strikes the City Defendants' Answer with respect to Counts VIII and IX of the Amended Complaint (**Exhibit A**) and grants a default judgment against the City Defendants on those counts, the undersigned requests a 30

day extension of all deadlines contained in this Court's Amended Scheduling Order (**Exhibit M**) so the remaining depositions can be completed.

57.     On June 29, 2021, the undersigned completed the depositions of Officer Eric Ferguson, Defendant Christopher Muscato and Officer Amy Bauer.

58.     On July 8, 2021, the undersigned completed the deposition of Stephen Fischer from the City of Rochester Office of Emergency Communications.

59.     On July 15, 2021, the undersigned completed the depositions of Officers Patrick Giancursio and Dylan Minnick.

60.     On July 16, 2021, the undersigned completed the depositions of Defendant Samuel Giancursio and Officer William Wagner.

61.     On July 19, 2021, the undersigned completed the deposition of Sergeant Flamur Zenelovic.

62.     The undersigned has been deposing witnesses as quickly as counsel for the City Defendants has been able to produce them.

63.     In the event the City Defendants' Answer is struck with respect to Counts VIII and IX of the Amended Complaint (**Exhibit A**) and a default judgment is entered against them, the undersigned requests this Court order that the remaining depositions of the witnesses identified in paragraph 50 above be completed within the next 30 days.

64.     In the event that the City Defendants' Answer is not struck with respect to Counts VIII and IX of the Amended Complaint (**Exhibit A**), the undersigned requests this Court to order that the remaining depositions of the witnesses identified in paragraph 50 above be completed within the next 60 days.

65.   Based on the foregoing and pursuant to FRCP 16(b)(4), good cause has been shown why this Court should again modify and extend the deadlines in this Court's Amended Scheduling Order (**Exhibit M**).

**WHEREFORE**, your deponent respectfully prays for the following relief:

A.   An Order pursuant to FRCP 37(a) compelling Defendants Joseph M. Ferrigno, II, Samuel Giancursio, Mark Wiater, Christopher Muscato, Robert Wetzel, Michael L. Ciminelli, John Does 1-20 and City of Rochester to produce complete materials responsive to Requests 1(dd) and 1(ee) of Plaintiffs' First Request For Production of Documents, Electronically Stored Information and Tangible Things;

B.   An Order pursuant to FRCP 37(a) compelling the City Defendants to produce Defendant Joseph M. Ferrigno, II, Michael L. Ciminelli, Officers Whitney Unrath, Michael DiMauro, Joseph Zampatori, William Gallagher, Sergeant Kenneth Coniglio and a representative from the City of Rochester's Information Technology Department, one with knowledge of the Automated Vehicle Locator System (AVLS) and the storage and retention of such data for City of Rochester police vehicles, for their depositions upon oral examination;

C.   An Order imposing the requested sanctions against the City Defendants and/or their counsel and awarding reasonable expenses incurred, including attorney fees, caused by the failure of the City Defendants to comply with this Court's October 13, 2020 Decision & Order, January 13, 2021 Order and Amended Scheduling Order and May 26, 2021 Decision & Order and in making this motion pursuant to FRCP 16(f), 37(b)(2)(A) and (C); and

D.   An Amended Scheduling Order pursuant to FRCP 16(b)(4) extending all deadlines in the July 12, 2021 Amended Scheduling Order (**Exhibit M** – Doc. 85) by 60 days; and

E.   An Order granting such other and further relief as the Court deems just and proper.

s/Charles F. Burkwit, Esq.
Charles F. Burkwit, Esq.

Sworn to before me this
26th day of July, 2021

s/Barbara Peck
Notary Public