UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| SILVON SIMMONS, | AFFIDAVIT IN RESPONSE TO FOURTH MOTION TO COMPEL |
| Plaintiff, | Case No.: 17-cv-6176 |
| v. | |
| JOSEPH M. FERRIGNO, II, SAMUEL GIANCURSIO, MARK WIATER, CHRISTOPHER MUSCATO, ROBERT WETZEL, MICHAEL CIMINELLI, JOHN DOES 1-20, CITY OF ROCHESTER, SHOTSPOTTER INC., SST, INC., JOHN DOES 21-30 and PAUL C. GREENE, | |
| Defendants. | |

_____

JOHN M. CAMPOLIETO, Esq., affirms and states:

1. I am an attorney with the City of Rochester Corporation Counsel's Office and represent Officers Joseph M. Ferrigno II, Samuel Giancursio, Mark Wiater, Christopher Muscato, Robert Wetzel, Michael Ciminelli and the City of Rochester, (hereinafter "City Defendants"). I am admitted to practice law before the courts of the State of New York and in the United States District Court, Western District of New York.

2. I submit this Affirmation in opposition to the Plaintiff's Fourth Motion to Compel and to impose costs and sanctions on the City. Plaintiff's attorney alleges that certain discovery requests were not turned over in the City's discovery responses.

1

3. The City Defendants request that the specific discovery demands which are included in the Request for Production of Documents 1(dd) and 1(ee) which have been the subject of four motions to compel be declared completed and this motion be dismissed in its entirety. Discovery Demands Attached as **Exhibit A**.

## PROCEDURAL HISTORY

4. Your Affirmant is the attorney for the City Defendants. The following is a summary of the procedural facts of this matter:

5. I have worked on the discovery requests attached as Exhibit A continuously throughout 2020 and 2021. To date I have personally supplied Plaintiff's attorney with over 55,000 pages of documents, videos, photographs, audio files and Monroe County Jail phone calls, the entire case file regarding the incident sued over, medical records of police officers involved, Mobile Data Terminal Data for the entire City of Rochester for over two days of duty work, all force and disciplinary records for the past 10 years, complete Professional Standard Section records for all officers requested in the discovery, all sustained disciplinary records for all Rochester Police Officers employed and all emergency communication records from April 1, 2016, the evening that the incident occurred. This information is all Bate Stamped and listed in chronological order as to the date produced in the City of Rochester Index of Documents Produced will be sent in un-redacted form but is intended to be attached as **Exhibit B**.

6. This is the fourth motion to compel brought, the Court recognizes the complaints and defenses in the pleadings and the discovery process. The City of Rochester

has a general defense to this fourth motion to compel that there are no additional documents to produce and that all documents have been turned over.  See Affidavit of Lieutenant Tordai under separate cover.

7.  The Commanding Officer in charge of the Rochester Police Department's Professional Standards Section has provided a sworn affidavit stating that all existing complaints against any City of Rochester Police Officer regarding the use of force has been turned over to the Law Department pursuant to Discovery Request 1(dd) and in turn, to the Plaintiff's attorney.  The affidavit further affirms that all personnel files for the requested officers in Discovery Request 1(ee) has been turned over in discovery.   See Affidavit of Lieutenant Tordai Laszlo attached under separate cover; see **Exhibit A**.

8.  The City Defendants initially complied with the Request for Production of Documents, Electronically Stored Information and Tangible Things (hereinafter "Request for Production") by submitting more than 4200 pages of documentation including all documents produced by the Rochester Police Department regarding the arrest of Silvon Simmons on November 5, 2020.  The documents were Bate Stamped COR000001 through COR004206.  Additionally, the City supplied a disk containing audio of the shots fired during the incident.  The ShotSpotter CD and documents were Bate Stamped COR004208-COR004277.  Document sent on 5 CDs.  This information was sent pursuant to the initial Response to Plaintiff's Request for Production.  See **Exhibit B**.

9.  On January 27, 2021 the City sent Supplemental Discovery Responses to Plaintiff's requests.   These documents contained over 18,000 pages of Mobile Data

Terminal Recordings, Documents Bate Stamped COR004208 to COR004320 which consisted of each excessive force complaints, all of the internal complaints and citizen complaints, for the past 10 years which were specifically marked responsive to Plaintiff's numbered discovery requests.   See **Exhibit B**.

      10.    On February 26, 2021 the City again sent Plaintiff supplemental disclosures. These documents were Bate Stamped COR004321-COR4866 and included the concise officer histories of Officers Daniel Rizzo and Andrew Bostick and the complete disciplinary histories/files of Officers A. Liberatore, P. Giancursio, Baldauf, Bostick, Masic, Marsh, First, Hasper and Rodriguez.   These officers were not directly involved in the arrest of Silvon Simmons.   Additionally, the City sent a list of the recordation of complaints of force from 2010 through 2020.   See **Exhibit B**.

      11.    On March 1, 2021 the City sent an electronic mail to the Plaintiff's attorney which contained a link to a database which contained the complete file for all sustained discipline for any discipline based on a complaint made against any currently employed officer of the Rochester Police Department.   See email dated March 1, 2021 attached as **Exhibit C**.

      12.    On March 10, 2021 the City sent two PDFs which contained over 150 pages of all Command Review Discipline documentation for the past 10 years.   See **Exhibit B**.

**All Complaints against Officers for the Past 10 years**

13.     On June 21, 2021, pursuant to the Court's May 18, 2021 Order the City provided the all existing use of force complaints from 2010 through 2020 encompassing all complaints for use of force for a decade.  This information for each complaint contains the entire investigatory file of that complaint.  See Affidavit of Lieutenant Tordai under separate cover.  See also **Exhibit B**.

14.     Additionally, the City provided the complete files to all sustained disciplinary proceedings for all officers currently employed.   This database contains all reports associated with those disciplinary cases.  See link to database- https://www.cityofrochester.gov/policediscipline/.

**All Complaints against specifically named Officers.**

15.     On February 26, 2021 the City sent Plaintiff supplemental disclosures with documents Bate Stamped COR004321-COR4866.  These documents consisted of concise officer histories of Officers Daniel Rizzo and Andrew Bostick and the complete disciplinary histories/files of Officers A. Liberatore, P. Giancursio, Baldauf, Bostick, Masic, Marsh, First, Hasper and Rodriguez.  These officers were not directly involved in the incident at issue but were requested by the Plaintiff's attorney.  See Affidavit of Lieutenant Tordai under separate cover.  See also **Exhibit B**.

.

5

16.     The City provided the concise history of all of the requested officers along with all of the documents in their Professional Standard Section personnel files.

17.     The documents Bate Stamped COR004321-COR4866 and their concise officer history reports comprise the entirety of the complaints made against these officers See Affidavit of Lieutenant Tordai under separate cover.  See also **Exhibit B**.

## Attempt to Confer

18.     The parties attempted to confer prior to the fourth motion to compel.  The attorney for Plaintiff sent a letter to the City on July 14, 2021.  The letter was attached to Plaintiff's motion in a redacted form.  Un-redacted letter will be sent by email to the Court but will be designated as **Exhibit D**.

19.     The letter appeared to be undecipherable upon the first reading of the letter but after review it was determined that the letter was based upon incorrect assumptions by the Plaintiff's Attorney on what is considered a use of force complaint in Rochester Police Officers Concise Officer History Reports.  Additionally, incorrect interpretations and assumptions of the PSS Annual Reports from 2010 through 2020 were made.  These incorrect assumptions are also the basis for the Fourth Motion to Compel.  See Affidavit of Lieutenant Tordai under separate cover.

20.     The City responded to the Plaintiff's Attorney's July 14, 2021 letter on July 26, 2021 in an attempt to clarify the mistaken assumptions regarding RPD documents and investigations made by the Plaintiff's attorney in his July 14, 2021 letter.  See City of Rochester Letter dated July 26, 2021 attached as **Exhibit E**.

21.     The City's July 26, 2021 letter was disregarded because the Fourth Motion to Compel was filed minutes after the letter was emailed.  See email showing letter and two additional complaint files sent at 10:12 a.m. on July 26, 2021 as **Exhibit F**.

## CONCLUSION

22.     No requested relief is available to Plaintiff on this Fourth Motion to Compel.  There are no documents that are responsive to Plaintiff's motion requests.   All the documents requested have been provided.  Attorney fees are not available in this matter due to the fact that the City complied and responded to all discovery requests made by the Plaintiff's attorney.   The Procedural history laid out above shows that the City has complied consistently throughout this matter as ordered by the Court.   See Affidavit of Lieutenant Tordai under separate cover.  See **Exhibit B and D**.

23.     It should be noted that at no point has Plaintiff pointed to any of the 55,000 documents, audio and video files or ECD documents and emergency calls and asked for further illustration or documents as to any of the incidents in those documents which prove or even demand further scrutiny towards his causes of action.

**WHEREFORE**, defendants City of Rochester demand:

(1)     Dismissal of the fourth Motion to Compel;

(2)     If an extension is granted, that the Court limit it to 30 days;

(3)     That the Court Order paper discovery closed;

(4)  Such other and further relief which to the Court may seem just and proper.

| | |
|---|---|
| Date: August 24, 2021 | PATRICK BEATH, DEPUTY CORPORATION COUNSEL |
| | By:     /s/<br>John Campolieto, Esq., of Counsel<br>*Attorneys for Defendants*<br>30 Church Street, Room 400A<br>Rochester, NY  14614<br>(585) 428-7410 |

To:  Charles F. Burkwit, Esq.
Burkwit Law Firm, PLLC
16 E. Main Street, Suite 450
Rochester, New York 14614
(585) 546-1588

Paul A. Sanders, Esq.
Barclay Damon, LLP.
2000 Five Star Bank Plaza
100 Chestnut Street
Rochester, NY 14607
(585) 295-4426