UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SILVON S. SIMMONS,

          Plaintiff,          **REPLY AFFIDAVIT**

   vs.                            **17-CV-6176-FPG-MWP**

JOSEPH M. FERRIGNO, II, SAMUEL
GIANCURSIO, MARK WIATER,
CHRISTOPHER MUSCATO, ROBERT
WETZEL, MICHAEL L. CIMINELLI,
JOHN DOES 1-20, CITY OF ROCHESTER,
SHOTSPOTTER, INC., SST, INC.,
JOHN DOES 21-30 and PAUL C. GREENE,

          Defendants.
_____

STATE OF NEW YORK)
COUNTY OF MONROE)    SS:

      Charles F. Burkwit, being duly sworn, deposes and says:

      1.   I am an attorney at law, duly licensed to practice my profession in the State of New York and am the attorney of record for Plaintiff Silvon S. Simmons (hereinafter "Plaintiff"), and as such, I am fully familiar with the facts and circumstances of this action.

      2.   I give this Reply Affidavit in support of Plaintiff's fourth motion to compel discovery pursuant to FRCP 37 against Defendants Joseph M. Ferrigno, II, Samuel Giancursio, Mark Wiater, Christopher Muscato, Robert Wetzel, Michael L. Ciminelli and City of Rochester (hereinafter "City Defendants") for their failure to provide complete written

1

responses and produce documents responsive to Plaintiff's document demands and to compel the City Defendants to produce Defendants Joseph M. Ferrigno, II and Michael L. Ciminelli, Officers Whitney Unrath, Michael DiMauro, Joseph Zampatori, William Gallagher, Sergeant Kenneth Coniglio and a representative from the City of Rochester's Information Technology Department, one with knowledge of the Automated Vehicle Locator System (AVLS) and the storage and retention of such data for City of Rochester Police vehicles, to be produced for their depositions upon oral examination.

3. I also give this Reply Affidavit in support of Plaintiff's motion pursuant to FRCP 16(f), 37 (b)(2)(A) and (C) for sanctions and reasonable expenses incurred, including attorney fees, in making this fourth motion to compel caused by the failure of the City Defendants and their counsel to comply with this Court's multiple orders and in support of Plaintiff's motion pursuant to FRCP 16(b)(4) for issuance of an Amended Scheduling Order extending the July 12, 2021 Amended Scheduling Order (Document 85) deadlines by 60 days.

*Attorney Fee Sanction Paid – 3rd Motion To Compel*

4. Since the filing of this fourth motion to compel, the undersigned received payment from the City Defendants of the agreed upon attorney fee imposed as a sanction as ordered by this Court's May 26, 2021 Decision and Order (Doc. 82). This matter is now settled.

*Plaintiff's First Request To Produce 1(dd) and 1(ee)*

5. Paragraph 1(dd) of the Plaintiff's January 27, 2020 First Request To Produce (Exhibit C – Burkwit Affidavit, Doc. 86-4) required the City Defendants to produce all information contained in the files, computer and/or computers maintained in by the

internal affairs division of the City of Rochester Police Department **or** any other division of the City of Rochester Police Department including, but not limited to, PSS Investigative Summaries, Civilian Review Board determinations and Police Chief Reviews, concerning all complaints made against any City of Rochester Police Department officer for the past 10 years for excessive use of force and/or deadly force, including but not limited to the information that is retrievable by computer code. (Emphasis added).

      6.      Pursuant to paragraph 1(dd) of Plaintiff's Request To Produce (Exhibit C – Burkwit Affidavit, Doc. 86-4), the City Defendants are required to produce all materials concerning all complaints received between January 27, 2010 and January 27, 2020.

      7.      Paragraph 1(ee) of the Plaintiff's January 27, 2020 First Request To Produce (Exhibit C – Burkwit Affidavit, Doc. 86-4) required the City Defendants to produce all information contained in the files, computer and/or computers maintained by the internal affairs division of the City of Rochester Police Department **or** any other division of the City of Rochester Police Department including, but not limited to, PSS Investigative Summaries, Civilian Review Board determinations and Police Chief Reviews, concerning all complaints made against City of Rochester Police Department Officers Anthony Liberatore, Patrick Giancursio, Thomas Rodriguez, Alexander Baldauf, Mario Masic and the officers involved in the arrest of Lentorya Parker, including Officers Jonathan Marsh, Daniel Rizzo, Edward First, Andrew Bostick and Joel Hasper, for excessive use of force and/or deadly force, including but not limited to information that is retrievable by computer code. (Emphasis added).

      8.      On June 23, 2016, Plaintiff's Verified Notice of Claim was served upon counsel for the City Defendants. A copy of Plaintiff's Verified Notice of Claim and Affidavit of Service is attached hereto as **Exhibit A**.

3

9. On March 23, 2017, Plaintiff filed his Complaint and Jury Demand (hereinafter "March 23, 2017 Complaint") which is annexed hereto as **Exhibit B**. (Doc. 1).

10. In the March 23, 2017 Complaint (**Exhibit B**) at Count II, Plaintiff made a 42 USC §1983 excessive force claim against Defendants Ferrigno and Giancursio alleging that they have been subject to excessive force/misconduct cases, have had citizen complaints made against them during their careers as police officers and have not faced reprimand, suspension or termination for their alleged conduct. (See **Exhibit B** – para. 93-95).

11. In the March 23, 2017 Complaint (**Exhibit B**) at Count IV, Plaintiff alleged a 42 USC §1983 claim for Failure To Implement Policies, Customs and Practices against Defendant City of Rochester claiming, in part, that Defendant City of Rochester has failed to independently investigate all excessive force complaints of citizens which are brought to its attention, failed to refer all excessive force complaints of citizens to the Civilian Review Board for review, allowed the investigation and internal review of excessive force/police misconduct cases to be controlled and/or influenced by the Rochester Police Department and not by the Center For Dispute Settlement, an independent Civilian Review Board or other agency, promoted and tolerated a custom and policy in which officers violate the constitutional rights of citizens through unlawful stops, searches, seizures, excessive force and/or failing to intervene to prevent such violations, failed to suspend, terminate or take disciplinary action against officers who violate rights of citizens through unlawful stops, searches and seizures, excessive force and/or failing to intervene to prevent such violations and failing to adequately train and supervise officers who are prone to commit unlawful

stops, searches and seizures, use of excessive force and/or failure to intervene to prevent such constitutional rights violations. (See **Exhibit B** – Complaint, para. 106).

12. At paragraph 108 of Count IV of the March 23, 2017 Complaint (**Exhibit B**), Plaintiff alleged that the deficiencies alleged at paragraph 106 of the Complaint are practices so consistent and widespread and constitute customs or usages of which City of Rochester supervising policymakers were aware of and which caused deprivation of constitutional rights of citizens, including Plaintiff.

13. At paragraph 109 of Count IV of the March 23, 2017 Complaint (**Exhibit B**), Plaintiff alleged that the failure of policymakers of Defendant City of Rochester to provide adequate training and/or supervision to its police chief and police officers amounts to deliberate indifference to the rights of those who come into contact with its police officers and this is demonstrated by repeated complaints of civil rights violations against Defendant City of Rochester, no meaningful attempt to investigate or forestall further incidents and the City of Rochester's policy makers' acquiescence in such long standing practices.

14. At Count V of the March 23, 2017 Complaint (**Exhibit B**), Plaintiff alleged a cause of action for violation of 42 USC §1983 by Defendants City of Rochester and Michael L. Ciminelli (Supervisory Liability/*Monell v. Dept. of Social Services*, 436 US 658 (1978)).

15. At paragraph 116 of Count V of the March 23, 2017 Complaint (**Exhibit B**), Plaintiff alleged, in part, that Defendants Ciminelli and City of Rochester have maintained or permitted one or more of the following official policies, customs or practices including condoning a pattern of brutality committed by City of Rochester police officers, failing to adequately train, supervise, discipline, suspend, terminate and/or retrain officers involved in

misconduct, having hired, assigned/selected and retained City of Rochester police officers with demonstrable propensities for use of excessive force, violence, dishonesty and other misconduct, failing to take adequate measures to discipline City of Rochester police officers who engage in the use of excessive force, unlawful stops, arrests, searches, seizures, violence, dishonesty and other misconduct, failing to practice and enforce proper reporting and investigation of use of force by City of Rochester police officers and allowing the investigation and internal review of excessive force/police misconduct cases to be controlled and/or influenced by the Rochester Police Department and not by the Center For Dispute Settlement, an independent Civilian Review Board or other agency.

16. At paragraph 117 of Count V of the March 23, 2017 Complaint (**Exhibit B**), Plaintiff alleged that Defendants City of Rochester and Ciminelli have maintained and permitted the aforedescribed practices, policies and customs, were aware of widespread abuses of power and use of excessive force by City of Rochester police officers and failed to take proper measures to investigate and/or discipline said officers and/or remedy such practices.

17. On August 27, 2018, Plaintiff filed his Amended Complaint And Jury Demand (hereinafter "August 27, 2018 Amended Complaint") (See Exhibit A – Burkwit Affidavit, Doc. 10-1) alleging his claims for Violations of 42 USC §1983 by Defendant City of Rochester for Failure To Implement Policies, Customs and Practices (Count VIII) and 42 USC §1983 by Defendants City of Rochester and Michael L. Ciminelli for Supervisory Liability/*Monell v. Dept. of Social Services*, 436 US 658 (1978) (Count IX).

18. In the Supervisory Liability/Monell claim at Count IX of the August 27,

2018 Amended Complaint (See Exhibit A – Burkwit Affidavit, Doc. 10-1), Plaintiff alleged specific civil actions and/or claims made by or on behalf of Robinn Turner, Benny Warr, Alexander Grassies, Lawrence Rogers, Rickey Bryant, DKuan Webb, Dwayne Ivery, Deshawn Keon Fields, Emily Good, Lentorya Parker against specific Rochester police officers including Defendant Ferrigno, Officer Anthony Liberatore, Officer Patrick Ginacursio, Officer Thomas Rodriguez, Officer Alexander Baldauf, Officer Mario Masic and the Rochester police officers involved in the arrest of Lentorya Parker.

19.   When the City Defendants were served with the June 23, 2016 Verified Notice of Claim **(Exhibit A)**, the March 23, 2017 Complaint **(Exhibit B)** and the August 27, 2018 Amended Complaint (See Exhibit A – Burkwit Affidavit, Doc. 10-1), the City Defendants had notice and were fully aware that Plaintiff would require copies of documents concerning prior complaints made against City of Rochester Police officers to show a pattern of excessive force complaints, the failure to independently investigate all excessive force complaints of citizens and the failure to reprimand, suspend and terminate officers for their misconduct. Plaintiff intended to prove such through Document Requests 1(dd) and 1(ee) made in Plaintiff's Request To Produce which requested Professional Standards Section Investigative Summaries, Civilian Review Board determinations, Police Chief Reviews and other documents for all RPD officers for the past 10 years and for specifically named police officers.

20.   Upon considering that the Verified Notice of Claim was served on the Defendant City of Rochester on June 23, 2016, the Complaint was filed on March 23, 2017 and the Amended Complaint was filed on August 27, 2018, the City Defendants certainly had notice that a discovery request for the materials at Paragraphs 1(dd) and 1 (ee) in

Plaintiff's Request To Produce would be made since these materials would be necessary to prove and establish Plaintiff's claims at Counts VIII and IX for Failure To Implement Policies, Customs and Practices and Supervisory Liability/ *Monell v. Dept. of Social Services*, 436 US 658 (1978)).

21. Counsel for the City Defendants highlights the thousands of pages of documents and discovery materials he provided during discovery but failed to address why the documents at paragraphs 1(dd) and 1(ee) in Plaintiff's Request For Production of Documents have not or could not be produced until this fourth motion to compel discovery.

22. Although counsel for the City Defendants claims that he personally supplied the undersigned with "all force and disciplinary records for the past 10 years" and "complete Professional Standards Section records for all officers requested in this discovery" (See Campolieto Affidavit, para. 5 (Doc. 90)), this is not the case.

23. The City Defendants claim that "there are no additional documents to produce and that all documents have been turned over". (See Campolieto Affidavit, para. 5 (Doc. 90)).

24. Attached hereto as **Exhibit C** is a copy of the July 26, 2021 letter which the undersigned received from counsel for the City Defendants.

25. In the July 26, 2021 letter (**Exhibit C**), counsel for the City Defendants stated:

> "Professional Standards Section's Purge and Retention Policy has been previously provided to you but is attached to this letter for your convenience. Summarized, the relevant parts of the retention policy are that complaint investigations are purged after five years if the investigation of the complaint finding was exonerated, unprovable and/or unfounded. Sustained findings are kept for the duration of an officer's career and purged 3 years after retirement. Many of these matters no longer exist in our records".

26. The undersigned does not recall ever being provided with a copy of the Professional Standards Section's Purge and Retention Policy and does not recall this policy ever being mentioned during the three prior motions to compel which were filed by Plaintiff.

27. Since the City Defendants have purged and destroyed the documents Plaintiff has requested at paragraphs 1(dd) and 1(ee) in Plaintiff's First Request For Production of Documents, Plaintiff is unable to prove and establish Plaintiff's claims for Failure To Implement Policies, Customs and Practices and Supervisory Liability/ *Monell v. Dept. of Social Services*, 436 US 658 (1978)). Also, Plaintiff will not be able to successfully defend against any future motion for summary judgment dismissing these claims if and when such motion is made by the City Defendants.

28. The limited number of force complaints which the City Defendants have listed in a spread sheet format (See Exhibit B – Lt. Laszo Tordai Affidavit) do not provide the name, address and contact information of the complainant, the location of the incident, the facts of the complaint, the names of witnesses, the method of force used, injuries to the complainant and other vital factual allegations.

29. The list of force complaints provided by Lt. Laszo Tordai in Exhibit B to his affidavit does not provide the names of the officers who reviewed the complaint at the Professional Standards Section, does not describe what actions were taken by the Rochester Police Department to investigate each complaint, does not provide a copy of the Professional Standards Section Investigative Summary, the Civilian Review Board determination and review notes or the Police Chief Review.

30. Likewise, the Concise Officer Histories provided by the City Defendants

for Officers Patrick N. Giancursio (COR004240-004248), Alexander C. Baldauf (COR004231-004239), Joel A. Hasper (COR004249-004275), Anthony Liberatore (COR004276-004277), Jonathan C. Marsh (COR004278-004293), Mario V. Masic (COR004294-004297), Thomas R. Rodriguez (COR004298-004305) and Edward C. First (COR004306-004320) do not provide any of this vital factual information described in paragraphs 28 and 29 above.

31. According to Lt. Laszo Tordai, Officer Mark Smith, the Coordinator of PSS, was not asked to review Plaintiff's discovery request in this case until October 2020 which was nine or ten months after Plaintiff's January 27, 2020 First Request To Produce was served on the City Defendants. (See Tordai Affidavit, para. 4).

32. According to Lt. Laszo Tordai, Officer Mark Smith was asked again in January 2021, one year after Plaintiff's January 27, 2020 First Request To Produce was served on the City Defendants, to provide the City Law Department concise officer histories of all officers mentioned in Plaintiff's discovery requests at Paragraph 1(ee). (See Tordai Affidavit, para. 5).

33. According to Lt. Laszo Tordai, no effort was made to obtain all force complaints for the past ten years which Plaintiff requested until February 2021 when Officer Smith "provided all force complaints in a spread sheet format". (See Tordai Affidavit, para. 6). The force complaints in spread sheet format do not constitute the force complaints, PSS Investigative Summaries or Civilian Review Board determinations which Plaintiff specifically requested but rather, constitute a simplified list of force cases with no factual information about the complainant, the nature of the claims and allegations and what was done, if anything, to investigate these claims.

34. According to Lt. Laszo Tordai, it was not until May and June of 2021 that Officer Mark Smith was asked to pull force complaints against Rochester Police Officers from 2010 through 2020. (See Tordai Affidavit, para. 8). This was 1 ½ years after Plaintiff served his First Request For Production of Documents.

35. Although Lt. Laszo Tordai lists Use of Force Investigations (COR_UOF_000001 – COR_UOF_27085) comprising all of the Complaints against Rochester Police Officers, whether unfounded, exonerated, unprovable or guilty, from 2010 through 2020 (See Tordai Affidavit – para. 10 & Exhibit D), there are only 5 cases listed for 2010, 5 cases listed for 2011, 2 cases listed for 2012, 6 cases listed for 2013, 7 cases listed for 2014, 2 cases listed for 2015, 11 cases listed for 2016, 13 cases listed for 2017, 23 cases listed for 2018, 9 cases listed for 2019 and 3 cases listed for 2020. This is a total of 86 cases from 2010 through 2020.

*36.* Plaintiff's claims arose on April 1, 2016 and therefore, any force complaints against Rochester Police Officers after that time will not support Plaintiff's claims for Failure To Implement Policies, Customs and Practices and Supervisory Liability/*Monell v. Dept. of Social Services*, 436 US 658 (1978)). From 2010 through 2016, the City is only providing 38 cases for this time period.

37. Although Lt. Laszo Tordai states that "The PSS Annual Report cannot be used as marker of complaints <u>existing currently</u>" (Emphasis Added - See Tordai Affidavit, para. 15), the PSS Annual Reports (See Exhibit O – Burkwit Affidavit, Doc. 86-16) are a marker of force complaints which were made by citizens to the City of Rochester Police Department and acknowledged by Defendant City of Rochester.

38. From the PSS Annual Reports (Exhibit O – Burkwit Affidavit, Doc. 86-

11

16), there were 70 citizen complaints and 3 departmental investigations concerning unnecessary force in 2011, 64 citizen complaints and 8 departmental investigations concerning necessary force in 2012, 69 citizen complaints and 14 departmental investigation concerning unnecessary force in 2013, 49 citizen complaints and 8 departmental investigation concerning unnecessary force in 2014, 27 citizen complaints and 7 departmental investigation concerning unnecessary force in 2015, 19 citizen complaints and 16 departmental investigations concerning unnecessary force in 2016, 11 citizen complaints and 7 departmental investigations concerning unnecessary force in 2017, 33 citizen complaints and 36 departmental investigations concerning unnecessary force in 2018 and 13 citizen complaints and 9 departmental investigations concerning unnecessary force in 2019 totaling 355 citizen complaints and 108 departmental investigations during this time period.

39.     Based on the PSS Annual Reports (Exhibit O – Burkwit Affidavit, Doc. 86-16), there were 298 citizen complaints and 56 departmental investigations between 2011 and 2016 concerning unnecessary force.

40.     Lt. Laszo Tordai clarified that the use of force complaints against the officer, exhibited in 85 Investigations, consist of all the individual cases **currently in existence**, and have been turned over in discovery. (Emphasis added) (See Tordai Affidavit, para. 16).

41.     Lt. Laszo Tordai acknowledged in his Affidavit that any exonerated, unfounded, officed or unprovable incident reviews are purged after five years and any of these complaints from 2010 to 2015 that fit into these categories would have been purged and are not available for production. (See Tordai Affidavit, para. 17(b)).

42. The undersigned has reviewed discovery materials provided for the specifically named officers in discovery request 1(ee) and those materials do not contain all the complaints, PSS Investigative Summaries, Police Chief Reviews and Civilian Review Board determinations for the named officers. Although concise officer histories were provided, the corresponding complaints, PSS Investigative Summaries, Police Chief Reviews and Civilian Review Board determinations were not provided.

43. Based on the foregoing, the City Defendants have committed spoilation of evidence by purging and destroying the discovery materials requested at paragraphs 1(dd) and 1(ee) of Plaintiff's First Request To Produce and as a result, Plaintiff is unable to support, prosecute and prove his claims alleged at Count VIII (Violation of 42 USC §1983 By Defendant City of Rochester (Failure to Implement Policies, Customs and Practices)) and Count IX (Violation of 42 USC §1983 By Defendants City of Rochester and Michael L. Ciminelli (Supervisory Liability/*Monell v. Dept. of Social Services*, 436 US 658 (1978)) of the Amended Complaint. (Exhibit A – Burkwit Affidavit, Doc. 10-1).

44. Based on the foregoing, the City Defendants have not produced "all force and disciplinary records for the past 10 years" and "complete Professional Standards Section records for all officers requested in this discovery" as represented by counsel for the City Defendants. (See Campolieto Affidavit, para. 5, Doc. 90).

45. By purging and destroying the requested excessive force complaint and investigation records, the City Defendants have demonstrated bad faith and fault especially considering that they had notice of Plaintiff's claims since June 2016 and since there are other pending excessive force civil rights cases in this Court against the City of Rochester for which Plaintiffs depend on these records to establish their municipal liability claims.

46. Based on the City Defendants' purging and destruction of the records which Plaintiff requires to establish his claims at Counts VIII and IX of the Amended Complaint, the undersigned requests that this Court sanction the City Defendants by striking their Answer in its entirety and rendering a default judgment against them on all causes of action alleged against them since they have showed willfulness, bad faith and fault on a continuing basis.

47. If this Court is not willing to strike the City Defendants' Answer in its entirety, in the alternative, Plaintiff requests that pursuant to FRCP 37(b)(2)(A), this Court partially strike the City Defendants' Answer with respect to Counts VIII and IX of the Amended Complaint and render a default judgment in favor of Plaintiff on these causes of action since the purged and destroyed records pertain directly to these causes of action which Plaintiff is unable to establish due to spoilation of records by the City Defendants.

*Motion To Compel Depositions*

48. As the City Defendants do not oppose Plaintiff's motion to compel the depositions of Defendants Joseph M. Ferrigno, II, Michael L. Ciminelli, Officers Whitney Unrath, Michael DiMauro, Joseph Zampatori, William Gallagher, Sergeant Kenneth Coniglio and a representative from the City of Rochester's Information Technology Department, one with knowledge of the Automated Vehicle Locator System (AVLS) and the storage and retention of such data for City of Rochester Police vehicles, the undersigned requests this Court order that these depositions be conducted and that counsel for the City Defendants promptly identify the witness who will testify concerning the AVLS system, storage and retention of this data.

49. The undersigned respectfully requests this Court order counsel for the

City Defendants to provide agreeable dates and times when each of the remaining witnesses will be produced for their depositions. Counsel for the City Defendants has had difficulty in scheduling these remaining depositions and the Court's supervision over scheduling them is necessary.

*Track Star AVLS Data*

50. In Paragraph 1(d) of Plaintiff's First Request To Produce (Exhibit C – Burkwit Affidavit, Doc. 86-4), Plaintiff requested "All records, reports, data, memos, maps, charts, email correspondence and documents sent to and/or generated from the City of Rochester's automated vehicle locator system (AVLS), Trackstar, AVLS data base/server and gps data recorded for the police vehicles which were operated by Officers Joseph M. Ferrigno, II, Samuel Giancursio, Christopher Muscato, William Gallagher, William Wagner and Patrick Giancursio, Whiteny Unrath, Amy Bauer, Mark Wiater, Michael DiMauro, Dylan Minnick and Joseph Zampatori on April 1, 2016 between 6:00 p.m. and 9:30 p.m.".

51. Attached hereto as **Exhibit D** is a copy of Plaintiff's Notice of Motion , dated March 17, 2021 (Doc. 69) and Affidavit of Charles F. Burkwit, dated March 17, 2021 without exhibits (Doc. 69-1) in support of Plaintiff's third motion to compel discovery.

52. In response to Plaintiff's Discovery Request at 1(d), the City Defendants claim that the requested AVLS Trackstar data does not exist.

53. As part of Plaintiff's third motion to compel discovery, the undersigned requested a hearing to determine whether the City Defendants took reasonable steps to preserve AVLS/Trackstar reports and data and whether it can be retrieved, restored or produced through another source. (See **Exhibit D** – Burkwit Affidavit (Doc. 69-1), para. 2).

54. On May 18, 2021, this Court issued an Order and Amended Scheduling

Order (Doc. 79) denying Plaintiff's motion to compel production of materials in Document Request 1(d) "without prejudice to renewal after further discovery is conducted regarding the AVLS system". A copy of this Court's May 18, 2021 Order and Amended Scheduling Order is annexed hereto as **Exhibit E**.

55. With regard to deposing a City representative regarding the AVLS system, storage and retention of data, counsel for the City Defendants has been unable to identify such an individual who has knowledge concerning same.

56. On July 27, 2021, the undersigned telephoned and spoke with President/CEO Michael Hughes of Track Star International, Inc. (hereinafter "Track Star") the company which invented the Trackstar AVLS system and licensed its software to the City of Rochester.

57. During my phone discussion with Mr. Hughes, he explained that Track Star is a stand-alone, self-hosted product and each customer has a private network. He explained that Track Star is completely removed from each customer's system, does not have access to their data and each customer has the ability to store data eternally and to delete it. Mr. Hughes explained that each customer, including the City of Rochester, has sole control over the data on their server.

58. Mr. Hughes further explained to the undersigned that the City of Rochester subscribed to Track Star through 2020 but did not pay the licensing fee for 2021 and as a result, the City of Rochester can not and will not have access to the AVLS data on their server until the licensing fee is paid.

59. Mr. Hughes explained that instead of paying the licensing fee to obtain data on their server, the City of Rochester can simply produce a copy of the Microsoft sequel

data base file associated with the City's Track Star AVLS system. Mr. Hughes explained that if the City of Rochester produces a copy of the Microsoft sequel data base file to the undersigned, he (Mr. Hughes) will be more than happy to generate the reports and data which Plaintiff seeks in discovery Request 1(d). Mr. Hughes further agreed to voluntarily appear for a video deposition which needs to be scheduled.

60. Attached hereto as **Exhibit F** is a copy of the undersigned's July 27, 2021 letter to counsel for the City Defendants requesting a copy of the Microsoft sequel data base file associated with the City of Rochester's Track Star AVLS system so that Plaintiff can obtain the AVLS reports and data and avoid further motion practice. In this letter, the undersigned also noted that he would like to depose a representative from the City of Rochester who was directly responsible for retention of data on the City's Track Star AVLS system data base server. Counsel has remained non-responsive to this letter.

61. The Plaintiff requests that this Court order the City Defendants provide the undersigned with a copy of the Microsoft sequel data base file associated with the City of Rochester's Track Star AVLS system prior to scheduling the deposition of a representative from the City of Rochester concerning the Track Star AVLS system, reports, storage and retention of this data.

62. The undersigned respectfully requests this Court to extend the Amended Scheduling Order deadlines (See Exhibit M - Burkwit Affidavit) by 60 days to allow sufficient time to complete the remaining depositions and discovery.

63. The undersigned respectfully requests this Court to grant the relief requested in Plaintiff's moving papers together with such other and further relief as the Court deems just and proper.

                                                                     s/Charles F. Burkwit, Esq.
                                                                     Charles F. Burkwit, Esq.

Sworn to before me this
2nd day of September, 2021.

      s/Barbara Peck
          Notary Public

18