UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**SILVON S. SIMMONS,**

                  *Plaintiff*,

  -*vs*-

**JOSEPH M. FERRIGNO, II, SAMUEL GIANCURSIO, MARK WIATER, CHRISTOPHER MUSCATO, ROBERT WETZEL, MICHAEL L. CIMINELLI, JOHN DOES 1-20, CITY OF ROCHESTER, SHOTSPOTTER, INC., SST, INC., JOHN DOES 21-30, and PAUL C. GREENE,**

                  *Defendants*.

**STIPULATED PROTECTIVE ORDER**

Civil Action No. 6:17-cv-6176-MAT

      The parties to this action possess certain confidential, private, and/or proprietary information that may be disclosed to the other parties in this action in response to various discovery requests discovery requests but that may qualify for protection under Federal Rule of Civil Procedure 26(c). The parties wish to insure any confidential information produced in this action shall not be used for any purpose other than this lawsuit and shall not be made public or be otherwise disseminated except as set forth in this STIPULATED PROTECTIVE ORDER ("Order").

      Accordingly, all parties agree, subject to the approval of the Court, the following procedures shall be employed for the protection of confidential information pursuant to the Federal Rules of Civil Procedure:

      1.    For purposes of this Order, confidential material is information that (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

13825974.1

2. Whenever a producing party produce a document or thing containing information that it deems to be confidential and which it wishes to be subject to this Order, the producing party shall mark or otherwise designate the document or thing "CONFIDENTIAL" or shall stamp the document or thing with a Bates Number and the legend "Subject to Protective Order" or "CONFIDENTIAL" or a substantially similar legend. Any such stamp and/or legend shall be placed on each document so as not to render the document unreadable. Further, the Bates Number and legend shall be placed on the document in such fashion that the language and Bates Number cannot be excised from the document. All materials so designated are referred to herein collectively as "Designated Information."

(a) If timely corrected, an inadvertent failure to designate confidential material does not, standing alone, waive the producing party's right to secure protection under this Order for such material. Upon timely correction of a designation, any and all receiving parties must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

3. If any document or thing is marked or designated "CONFIDENTIAL" upon the first page thereof, the entire document or thing shall be deemed marked "CONFIDENTIAL" with the exception of transcripts of depositions, responses to interrogatories, and responses to requests for admissions. Insofar as concerns transcripts of depositions, responses to interrogatories, and responses to requests for admissions, the specific page or pages of such documents containing or disclosing confidential information shall be marked "CONFIDENTIAL" while the pages of such documents not marked as such will not be subject to this Order. If Designated Information is included or incorporated into a document created during the course of this litigation (such as a brief or correspondence), the person or party

2

13825974.1

creating that new document shall mark any that document as "CONFIDENTIAL" and subject to the terms of this Order.

4. All Designated Information shall be maintained in strict confidence by any receiving party and, except as otherwise provided herein, used solely in the preparation for trial of this action. Receiving parties may disclose or permit to be disclosed Designated Information to any persons, including, without limitation, consultants, experts, or others retained by the receiving parties, fact witnesses, clients, client representatives and court reporters, provided however:

(a) Access to Designated Information shall be restricted to those persons required to review or see such information in either the prosecution or defense of this lawsuit; and

(b) The receiving parties and counsel for the receiving parties undertake to abide and be bound by this Order's provisions and to use due care to see its provisions are known and adhered to by those under their supervision or control; and

(c) When a receiving party or its attorneys intend to disclose Designated Information to consultants or experts or others retained by them in the preparation of this case, that party shall supply each such person receiving the disclosure with a copy of this Order. Each such person shall execute a written statement under oath, in the form appended hereto as Exhibit "A", acknowledging that they are familiar with the provisions of this Order and agree to abide by them. The receiving party will maintain the original executed written statement with a copy of this Order attached thereto until the Final Disposition of this litigation, as defined below. At the Final Disposition of this litigation, the receiving party shall advise the producing party of the

names of all individuals to whom Designated Information was disclosed and provide producing party with the original executed written statements referenced above.

5. Whenever a deposition taken on behalf of any party hereto involves a disclosure of Designated Information,

    a) If present or represented via counsel at the deposition, the producing party shall designate during the deposition the portion thereof disclosing or containing confidential information. Such designation shall be made on the record whenever possible.

    b) Even if present or represented at the deposition, a producing party may designate portions of the transcripts of depositions as containing confidential information after transcription, provided that written notice of such designation is promptly given to counsel for the other parties.

    c) The pages of the transcript containing or disclosing confidential information shall themselves be considered Designated Information and shall be subject to the provisions of this Order.

    d) The portions of the originals of the deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" and any portion thereof if filed with the Court will be submitted to the Court under seal, as described below.

6. (a) In the event counsel for any party determines to file with the Court any Designated Information or any papers containing or making reference to Designated Information, such documents or the portions of them containing or disclosing the confidential information or material will be submitted to the Court for filing under seal, as provided for in the Civil Local Rules and this District's Administrative Procedures Guide for Electronic Filing. The Parties may not file any documents under seal without first obtaining permission from the Court. The Court

retains discretion to determine whether any document should be sealed regardless of the parties' designation of the document.

(b) If Designated Information is used at trial, before its use the party that designated that information must be given reasonable opportunity to request that the courtroom be closed. This Order does not otherwise limit the ability to present Designated Information at trial. Any Designated Information used at trial shall be returned to the party offering the Designated Information at the end of the trial. After such return, the provisions of this Order shall continue to cover the Designated Information.

7. If any receiving party believes that a producing party has improperly designated any material as being subject to this Order, that receiving party shall notify the producing party in writing of this contention, providing with that notice specific identifying information as to the document(s) or portion(s) thereof the receiving party believes should not be subject to this Order. Within twenty-one (21) days of receipt of such written notification, the producing party may petition the court seeking a declaration that the document or material at issue shall remain subject to this Order. In any proceedings with respect to any such petition, the burden of proving the material should be subject to this Order shall be on the producing party. Pending resolution by the court of any such motion or petition, the material at issue will remain subject to this Order. If the producing party does not within twenty-one (21) days of receipt of the aforementioned written notification file the aforementioned petition, the material at issue will no longer be subject to this Order.

8. Nothing in this Order is a waiver of the objection to discovery that confidential documents are not discoverable on the basis of being confidential and/or containing private,

5

13825974.1

proprietary, or trade secret information. Nor shall anything in this Order preclude a party from seeking protection from discovery on other grounds.

9. Neither this Order nor the production of material in this action waives any claim of attorney/client privilege or attorney work product protection that might exist with respect to these or any other material or communications, written or oral, including, without limitation, other communications referred to in any documents a party may produce.

10. All receiving parties shall securely maintain all Designated Information received by them in this litigation shall be securely maintained. Distribution of or access to any such confidential information shall occur only in strict accordance with the terms of this Order.

11. Within sixty (60) days after "Final Disposition" of this litigation, receiving parties shall either (a) return to producing party all Designated Information or (b) securely destroy all Designated Information. Notwithstanding this provision, counsel (but not the receiving parties themselves) are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Designated Information. Any such archival copies that contain or constitute Designated Information remain subject to this Order. Final Disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

13825974.1

12. All persons bound by this Order shall not sell, offer, advertise, publicize or provide under any condition confidential information disclosed by a producing party in this litigation.

13. All persons reviewing or receiving confidential information subject to this Order agree to the exercise of personal and subject matter jurisdiction of the United States District Court for the Western District of New York, for the purpose of any and all actions seeking to enforce the terms and conditions of this Order or for contempt or requesting sanctions for violation of the terms of this Order.

14. This Order may not be waived, modified, abandoned, or terminated, in whole or part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

15. After Final Disposition, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Designated Information for enforcement of the provisions of this Order following Final Disposition.

16. This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**DATED:** April 8, 2020

| | |
|---|---|
| **BURKWIT LAW FIRM, PLLC** | **BARCLAY DAMON LLP** |
| By:    s/ Charles F. Burkwit <br>        Charles F. Burkwit, Esq. | By:    s/ Paul A. Sanders <br>        Paul A. Sanders, Esq. |
| *Attorneys for Plaintiff* <br> Office and Post Office Address <br> 16 East Main Street, Suite 450 <br> Rochester, New York 14614 <br> Tel: (585) 546-1588 <br> Email: burkwitesq@aol.com | *Attorneys for Defendants Shotspotter, Inc., SST, Inc., and Paul C. Greene* <br> Office and Post Office Address <br> 100 Chestnut Street, Suite 2000 <br> Rochester, New York 14604 <br> Tel: (585) 295-4426 <br> Email: psanders@barclaydamon.com |
| | Of Counsel: <br> **KILPATRICK TOWNSEND & STOCKTON LLP** |
| By:    s/ John M. Campolieto <br>        John M. Campolieto, Esq. | Jordan Trent Jones <br> 1080 Marsh Road <br> Menlo Park, CA 94025 <br> Tel: (650) 326-2400 <br> Email: jtjones@kilpatricktownsend.com |
| *Attorneys for Defendants City of Rochester, Joseph M. Ferrigno, II, Samuel Giancursio, Mark Wiater, Christopher Muscato, Robert Wetzel, Michael L. Ciminelli* <br> Office and Post Office Address <br> 30 Church Street, Room 400A <br> Rochester, New York 14614 <br> Tel: (585) 428-7410 <br> Email: John.Campolieto@cityofrochester.gov | Benjamin M. Kleinman <br> Two Embarcadero Center, Suite 1900 <br> San Francisco, CA 94111 <br> Tel: (415) 576-0200 <br> Email: bkleinman@kilpatricktownsend.com |

**SO ORDERED**                                          *Marian W. Payson*

                                                                       Hon. Marian W. Payson <br>
                                                                       U.S. Magistrate Judge

**ENTERED**    April 8, 2020

13825974.1

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**SILVON S. SIMMONS,**

        *Plaintiff,*

  -*vs*-

**JOSEPH M. FERRIGNO, II, SAMUEL GIANCURSIO, MARK WIATER, CHRISTOPHER MUSCATO, ROBERT WETZEL, MICHAEL L. CIMINELLI, JOHN DOES 1-20, CITY OF ROCHESTER, SHOTSPOTTER, INC., SST, INC., JOHN DOES 21-30, and PAUL C. GREENE,**

        *Defendants.*

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

Civil Action No. 6:17-cv-6176-MAT

# EXHIBIT A

## PROMISE OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND

The undersigned hereby promises and agrees as follows for good and adequate consideration:

1. I have been provided with a copy of the Stipulated Protective Order ("Protective Order") in the above captioned lawsuit which is pending in the United States District Court for the Western District of New York.

2. I agree to comply with the terms of the Protective Order.

3. I shall not disclose, copy, reproduce, or disseminate to any person or organization any information, documents or information contained in such documents provided to me that are subject to the Protective Order.

4. I shall not use any such information, documents or information contained in such documents other than as permitted in the Protective Order and only to the extent reasonably necessary to provide assistance or evidence relevant to the above-mentioned lawsuit.

5. I will return all documents, copies and all quotations or summaries of factual information reflected in documents that are subject to the Protective Order and/or designated or marked "CONFIDENTIAL" upon the conclusion of the lawsuit and/or immediately upon request of the attorney who provided it to me, whichever occurs first.

9

13825974.1

_____
Signature

_____
Print Name

_____
Address

_____
 Email

_____
Telephone

13825974.1