UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SILVON S. SIMMONS,

                                    Plaintiff,              ORDER and AMENDED
                                                            SCHEDULING ORDER

            v.                                              17-CV-6176G

JOSEPH M. FERRIGNO, II, et al.,

                              Defendants.
_____


            Silvon S. Simmons ("Simmons") having filed a motion to compel, for sanctions,

and for an extension of the scheduling order (Docket # 86), the City of Rochester, and its

employees Joseph M. Ferrigno, II, Samuel Giancursio, Mark Wiater, Christopher Muscato,

Robert Wetzel, and Michael L. Ciminelli (collectively, "City Defendants"), having opposed the

motion (Docket # 90), the City Defendants having filed two unopposed motions to seal (Docket

## 93 and 94), and this Court having reviewed the submissions, having conducted oral argument

on October 6, 2021 and November 22, 2021, and having issued an Order dated October 7, 2021

granting in part and reserving in part Simmons' motion (Docket # 95), it is hereby

            ORDERED, for the reasons stated more fully on the record on November 22,

2021, that the City Defendant's motion to seal (**Docket # 93**) is **GRANTED in PART and

DENIED in PART**.  Specifically, for good cause shown, this Court has determined that the

unredacted version of Exhibit B to the affidavit of Laslo Tordai (Docket # 90-5) should be sealed

in accordance with the confidentiality order entered in this matter (Docket # 51).  The City

Defendants shall file an unredacted version of Exhibit B under seal with the Clerk of the Court.

The City Defendants' request to file the affidavit of Laslo Tordai and its exhibits A and C-E, and

its request to file Exhibit B to the declaration of John Campolieto (Docket # 90), is denied.  The City Defendants are directed to file unredacted versions of these documents.  It is further,

ORDERED, for the reasons stated more fully on the record on November 22, 2021, that the City Defendant's motion to seal (**Docket # 94**) is **DENIED**.  The City Defendants are directed to file an unredacted version of Exhibit D to the declaration of John Campolieto (Docket # 90).  It is further,

ORDERED, for the reasons stated more fully on the record on October 6, 2021 and November 22, 2021, that Simmons's motion to compel (**Docket # 86**) is **GRANTED in part, DENIED in part, and DENIED in part as MOOT**.  Specifically, that portion of Simmons's motion that seeks an order compelling the payment of previously-ordered sanctions is denied as moot.  That portion of Simmons's motion that seeks to compel the scheduling of depositions is granted.  The parties are directed to confer and by no later than **December 1, 2021** submit to the court a letter with agreed-upon dates for the depositions of Michael Ciminelli, Nicholas Pettiti, Phong Huynh, Michael Hughes and Rural Metro Ambulance personnel.  In the event that no such letter is submitted, no further depositions shall be permitted.  That portion of Simmons's motion that seeks to compel further production of the City's Track Start AVLS system is denied at this time on the condition that the City Defendants cooperate with plaintiff to provide any requested Track Star AVLS system data that they have in their possession, custody, and/or control.  On the record before the Court, which reflects that substantial Court intervention and oversight following the October 6 oral argument resulted in the production of some additional documents by the City Defendants, that portion of Simmons's motion that seeks to compel further production of use of force complaints and investigative files in response to Document Requests 1(dd) and 1(ee) is denied.  Finally, Simmons's motion for sanctions is

granted in part and denied in part.  Specifically, the City Defendants are directed to reimburse

Simmons's attorneys' fees and costs incurred in making this motion.  The parties are directed to

promptly meet and confer regarding the amount of attorneys' fees and costs to be reimbursed; in

the event that no agreement is reached by **December 1, 2021**, plaintiff shall file a sworn affidavit

by that date attesting to the amount of attorneys' fees and costs incurred in connection with the

motion.  To the extent the City Defendants contest these amounts, they must file an affidavit in

opposition by no later than **December 8, 2021**.  It is further

ORDERED, that this Court's July 12, 2021 Amended Scheduling Order (Docket

# 85) shall be amended as follows:

1.      All factual discovery in this case, including depositions, shall be

completed on or before **February 18, 2022**.  All motions to compel discovery shall be filed by

**February 28, 2022**.

2.      Plaintiff shall identify any expert witnesses pursuant to Fed. R. Civ. P.

26(a)(2)(A) and provide reports pursuant to Rule 26(a)(2)(B) and/or disclosures pursuant to Rule

26(a)(2)(C) by **March 21, 2022**.  Defendants shall identify any expert witnesses and provide

reports pursuant to Fed. R. Civ. P. 26 by **April 20, 2022**.  Parties shall complete all discovery

relating to experts, including depositions, by **May 20, 2022**.

3.      Dispositive motions, if any, shall be filed no later than **July 19, 2022**.

Unless a consent to proceed before this Court has been filed, such motions shall be made

returnable before Chief Judge Geraci.

4.      A trial date status conference pursuant to Fed. R. Civ. P. Rule 16(e) and

Local Rule 16 will be held, if necessary, at a date and time to be determined by the trial judge

after determination of dispositive motions.  If no dispositive motions are filed, counsel shall **immediately** contact the trial judge so that a trial date status conference can be scheduled.

At least seven (7) days prior to the trial date status conference, the parties shall file a joint case status report setting forth the information described below.  If the parties disagree as to the information to be provided, the report must set forth their different responses. The joint status report shall contain:

(1)     Nature of the Case: Set forth a brief description of the action, identifying the parties, all counsel of record, the relief requested, any affirmative defenses and any relationship the case may have to other pending actions.

(2)     Motion Practice: Are any motions, dispositive or non-dispositive, pending?  If so, briefly describe the motion.  Explain if additional motion practice is necessary before the matter is ready to be tried.

(3)     Settlement: Describe the status of settlement negotiations.  If the parties believe a court supervised settlement/mediation conference would be of assistance in resolving the case or narrowing disputed issues, please state.

(4)     Trial: State whether the case is ready for trial.  If not, explain why. Set forth an estimate of how long the trial will take and whether the case is jury or non-jury.

No extension of the above cutoff dates will be granted except upon written application, made prior to the cutoff date, showing good cause for the extension.  Application for extensions should be made to the Magistrate Judge.  Joint or unopposed requests to extend the

deadlines set forth in this order need not be made by formal motion, but rather may be sought in a letter to the court.  Letter requests must detail good cause for the extension and propose new deadlines.

**IT IS SO ORDERED.**


                                                                        *s/Marian W. Payson*
                                                            MARIAN W. PAYSON
                                                            United States Magistrate Judge


Dated: Rochester, New York
          November 24, 2021