UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**SILVON S. SIMMONS,**

      *Plaintiff*,

 -vs-

**JOSEPH M. FERRIGNO, II, SAMUEL GIANCURSIO, MARK WIATER, CHRISTOPHER MUSCATO, ROBERT WETZEL, MICHAEL L. CIMINELLI, JOHN DOES 1-20, CITY OF ROCHESTER, SHOTSPOTTER, INC., SST, INC., JOHN DOES 21-30, and PAUL C. GREENE,**

      *Defendants*.

Civil Action No. 6:17-cv-06176-MWP

**MEMORANDUM OF LAW BY DEFENDANTS
SHOTSPOTTER, INC., SST, INC. AND PAUL C. GREENE
IN OPPOSITION TO PLAINTIFF'S FIFTH
MOTION TO COMPEL DISCOVERY**

                  **BARCLAY DAMON LLP**

                  Paul A. Sanders, Esq.
                  *Attorneys for Defendants,*
                  *ShotSpotter, Inc., SST, Inc.,*
                  *and Paul C. Greene*
                  Office and Post Office Address
                  2000 Five Star Bank Plaza
                  100 Chestnut Street
                  Rochester, New York 14604
                  Telephone: (585) 295-4426
                  Email: psanders@barclaydamon.com

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** .................................................................................................... 3

   **POINT I**  THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR SUMMARY JUDGEMENT THAT CERTAIN RULE 26(A)(2)(C) DISCLOSURES ARE SUFFICIENT ... 3

   **POINT II**  THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR LEAVE TO TAKE FURTHER DEPOSITIONS OF FACT WITNESSES ...................................................... 4

   **POINT III** THE COURT SHOULD DENY PLAINTIFF'S REQUEST TO CONTINUE THE CURRENT SCHEDULE BY 60 DAYS ................................................................................. 5

   **POINT IV** THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR SANCTIONS AGAINST SHOTSPOTTER OR ITS COUNSEL ...................................................................... 6

**CONCLUSION** ............................................................................................................................. 9

**PRELIMINARY STATEMENT**

Defendants ShotSpotter, Inc., SST, Inc., and Paul C. Greene (collectively, "ShotSpotter") by and through their attorneys Barclay Damon LLP, Kilpatrick Townsend & Stockton LLP, and Law Offices of Jordan Trent Jones, submit this Opposition to Plaintiff Silvon S. Simmons ("Simmons" or "Plaintiff") Fifth Motion to Compel Discovery (the "Motion" or "Plaintiff's Motion," Dkt. No. 102).

In the Notice of Motion, Plaintiff requests four specific forms of relief and includes a fifth catchall for "such other and further relief as the Court may deem just and proper." Below, ShotSpotter addresses each of the four requests. Just as the Court should deny each of the four specific requests, the Court should not grant Plaintiff any "other or further relief."

**POINT I**

**THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR SUMMARY JUDGEMENT THAT CERTAIN RULE 26(A)(2)(C) DISCLOSURES ARE SUFFICIENT**

Plaintiff's Motion seeks summary judgment that certain witnesses who may provide expert testimony on behalf of Plaintiff are not "retained experts" as set forth in Fed. R. Civ. Proc. 26 and are thus subject to the disclosure requirements of Rule 26(a)(2)(C) but not the report requirements of Rule 26(a)(2)(B).

Plaintiff's request was not teed up by any affirmative assertion that a report was required, but by ShotSpotter's refusal to stipulate that one was not. To wit, on February 1, 2022, in response to a long missive from Simmons, ShotSpotter responded: "After due consideration, the ShotSpotter defendants will not enter the stipulation that seems to be contemplated by you[r] letter." Jones Decl. ¶ Ex. 1 (bracketed text not in original).

ShotSpotter's refusal to stipulate that Simmons' had followed the rules is entirely proper. The Federal and Local Rules set out various obligations and standards. It is the obligation of the

3

parties to follow them and for the Court, as necessary and appropriate, to enforce them. But in no instance, and certainly not in this instance, is one party obligated to verify an adverse party's compliance with those rules, much less stipulate to that compliance.

The relevant facts are simple: Plaintiff disclosed certain individuals pursuant to Rule 26(a)(2)(C). ShotSpotter has not challenged the sufficiency of that disclosure. Plaintiff now seeks a declaration that the disclosures were, as a matter of law and fact, sufficient and complete.

Plaintiff may well be correct that it has discharged all of its obligations and that the testimony it procures from these individuals will be consistent with the disclosures made. But it would be improper to make such a dipositive decision at this time. As the litigation proceeds, evidence, including further expert disclosures or trial testimony by the disclosed individuals or others, may demonstrate that the Rule 26(a)(2)(C) disclosure was insufficient or that a Rule 26(a)(2)(B) report was necessary. At this point in time, when fact discovery remains open and when the relevant individuals have yet to testify, Plaintiff cannot conclusively demonstrate that the Rule 26(a)(2)(C) disclosures were complete or sufficient, and the Court should not issue a summary judgment to that effect.

## POINT II

### THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR LEAVE TO TAKE FURTHER DEPOSITIONS OF FACT WITNESSES

Plaintiff's Motion also seeks leave to take further depositions of fact witnesses. None of the witnesses Plaintiff seeks to depose are affiliated with ShotSpotter and ShotSpotter has not been asked to produce any witnesses for further depositions.

ShotSpotter has no position on the necessity of these depositions, but notes that Plaintiff Simmons has taken nearly 30 depositions of fact witnesses already, far in excess of the limit ("10") imposed by Federal Rule of Civil Procedure 30, without leave of Court. Although the excess

deposition are not of witnesses affiliated with ShotSpotter, they still impose a burden because ShotSpotter must monitor correspondence related to the depositions, attend the depositions, and review the transcripts. For this reason, ShotSpotter opposes any requests by Plaintiff Simmons to take additional depositions.

## POINT III

### THE COURT SHOULD DENY PLAINTIFF'S REQUEST TO CONTINUE THE CURRENT SCHEDULE BY 60 DAYS

This is at least Plaintiffs' fifth request to extend the schedule. *See* Dkt. Nos. 55, 60, 69, and 86. This time, Plaintiff seeks to extend the current scheduling order (Dkt. No. 97) by an additional 60 days. ShotSpotter opposes this request. If the Court is inclined to grant it, ShotSpotter reiterates its long-standing request that the Court maintain the current schedule for expert discovery and dispositive motions as to the claims against ShotSpotter.

Also, Plaintiff requested the extension so as to be able to notice and depose: (1) Anthony Sutera, (2) Lisa Bobo, (3) Steven J. Mickle, (4) Bill Boudreaux, (5) Brandon LaSage, (6) Rick Wright, (7) Tricia (last name unknown), (8) Stefanie Conte, (9) Laszlo Tordai, and (10) Michael Ciminelli. Jordan Decl. ¶ 4, Ex. 2. Of those witnesses, one (the last) was named in Dkt. No. 97 and two more (numbers 8 and 9) were referenced by Plaintiff in correspondence regarding prior motions to compel. If the Court does allow a further continuation of the schedule, it should be for the sole purpose of allowing depositions of those three witnesses. Those three depositions that can surely be completed within three weeks of the Court ruling on the matter.[1]

---

[1] For months, counsel for ShotSpotter has repeatedly, via telephone and via written correspondence, urged counsel for the other defendants and counsel for Plaintiff to complete the depositions of these three witnesses. Because counsel for ShotSpotter does not control or represent these witnesses, it is dependent on other counsel to discharge their obligations.

22385329.1

# POINT IV

## THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR SANCTIONS AGAINST SHOTSPOTTER OR ITS COUNSEL

Plaintiff's Motion includes an audacious request for sanctions against ShotSpotter "and/or" its counsel for alleged refusal to comply with the Court's orders in Dkt. No. 97. In essence, Plaintiff seeks to sanction ShotSpotter for declining to consent to extend the discovery schedule and thereby enable Plaintiff's continued violations of Rule 30 (requiring leave of court for more than ten depositions). Plaintiff seeks these sanctions despite refusing to meet and confer on the issue when requested to do so by ShotSpotter.  In essence, Plaintiff seeks sanctions because ShotSpotter will not consent to Plaintiff's continuing violations of Rule 30, and the subject of the violations (multiple prohibited depositions) are too important for Plaintiff to discuss in a good faith meet and confer. If ever there was a time to employ the term "chutzpah" in a legal brief, this is it.

Preliminarily, with respect to the orders Plaintiff claims were violated, ShotSpotter has fully complied with them to the extent they apply to ShotSpotter. The order required the Parties to submit by December 1, 2021, a letter to the Court regarding the scheduling of depositions of "Michael Ciminelli, Nicholas Pettiti, Phong Huynh, Michael Hughes and Rural Metro Ambulance personnel." The order in Dkt. No. 97 also called for "all factual discovery, including depositions" to be complete by February 18, 2022.

As to the depositions that were specifically allowed, ShotSpotter has no relationship with those witnesses and its counsel does not represent them. ShotSpotter has not interfered with the other parties' efforts to schedule those depositions and has cooperated when asked.

As to the deadline for completion of fact discovery, all fact discovery related to ShotSpotter, including depositions it noticed and depositions noticed of it, has been complete since approximately March 2021. *See* Jones Decl. ¶ 5.

The gravamen of Plaintiff's sanctions request against ShotSpotter appears to be that on February 1, 2021, ShotSpotter refused to stipulate to a continuation of the discovery schedule to enable an additional ten depositions. Of note and as stated above, this is at least the fifth time Plaintiff has sought a continuation of the discovery schedule, and it seeks to do so for numerous new witnesses (in violation of Rule 30).

Plaintiff has not put the previous extensions to good use. For example, Plaintiff has a history of noticing wasteful depositions without even attempting to determine if the witnesses has any material, discoverable information. This is illustrated by the highlighted portion of the below excerpt of the transcript of the February 2, 2022 deposition of Rural Ambulance witness, Edward Morrison.

```
                                      Page 17                                              Page 18
 1      EDWARD MORRISON - BY MR. JONES            1      EDWARD MORRISON - BY MR. BURKWIT
 2  my client or speaking with my client before?   2  deposition, meaning what you were going to be asked
 3      A. I don't recall.                         3  today?
 4      Q. Okay. And you don't remember going to 9 4      A. Not that I recall. I mean, like I said, I
 5  Immel Street at any time on April 1st, 2016?   5  have a subpoena. I looked at it and I was like I
 6      A. Not that far back.                      6  probably should respond. I responded really late
 7      MR. BURKWIT: Okay. I think I'm all set.    7  actually because of my company. But that's neither
 8  Thank you.                                     8  here nor there.
 9      MR. JONES: I have a few questions.         9      Q. And did anybody ask you about the incident
10      EXAMINATION BY MR. JONES:                 10  and if you remembered anything about the incident
11      Q. Mr. Morrison, I'm Jordan Jones and I   11  before you were here today?
12  represent ShotSpotter in this case.           12      A. Before today, no.
13      Have you ever spoken with Mr. Burkwit     13      MR. JONES: Okay. Thank you. No further
14  before today?                                 14  questions.
15      A. No.                                    15      MR. CAMPOLIETO: Thank you, Ed. I have no
16      Q. Have you spoken with anybody from his  16  further questions.
17  office before today that you know to be from his 17      MR. BURKWIT: I have one more,
18  office?                                       18  Mr. Morrison. I just have one more question.
19      A. I don't know who sent out the subpoena, 19      RE-EXAMINATION BY MR. BURKWIT:
20  but somebody sent me a subpoena and told me I should 20      Q. If you would have responded to a gunshot
21  be here. And I called to talk to them again because I 21  victim lying on the ground and there was a gun next to
22  wasn't able to attend last week and then so I was able 22  that victim, is that something you would have noted in
23  to attend today.                              23  your patient care report?
24      Q. And in those communications was there any 24      MR. JONES: Objection. Outside the scope
25  discussion about the subject matter of your   25  of my questioning and also lacks foundation, calls for
```

In any event, as set forth in the previous section of this opposition, ShotSpotter's refusal to stipulate to a continuation was entirely proper, not least because at the time of refusal, there were still eighteen days left for the other parties to comply with the schedule set forth in Dkt. No. 97

and because ShotSpotter has no obligation to stipulate to a schedule change so as allow Plaintiff Simmons to take depositions in excess of the amount allowed by, and in violation of, the Federal Rules.

To wit, Plaintiff's sanctions request arises out of this eminently reasonable correspondence on February 1, 2022:

> On behalf of the ShotSpotter defendants, we do NOT agree that an extension is necessary. In addition, the number of depositions that have been taken in this case is excessive and wasteful. In addition, FRE Rule 30 limits the number of deposition a party can take to ten depositions without leave of court. At this point, Plaintiff has exceeded that number and additional are not permitted under the rules.
>
> We can meet and confer to discuss whether there is way for the parties to agree on some less excessive. If we can't agree, then Plaintiff will need to seek relief from the court. Again, the ShotSpotter defendants will oppose such a request.

Jones Decl. ¶ 4, Ex. 2.

Although this correspondence accurately and correctly explained that Plaintiff had already taken nearly triple the number of depositions allowed under the rules and properly declined to stipulate to yet another continuation of the discovery schedule, ShotSpotter nonetheless included an invitation to meet and confer. Plaintiff Simmons <u>refused</u> to meet and confer: replying later that day that that "[m]eeting and conferring will not work here since we cannot agree to limit the number of depositions of the remaining witnesses." Jones Decl. ¶ 4, Ex. 2. The next ShotSpotter heard on the issue was when it was served with the pending Motion.

In this context, Plaintiff Simmons' request for sanctions against ShotSpotter and/or its counsel is not just lacking in merit, it is frivolous and quite possibly sanctionable itself. In any event, it should be denied.

## **CONCLUSION**

ShotSpotter has been ready to proceed to expert discovery and dispositive motion practice for a full year's worth of continuations. During that time, ShotSpotter has fully cooperated with efforts by the other parties to complete fact discovery, but there is no reason to excuse further delay. All of Plaintiff Simmons' requests should be denied. If any continuation of the schedule is ordered, it should not apply to the claims against ShotSpotter: expert discovery and dispositive motions on those claims should proceed as currently scheduled. If the Court does not sever the ShotSpotter matters, then any continuation should be only for the deposition of the three previously identified witnesses and should be for no more than three weeks from the Court's ruling.

**DATED**:  March 8, 2022                     Respectfully submitted,

**BARCLAY DAMON LLP**

By:  *s/ Paul A. Sanders*
        Paul A. Sanders, Esq.

100 Chestnut Street, Suite 2000
Rochester, New York 14604
Telephone: 585-295-4426
Email: psanders@barclaydamon.com

Of Counsel:                          **KILPATRICK TOWNSEND & STOCKTON LLP**

Benjamin M. Kleinman
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: 415 576 0200
Facsimile: 415 576 0300
Email: bkleinman@kilpatricktownsend.com

**LAW OFFICES OF JORDAN TRENT JONES**

Jordan Trent Jones
2268 Westborough Boulevard, Suite 302 #201
South San Francisco, CA  94080

        Telephone:  415-418-8767
        Email:  jtjones@jtrentjoneslaw.com

        Attorneys for Defendants
        *ShotSpotter, Inc., SST, Inc., and*
        *Paul C. Greene*