UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| SILVON SIMMONS, | DECLARATION IN RESPONSE TO FIFTH MOTION TO COMPEL |
| Plaintiff, | Case No.: 17-cv-6176 |
| v. | |
| JOSEPH M. FERRIGNO, II, SAMUEL GIANCURSIO, MARK WIATER, CHRISTOPHER MUSCATO, ROBERT WETZEL, MICHAEL CIMINELLI, JOHN DOES 1-20, CITY OF ROCHESTER, SHOTSPOTTER INC., SST, INC., JOHN DOES 21-30 and PAUL C. GREENE, | |
| Defendants. | |

_____

JOHN M. CAMPOLIETO, Esq., affirms and states:

1. I am an attorney with the City of Rochester Corporation Counsel's Office and represent Officers Joseph M. Ferrigno II, Samuel Giancursio, Mark Wiater, Christopher Muscato, Robert Wetzel, Michael Ciminelli and the City of Rochester (hereinafter "City Defendants"). I am admitted to practice law before the courts of the State of New York and in the United States District Court, Western District of New York.

2. I submit this affirmation pursuant to the apparent omnibus discovery motion filed by the Plaintiff seeking assorted relief including:

- An Order pursuant to FRCP 26 (a)(2)(B) declaring that Plaintiff is not required to provide expert disclosure for his designated experts and that any disclosures he

1

provided on December 23, 2020 be deemed sufficient as expert disclosure without any corresponding expert report.

- An order compelling and granting leave to conduct depositions which exceed the limit placed on depositions pursuant to FRCP Rule 30(a)(1) and (2).
- An Order extending the deadline of discovery by 60 days.

3. The history of complaints against the City, by the Plaintiff's attorney, are well documented in this case as this is the fifth purported motion to compel.

4. As Plaintiff's points out, the previous motions dealt with police disciplinary records. That dispute was resolved at the time of the Court's decision on the fifth motion to compel and all police disciplinary records requested were turned over to the Plaintiff. See Court's Order dated November 24, 2021 attached as Exhibit A. The request in this motion which deals with discovery now turn to depositions and a computer application which the City rarely used and at this time does not own the application, data or subscribe to.

5. Plaintiff is allowed 10 depositions without leave of the Court. Pursuant to Plaintiff's own Declaration, the City and co-defendants had allowed Plaintiff's attorney 32 depositions prior to informing Plaintiff that he would have to seek leave of the Court for additional depositions pursuant to FRCP Rule 30 (a)(1) and (2).

6. Instead of proceeding by seeking the leave of the Court to conduct additional depositions Plaintiff has instead turned his problem into a motion to compel.

This is not the appropriate method to seeking additional depositions or to extend discovery time.

7. Plaintiff's attorney has improperly brought a motion to compel for what should have been brought as a simple request of the Court to allow additional depositions. The same statement describes what Plaintiff's attorney has done for the request to allow his experts to testify without submitting a report. That is a motion that should properly be brought after the close of discovery and during or before the close of expert disclosure pursuant to FRCP 26 (a)(2)(B). That particular portion of this purported motion to compel is premature and without foundation.

8. Plaintiff's attorney attempts to argue that the City/defendants have disregarded the Court's November 24, 2021, Order but the record shows that was not the case. I conferred multiple times with the City's Information Technology Department and determined that the information I personally sent to TracStar was all of the information that the City computers held. This was confirmed by Nicholas Petitti, Director of Business Intelligence, during his deposition when he stated that it was his belief that all information from the former computer application TracStar was turned over to myself (which I subsequently turned over to the TracStar owner pursuant to his relationship with Plaintiff's counsel. There was no further requirement for additional explanation from defendant to plaintiff, outside of an additional discovery request or device. See Exhibit B, the Court's November 24, 2021 Order

9. Additionally, Plaintiff's attorney previously questioned Mr. Huynh under oath, in a prior trial. Plaintiff's attorney is the one who requested to depose Mr. Huynh and

arranged for his testimony. I provided and produced the Director of the Business Intelligence for the Rochester Police Department because that is who Mr. Burkwit requested based on the fact that he provided me with access to digital footprint of information left from the TracStar system (pursuant to Mr. Hughes testimony which data the City cannot even access because it does not own system or the data recorded from the system pursuant to the testimony of the creator of the system).

10. The City joins with any defenses and arguments submitted by co-defendant ShotSpotter.

11. This motion should be dismissed. It does not make a showing that the City, or any of the defendants in this matter, did anything to prevent or delay discovery. It simply said no to the unreasonable demands to continue discovery which had turned into a fishing expedition.

12. During most of the depositions in this case, conducted by Plaintiff, it was clear that there was no preparation by Plaintiff's counsel and he continued to ask rote questions which certainly burned all the attorneys in this case by their wasting their time during the 32 depositions conducted. This was readily apparent during the 31st and 32nd depositions when the third party witnesses repeatedly stated that they recalled nothing from the events for which they were called for.

13. Further extensions of discovery time and/or depositions, of City employees, previously retired years ago, is not going to further this case and will only involve a further fishing expedition.

14. The City seeks denial of the Plaintiff's purported motion to compel and request for an extension of discovery, denial of request for sanctions and costs; and for whatever relief the Court determines appropriate in the denial of the motion.

Date: March 8, 2022                     LINDA S. KINGSLEY, CORPORATION COUNSEL

                                              By:     /s/
                                              John Campolieto, Esq., of Counsel
                                              *Attorneys for Defendants*
                                              30 Church Street, Room 400A
                                              Rochester, NY  14614
                                              (585) 428-7410

To:   Charles F. Burkwit, Esq.
      Burkwit Law Firm, PLLC
      16 E. Main Street, Suite 450
      Rochester, New York 14614
      (585) 546-1588

      Paul A. Sanders, Esq.
      Barclay Damon, LLP.
      2000 Five Star Bank Plaza
      100 Chestnut Street
      Rochester, NY 14607
      (585) 295-4426