**BARCLAY DAMON**LLP

**Paul A. Sanders**
*Partner*

March 21, 2022

<u>VIA CM/ECF</u>
<u>VIA FAX (585-613-4085)</u>
Hon. Marian W. Payson
U.S. Magistrate Judge
Western District of New York
100 State St.
Rochester, NY  14614

      Re:    <u>Silvon S. Simmons v. Joseph M. Ferrigno, II, et al.</u>
             WDNY Civil No.:  17-cv-6176-MAT
             Our File No.:  3095688

Dear Judge Payson:

      We represent defendants ShotSpotter, Inc. SST, Inc., and Paul C. Greene ("ShotSpotter").  Pursuant to Western District of New York Local Rule 7(a)(6), ShotSpotter respectfully requests leave to file a brief sur-reply in further opposition to Plaintiff's Fifth Motion to Compel to the extent it requests sanctions against ShotSpotter and its counsel, as follows.

      ShotSpotter is surprised and disappointed that Plaintiff's counsel maintains his request for sanctions, particularly where it was Plaintiff, not ShotSpotter, that repeatedly violated the Federal Rules and refused to meet and confer.  Unsurprisingly, Plaintiff has not cited any statutes or case law supporting the imposition of sanctions under these circumstances.

      Plaintiff's reply demonstrates that counsel has somehow "gotten it into his head" that ShotSpotter shut down the depositions of City of Rochester witnesses Tordai, Ciminelli and Conte. ShotSpotter did no such thing. ShotSpotter's position was set forth clearly and unequivocally in the February 1, 2022 e-mail of Jordan Trent Jones (ShotSpotter's counsel) declining to consent to a further extension of the Scheduling Order and continuing violations of Rule 30.  The February 1, 2022 e-mail says nothing about the Tordai, Ciminelli and Conte depositions, and no subsequent communication modified that position.

      If Plaintiff had not rejected ShotSpotter's invitation to formally meet and confer, then Plaintiff could have raised his misapprehension of the situation, and ShotSpotter would have corrected it.  As it stands, ShotSpotter acknowledged in its opposition that the depositions of City of Rochester witnesses Tordai, Ciminelli and Conte may be completed. Importantly, and as Plaintiff's counsel well knows, ShotSpotter has no authority to allow, or disallow, depositions of a separate party's witnesses.

2000 Five Star Bank Plaza - 100 Chestnut Street - Rochester, New York 14604  barclaydamon.com
PSanders@barclaydamon.com  Direct: (585) 295-4426  Fax: (585) 295-8422

24234657.1

Hon. Marian W. Payson
March 21, 2022
Page 2

      Like all prior motions to compel filed by Plaintiff, this dispute over producing witnesses and scheduling depositions solely involves Plaintiff and the City Defendants. The many delays in this case, resulting in repeated extensions of the Scheduling Order, were caused by the failure of Plaintiff and the City Defendants to resolve their independent discovery disputes. That does not fall on ShotSpotter or its counsel.

      For these reasons, and those set forth in ShotSpotter's opposition, the Court should deny Plaintiff's request for sanctions against ShotSpotter.

      Respectfully submitted,

      Paul A. Sanders

PAS:np

cc:    Charles F. Burkwit, Esq. (via CM/ECF)
      John M. Campolieto, Esq. (via CM/ECF)
      Jordan T. Jones, Esq. (via CM/ECF)
      Benjamin M. Kleinman, Esq. (via CM/ECF)

24234657.1