UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SILVON S. SIMMONS,

                Plaintiff,                **ANSWERING AFFIDAVIT**

      vs.                                    **17-CV-6176-FPG-MWP**

JOSEPH M. FERRIGNO, II, SAMUEL
GIANCURSIO, MARK WIATER,
CHRISTOPHER MUSCATO, ROBERT
WETZEL, MICHAEL L. CIMINELLI,
JOHN DOES 1-20, CITY OF ROCHESTER,
SHOTSPOTTER, INC., SST, INC.,
JOHN DOES 21-30 and PAUL C. GREENE,

                Defendants.
_____

STATE OF NEW YORK)
COUNTY OF MONROE)     SS:

        Charles F. Burkwit, being duly sworn, deposes and says:

        1.    I am an attorney at law, duly licensed to practice my profession in the State of New York and am the attorney of record for Plaintiff Silvon S. Simmons (hereinafter "Plaintiff"), and as such, I am fully familiar with the facts and circumstances of this action.

        2.    I give this Affidavit in opposition to the City Defendants' motion for an Order pursuant to FRCP 26 (a)(2) extending the time to submit expert disclosure and extending expert disclosure by an additional 30 days.

3. It is respectfully submitted that the City Defendants are moving to extend this Court's scheduling order deadlines concerning expert disclosure and discovery relating to experts and therefore, their motion is governed by FRCP 16(b).

4. FRCP 16(b)(4) provides that a schedule may be modified for good cause and with the judge's consent.

5. The City Defendants have failed to show good cause why this Court's April 15, 2022 Amended Scheduling Order should be modified. A copy of this Court's April 15, 2022 Amended Scheduling Order is annexed hereto as **Exhibit A**.

6. In the Amended Scheduling Order (**Exhibit A**) at paragraph 3, this Court required Defendants to identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by August 30, 2022.

7. In the last paragraph of the Amended Scheduling Order (**Exhibit A**), this Court made clear that "No extension of the above cutoff dates will be granted except upon written application, made <u>prior to the cutoff date</u>, showing good cause for the extension".

8. The City Defendants failed to make a written application for an extension prior to the August 30, 2022 cutoff date and their motion should be denied.

9. Counsel for the City Defendants did not email the undersigned a copy of his August 30, 2022 extension request letter until 4:53 p.m. on August 30, 2022 as indicated by the email attached as **Exhibit B**. There is no reason why the extension request was not made sooner and brought on by formal motion as required by the Amended Scheduling Order (**Exhibit A**).

10. Counsel for the City Defendants claimed in his August 30, 2022 letter (**Exhibit B**) that the City "intends to retain an expert regarding firearms and needs such

2

additional time for said expert report to be completed". From this language, it appears that the City Defendants have not yet retained an expert regarding firearms since the City "intends to retain" such expert.

11. On December 23, 2020, the undersigned served Plaintiff's Expert Witness Disclosure for Eric Freemesser, firearms examiner and firearms tool mark section supervisor, Monroe County Crime Laboratory, concerning his investigatory work his department performed on April 4-7, 2016 concerning examinations and testing performed on the magazine, fired cartridge casings and bullets from Officer Ferrigno's Glock 45 and his examination and testing of the 9mm Sturm Ruger, the empty magazine and shell casing found in the chamber of that handgun. A copy of Plaintiff's Expert Witness Disclosure for Eric Freemesser is attached hereto as **Exhibit C**.

12. As counsel for the City Defendants has known of Plaintiff's firearms expert since December 23, 2020, he is unable to show good cause why the City waited until now to consider retaining a firearms expert.

13. The City's excuse that their extension request is due to additional discovery being ordered regarding AVLS data and the depositions of four (4) additional witnesses is without merit. A firearms expert's opinion is totally unrelated to Automatic Vehicle Locator System data and GPS locators. The additional depositions which were ordered and completed by June 14, 2022 had nothing to do with firearms and did not prevent the City Defendants from retaining a firearms expert prior to the August 30, 2022 expert disclosure deadline.

14. Although Plaintiff requested additional depositions after the four (4)

additional depositions were ordered by this Court, this Court denied this request by email on July 29, 2022. This still left the City Defendants with one month to identify any experts and provide their reports.

15. Although the City Defendants claim that on August 26, 2022 they submitted additional discovery documents which the Plaintiff had requested although discovery was closed, the City agreed to provide this discovery before the discovery deadline to avoid a sixth motion to compel discovery being made by Plaintiff.

16. As this Court is aware, Plaintiff was required to bring five (5) motions to compel discovery against the City Defendants, sanctions were imposed and there has been considerable delay with finishing discovery in this action due to the City Defendants' conduct. Plaintiff has been prejudiced enough by the City Defendants who have failed to show good cause for modifying the Amended Scheduling Order deadlines and their motion should be denied in its entirety.

s/Charles F. Burkwit, Esq.<br>Charles F. Burkwit, Esq.

Sworn to before me this
12th day of September, 2022

    s/Barbara Peck
    Notary Public