UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SILVON SIMMONS,

                                                          REPLY MEMORANDUM OF LAW

                Plaintiff,                               Case No.: 17-cv-6176

                  v.

JOSEPH M. FERRIGNO, II, SAMUEL GIANCURSIO,
MARK WIATER, CHRISTOPHER MUSCATO,
ROBERT WETZELL, MICHAEL CIMINELLI, JOHN
DOES 1-20, CITY OF ROCHESTER,
SHOTSPOTTER INC., SST, INC., JOHN DOES 21-30
and PAUL C. GREENE,

                    Defendants.

_____

## PRELIMINARY STATEMENT

For the purposes of this Reply to the Response to the Summary Judgment Motion, the undisputed facts of the case are presented in the City's original Statement of Undisputed Facts. The City objects, and rejects, the alternate statement facts submitted by the Plaintiff in its Response. The Plaintiff's statement of undisputed facts is clearly not undisputed and is 104 pages and 644 Paragraphs of plaintiff paraphrasing testimony and facts into his narrative.

In this case, Plaintiff alleges that he had no gun during his encounter with Officer Ferrigno and that excessive force was used against him. This is despite him having shot first at Officer Ferrigno which has been testified to by Officer Ferrigno, Officer Giancursio and demonstrated by the evidence collected by the Rochester Police Department. Plaintiff brings this suit against Officers Ferrigno, Giancursio, Wiater, Muscato, Wetzel

and Former Rochester Police Chief Michael Ciminelli, the City of Rochester and John Does, setting forth federal claims for False Arrest, Excessive Force, Conspiracy, Malicious Prosecution, Denial of Right to a Fair Trial, Abuse of Process, Failure to Intervene, Failure to Implement Policies, Customs and Practice and Supervisory and Municipal Liability (Monell Claim), and New York State claims for battery, assault and malicious prosecution.  *See Exhibit B.*

Defendants move for summary judgment on the following claims: Third Cause of Action for Conspiracy, Fifth Cause of Action for Denial of Right to a Fair Trial, the remaining Seventh Cause of Action for Failure to Intervene against Officer Christopher Muscato, Eighth Cause of Action for Municipal Liability- Failure to Train, Policy and Practice and Ninth Cause for supervisory liability.  The City Defendants also move for qualified immunity on the First Cause of Action-False Arrest.  Additionally, Captain Wiater, Investigator Muscato and former Police Chief, Michael Ciminelli should be dismissed as individual defendants.

**ARGUMENT**

I.    **REMAINING SEVENTH CAUSE OF ACTION AGAINST CHRISTOPHER MUSCATO FOR FAILURE TO INTERVENE MUST BE DISMISSED**

Plaintiff's allegation that Investigator Christopher Muscato failed to intervene must be dismissed.   As previously argued liability attached where there is a realistic opportunity to intervene to prevent the harm from occurring.  There was none here. Investigator Muscato had one task at the scene and that was to provide aid to Plaintiff Simmons.  See Muscato Affidavit.  He testified that he was attending to his task of assisting to the Plaintiff's medical condition and that Plaintiff did not request, nor did he hear a request, to be tested for gun powder residue. See Exhibit F to Summary Judgment Motion pgs. 49-51.  There was not such a test employed by the Rochester Police Department nor would there have been opportunity for such a test to be conducted as the Plaintiff was rushed into surgery. See Exhibit F pgs. 49-50.

An officer who fails to intercede is liable for preventable harm caused by the actions of other officers where that officer observes or has reason to know: (1) that excessive force is being used, *see O'Neill*, 839 F.2d at 11-12; (2) that a citizen has been unjustifiably arrested, *see Gagnon v. Ball*, 696 F.2d 17, 21 (2d Cir. 1982); or (3) that any constitutional violation has been committed by a law enforcement official, *see O'Neill*, 839 F.2d at 11. In order for liability to attach, there must have been a realistic opportunity to intervene to prevent the harm from occurring. *See id.* at 11-12. *See id.* at 11-12.

Investigator Muscato was not present at the scene when any arrest was made or force was used.   His role was to provide medical aid the plaintiff at the scene prior to the ambulance arriving and to accompany the Plaintiff to the hospital.  *See Affidavit of Christopher Muscato attached under separate cover.*  The element of a realistic opportunity to intervene, under the circumstances presented to the investigator, cannot attach here.

Investigator Muscato repeatedly testified that Plaintiff at no time asked him to check him for gunpowder residue.   *See Exhibit F pg. 39.*   The City of Rochester Police Department did not employ gun powder residue tests and the Monroe County District Attorney did not use gunpowder residue tests as evidence.  *See Exhibit H pg.131 and 132.*   Investigator Officer Muscato was assigned to this case and did not have further investigatory interaction with this matter or Silvon Simmons after his assigned role of treating him at the scene and accompanying him to the hospital was complete.   As a matter of law he did have a realistic opportunity to intervene in any other matter in this case besides his assigned role of aiding the Plaintiff.  *See Exhibit F at pg. 44 and 464.* He had no opportunity or means to request a hypothetical residue test while Plaintiff was being medically treated.  *See Exhibit F at pg. 40.*   In Plaintiff's Response he argues that if Muscato had called a Monroe County employee to inquire about testing for gun powder that county employee would have made some calls to find out what to do for such a hypothetical test.   This is not a realistic opportunity, especially considering that Investigator Muscato has no assigned role in the investigation of this criminal matter after April 1, 2016.

## II.   PLAINTIFF HAS FAILED TO PRESENT FACTS DEMONSTRATING CONSPIRACY BETWEEN ANY OF THE NAMED PARTIES/ENTITIES

Plaintiff's Third Cause of Action alleges all City Defendants conspired with ShotSpotter to violate his constitutional rights.  "To prove a § 1983 conspiracy [claim], a plaintiff must show: (1) an agreement between two or more state actors, or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999);  *Bussey v. Phillips*, 419 F. Supp. 2d 569, 586 (S.D.N.Y. 2006).  But after discovery, and forty plus depositions, no plausible evidence in the record shows anything other than a customer communicating with its contractor on the service it purchases and uses in the course of its business.   Absent is the any hint of collusion between ShotSpotter and the City of Rochester.  This allegation is gross speculation without any evidentiary support. After five years of discovery, there is no showing of the of the above-referenced elements being satisfied in this matter and in the face of extensive facts showing no conspiracy or animus it is not enough to claim that there is a factual dispute.

"[A] conspiracy [under 42 U.S.C. § 1985(3)] must be motivated by some class-based animus." *Hawkins v. County of Oneida*, 497 F. Supp.2d 362, 379 (N.D.N.Y. 2007). "In order for [plaintiff's] complaint to state a cognizable claim under the pertinent provisions of section 1985, it had to allege that he was a member of a protected class, that the defendants conspired to deprive him of his constitutional rights, that the

defendants acted with class-based, invidiously discriminatory animus, and that he suffered damages as a result of the defendants' actions." *Gleason v. McBride,* 869 F.2d 688, 694-95 (2d Cir. 1989)*.* No evidence is evidence of class-based animus in this case.

There were only two RPD employees that had contact with ShotSpotter in 2016: Mark Wiater and Robert Wetzel. *See Affidavits of Mark Wiater and Robert Wetzel attached under separate cover.* The communications between Wiater and ShotSpotter and later Wetzel and ShotSpotter are the extent of the Rochester Police Department and ShotSpotter and are simply a customer requesting clarification and information from its service provider. *See Exhibit K of City Summary Judgment Motion.* Nothing in these interactions meet the requirement of a conspiracy: *two parties, acting in concert, to inflict an unconstitutional injury.* The Plaintiff's third cause of action, conspiracy claim, should be dismissed.

### III.   MUNICIPAL LIABILITY EIGHTH CAUSE OF ACTION ALLEGING MUST BE DISMISSED

**Indifference**

To maintain a § 1983 claim a claimant must prove that a policy or custom caused a deprivation of his federal rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (U.S. 1978). Plaintiff does not allege that he was injured by any City policy. Rather, in this case Plaintiff claims to have been injured by the City's *failure* to discipline officers who have been exonerated after investigations into uses of force. Additionally, Plaintiff claims that the City fails to investigate excessive force complaints,

"Deliberate indifference is a stringent standard of fault[.]." *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011) (quoting *Bd. of the County Comm'Rs v. Brown*, 520 U.S.

397, 410 (1997)).  A claim for municipal liability is "at its most tenuous" when it is based upon a theory of deliberate indifference.  *Id.* at 1359.  For liability to attach on a deliberate indifference theory, plaintiff must establish (1) that the City was on notice of a defect in its training, investigative or disciplinary program, and consciously chose not to address that defect, and (2) the failure to address the defect caused plaintiff's injury.  *Id.* at 1360.  "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference[.]"  *Id.* (internal quotations omitted).   The Plaintiff has not shown notice, or a failure to address what he claims is a defect nor that the defect caused plaintiff's injury.

Plaintiff continues to argue in conclusory terms that the City's failure to adequately, investigate allegations of excessive force, and discipline officers is the reason these parties are involved in this litigation.  Plaintiff cannot maintain this claim with the broad conclusions used.   The deliberate indifference test is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious standard.   *Id.* at 1360; *Crawley v. City of Syracuse*, 496 F. Supp. 3d 718.

Plaintiff does not—and cannot—allege that the City of Rochester failed to investigate complaints of misconduct against defendant officers or other officers; or refer to those complaints to the Civilian Review Board.  The City sends every use of force report to be investigated by senior command whether there is a complaint of the force or not.  If citizen makes a complaint of excessive force, there is a Professional Standards Section investigation and a Civilian Review Board investigation; and then a decision by the Command Staff of the Rochester Police Department regarding discipline, which can ultimately be reviewed by hearing pursuant to Civil Service Law.

A municipality is liable under 42 U.S.C.S. § 1983 only if there is an official policy or custom resulting in deprivation of a federal right. *Marcel v. City of New York*, 1990 U.S. Dist. LEXIS 4094 at 20.  Only because it survived a motion to dismiss, Plaintiff continues the Monell allegation by restating the collection of unsubstantiated civilian complaint to try to argue deliberate indifference by the Rochester Police Department.  Such complaints are insufficient to prove deliberate indifference by a municipality.  *Marcel v. City of New York*, 1990 U.S. Dist. LEXIS 4094, *Law v. Cullen*, 613 F. Supp. 259, 262-63 (S.D.N.Y. 1985).  "Unsubstantiated CRB reports do not demonstrate a breach of a municipality's duty to train or supervise its police." *Law* at 262-263.

Additionally, In *Worthy v. City of Buffalo*, 2013 U.S. Dist. LEXIS 146242 (W.D.N.Y 2013) the Court stated that it is unlikely that documents relating to unsubstantiated claims of excessive force would lead to admissible evidence.  Further, the Court cited *Crenshaw v. Herbert,* 409 Fed. Appx. 428 (2d. Cir. 2011) in holding ***that if evidence of a prior substantiated excessive force investigation existed, such evidence would not be relevant to the particular facts of the case at bar***. *Crenshaw* at 430.  Similarly, In *Adamson v. City of Buffalo*, 2013 U.S. Dist. LEXIS 31849 (W.D.N.Y. 2013) the Court held that only substantiated claims of excessive force were relevant. Therefore, despite Plaintiff's efforts to cobble together a voluminous record of unsubstantiated, third party complaints, all of which were investigated, none of the referenced material is relevant or admissible evidence.

**Claim for Supervisory Liability Should Be Dismissed; Claim Against Michael Ciminelli Cannot Survive**

Plaintiff's Ninth Cause of Action and his claim against Former City of Rochester Police Chief Michael Ciminelli must be dismissed.   "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  The Second Circuit has set forth five ways in which a supervisor may be personally involved in an alleged deprivation of constitutional rights: (1) direct participation in the alleged constitutional violation; (2) failure to remedy the wrong after being informed of the violation by report or appeal; (3) creation or continuance of a policy or custom under which the unconstitutional practices occurred; (4) gross negligence in supervising the subordinates who committed the wrongful acts; or (5) deliberate indifference demonstrated by failure to act on information indicating that unconstitutional acts were occurring.  *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

As with the municipal liability claim, Plaintiff's supervisory liability claim against Former Rochester Police Chief Ciminelli is conclusory.  The Rochester Police Chief does not participate directly in investigations and thousands of investigations and cases under his or her prevue at any time.   Plaintiff shows no facts and argues support for this cause of action, as if it is a failure to intervene claim against Ciminelli, arguing in hypothetical narrative of his own opinion.  Plaintiff shows no facts establishing the Chief (1) was directly involved in the violation of Plaintiff's rights, (2) was made aware, by report or appeal, of the alleged violation, (3) created a policy which resulted in the alleged violation; (4) directly

supervised any of the officers, let alone exhibited "gross negligence" in supervising them; or (5) was deliberately indifferent to the possibly that Plaintiff would be harmed.  Plaintiff argues that the evidence was planted and the Chief should have known that.  The Grand Jury that indicted the Plaintiff found that there was sufficient evidence for the District Attorney to prosecute the Plaintiff and the most senior investigators and commanders at the RPD agreed to forward to District Attorney for presentation to the Grand Jury.  There was probable cause based on the evidence from the investigation. Plaintiff only sues Chief Ciminelli as the highest ranking member of the Rochester Police Department—this is insufficient to establish liability.  *See McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977) ("The fact that [the Corrections Commissioner] was in a high position of authority is an insufficient basis for the imposition of personal liability.").[1]  Plaintiff's claims against Chief Ciminelli must fail.

### *Supervisory/Liability Claim-Police Chief Michael Ciminelli*

Moreover, Plaintiffs have not shown any deficiency in the investigation into use of force in this matter, as the subject encounter was scrutinized on all levels from the Officers' direct, supervising Sergeant to the Chief of Police, Professional Standards Section and the CRB.  All known witnesses had complete statements taken, which were reviewed during the investigations, and all video of the incident was also reviewed. There has been no demonstrated deficiency in how civilian complaints are processed, and there is absolutely no evidence of collusion to suppress the civil rights of any complainant.  *See Exhibit H pgs. 235-250.*

---

[1] Because Plaintiff's claims for municipal liability and supervisory liability set forth in Count VIII and IX of the Complaint fail, his request for declaratory relief related to that Count should also be dismissed.

None of the requirements for imposing liability against Chief Ciminelli or the City of Rochester are present on this record. Accordingly, plaintiffs have failed to show any evidence of either a constitutionally violative policy or deliberate indifference to known risks posed by the Defendants.

## IV.    CITY DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

"[A] defendant is entitled to qualified immunity under the objectively reasonable standard if "officers of reasonable competence could disagree" on the legality of the defendant's actions. *Williams v. Ont. County Sheriff's Dep't*, 662 F. Supp. 2d. 321, 332 (W.D.N.Y, 2009) citing *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995). "Because qualified immunity is an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "The availability of the defense depends on whether a reasonable officer could have believed his action to be lawful, in light of clearly established law and the information he possessed." *Weyant v. Okst*, 101 F.3d 845, 858 (2d Cir.1996). Even if the plaintiff's rights were clearly established at the time of the alleged violation, an Officer may nonetheless enjoy qualified immunity if it was objectively reasonable for him to believe that his actions did not violate those rights. *Robison v. Via*, 821 F.2d 921 (2d Cir.1987). "Ordinarily, determining whether official conduct was objectively reasonable requires examination of the information possessed by the officials at that time (without consideration of subjective intent)." *Connecticut ex rel. Blumenthal v. Crotty*, 346 F.3d 84, 106 (2d Cir. 2003). "In an unlawful arrest action, an officer is . . . subject to suit only if his 'judgment was so flawed that no reasonable officer would have made a similar

choice.'" *Provost v City of Newburgh*, 262 F3d 146, 160 (2d Cir 2001) quoting *Lennon v.*

*Miller*, 66 F.3d 416, 425 (2d Cir. 1995).  "A policeman's lot is not so unhappy that he must

choose between being charged with dereliction of duty if he does not arrest when he has

probable cause, and being mulcted in damages if he does." *Pierson v. Ray*, 386 U.S. 547,

555 (1967).

  Officers Ferrigno and Giancursio enjoy qualified immunity because at the time of

the challenged arrest, it was objectively reasonable for them to believe their behavior did

not violate the plaintiff's clearly established rights.   It is undisputed that Ferrigno and

Giancursio believed the car that Plaintiff and Detron Parker were driving in was the same

make and model and a close color to the wanted suspect they were looking for.   It is also

undisputed that Officer Ferrigno got out of his car, shined a light on the vehicle that Mr.

SImmon's was a passenger in and said stop, Plaintiff did not stop.   Plaintiff then fired a

a the attempting to shoot Officer Ferrigno but misaiming and firing towards Officer

Giancursio's head. See Exhibit D.

  **"Even if the force (stop) is objectively unreasonable, an officer may still be**

**eligible for qualified immunity if it was objectively reasonable for the officer to**

**believe that [his] actions did not violate clearly established law."**  Emphasis added.

*Salim v. Proulx*, 93 F.3d 86, 89 (2d. Cir. 1996).  It is impossible for a reasonable jury to

find that Ferrigno and Giancursio's actions were objectively unreasonable, using an

ordinary patrol officer in similar circumstances standard, when their conduct, was deemed

appropriate by everyone who reviewed the investigatory documents, from their immediate

Sergeant, the Professional Standards Section, the Chief of Police and the CRB.  Plaintiffs

can only speculate in generalized terms about a false arrest.

Accordingly, Ferrigno and Giancursio must be immune from liability on the false arrest cause of action.

## CONCLUSION

For the foregoing reasons, City Defendants respectfully request that the Court grant their summary judgment motion and to dismiss counts three, seven, eight and nine against them, and additionally granting the City Defendants dismissal of count one or in the alternative grant the officers qualified immunity, as to court one, including dismissal against the City of Rochester, Michael Ciminelli, Christopher Muscato, Robert Wetzel and Mark Wiater, with prejudice, and provide such additional and further relief as the Court deems appropriate.