UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SILVON S. SIMMONS,

                                  Plaintiff,        Case # 17-CV-6176-FPG

v.                                                    DECISION AND ORDER

JOSEPH M. FERRIGNO, II, et al.

                                Defendants.
_____

**INTRODUCTION**

Plaintiff Silvon S. Simmons brought this action against the City of Rochester and its employees Joseph M. Ferrigno, II, Samuel Giancursio, Mark Wiater, Christopher Muscato, Robert Wetzel, and Michael L. Ciminelli (collectively, the "City Defendants") and against Shotspotter, Inc., SST, Inc. and Paul C. Greene (collectively, the "Shotspotter Defendants")[1] asserting claims under 42 U.S.C. § 1983 and various provisions of state law. ECF No. 10. The Shotspotter Defendants moved for summary judgment on December 22, 2022. ECF No. 136. The City Defendants moved for partial summary judgment on the same day. ECF Nos. 132-135. Plaintiff has responded to both motions. ECF Nos. 142, 143.

On February 7, 2023, Plaintiff filed a motion to seal his supplemental response to the City Defendants' Local Rule 56(a) statement of facts and additional facts with exhibits (the "Supplemental Response"). ECF No. 141. For the reasons that follow, Plaintiff's motion is DENIED.

---

[1] Plaintiff has also named several John Does as defendants. ECF No. 10

1

## BACKGROUND

On April 8, 2020, Magistrate Judge Marian W. Payson entered a stipulated protective order governing the handling of confidential material (the "Protective Order"). ECF No. 51. The Protective Order allows the parties to designate as "Confidential" "information . . . or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)." ECF No. 51 ¶ 1. If a party wishes to file with the Court such "Designated Information or any papers containing or making reference to Designated Information," the documents or the portions of them containing the confidential information or material "will be submitted to the Court for filing under seal." *Id.* ¶ 6(a). Pursuant to the Protective Order, "the Court retains discretion to determine whether any document should be sealed regardless of the parties' designation of the document." *Id.*

After both the City Defendants and the Shotspotter Defendants filed motions for summary judgment, Plaintiff filed a motion to file his Supplemental Response under seal. ECF No. 141. Plaintiff provided the Supplemental Response to the Court for *in camera* review. The Supplemental Response concerns complaints against certain Rochester Police Department ("RPD") officers and how the RPD maintains records associated with those complaints. After reviewing the motion and supporting materials, the Court provided the parties ten days to supplement Plaintiff's motion. *See* ECF No. 150. No party did so.

**LEGAL STANDARD**

Both the common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

The Second Circuit has set out a three-step process for determining whether a document should be sealed in light of the common law right of access. *See id.* First, the court must conclude that the document is a "judicial document," that is, it must be "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo (Amodeo I)*, 44 F.3d 141, 145 (2d Cir. 1995); *see Lugosch*, 435 F.3d at 119.

Second, after determining that the document is a judicial document, the court must determine the weight of the common law presumption of access. *Lugosch*, 435 F.3d at 119. The weight of the presumption "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "[D]ocuments submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Trump v. Deutsche Bank AG*, 940 F.3d 146, 151 (2d Cir. 2019) (quoting *Lugosch*, 435 F.3d at 121).

Third, the court must balance any "competing considerations," such as "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *Amodeo II*, 71 F.3d at 1050). When weighing privacy interests, courts should consider "the degree to which the subject matter is traditionally considered private rather than public." *Amodeo II*, 71 F.3d at 1051. Courts should also assess the

"nature and degree of injury," taking into account both the "sensitivity of the information and the subject" and "how the person seeking access intends to use the information." *Id.*

The First Amendment right of access stems from the qualified right of the public and the press "to attend judicial proceedings and to access certain judicial documents." *Lugosch*, 435 F.3d at 120 (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)).  Once a court has concluded that there is a qualified First Amendment right of access to the judicial document at issue, it may only seal the document "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (quoting *Press-Enterprise Co. v. Super. Ct. of Calif.*, 478 U.S. 1, 13-14) (internal quotation marks omitted).  "Higher values" may include law enforcement interests, the privacy of innocent third parties, and the attorney-client privilege.  *Amodeo II*, 71 F.3d at 1050; *Lugosch*, 435 F.3d at 125.

## DISCUSSION

Plaintiff seeks to file his Supplemental Response under seal because it contains information that he believes to be subject to the Protective Order.  As explained below, this is not enough to overcome the "firmly rooted" right of public access to judicial documents.  *Lugosch*, 435 F.3d at 119.  Accordingly, Plaintiff's motion to file his Supplemental Response under seal is denied.

In determining whether the right of access attaches to the Supplemental Response, the Court must determine whether it is a "judicial document" and evaluate the weight of the common law presumption of access.  *Lugosch*, 435 F.3d at 119.  This analysis is straightforward here.  Because Plaintiff seeks to submit the Supplemental Response in support of his opposition to the City Defendants' motion for summary judgment, it is a judicial document to which, as a matter of law, a strong presumption of access attaches.  *Deutsche Bank*, 940 F.3d at 151; *see also Matthews*

*v. New York State Dep't of Corr. & Cmty. Supervision*, No. 17-CV-503, 2023 WL 2664418, at *3 (N.D.N.Y. Mar. 28, 2023) ("Summary judgment filings should not remain under seal 'absent the most compelling reason' or 'absent exceptional circumstances' because the act of formal adjudication should be subject to public scrutiny." (quoting *Monahan v. City of New York*, No. 20-CV-2610, 2022 WL 993571, at *1 (S.D.N.Y. Mar. 30, 2022))).

Having determined that the Supplemental Response is a judicial document to which a strong presumption of access attaches, the Court must balance the "competing considerations," such as "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *Amodeo II*, 71 F.3d at 1050). Plaintiff asserts one competing consideration: the Supplemental Response contains excerpts of deposition testimony and designated confidential documents disclosed by the City Defendants, and that information is subject to the Protective Order. ECF No. 141-1 at 2. The Court has identified another potential concern, not specifically raised by Plaintiff or the City Defendants: "the danger of impairing law enforcement." *Lugosch*, 435 F.3d at 120. Here, however, neither consideration outweighs the strong presumption of access that attaches to the Supplemental Response.

"Confidentiality agreements alone are not an adequate basis for sealing." *Metcalf v. TransPerfect Translations, Int'l, Inc.*, No. 19-CV-10104, 2022 WL 2116685, at *1 (S.D.N.Y. June 13, 2022). That material is designated as "confidential" by a protective order therefore "might not overcome the presumption of public access once it becomes a judicial document." *McCane v. Wilkowski*, No. 18-CV-1489, 2023 WL 2965135, at *3 (W.D.N.Y. Apr. 17, 2023) (quoting *Metcalf*, 2022 WL 2116686, at *1). Accordingly, that the Supplemental Response includes information within the scope of the Protective Order is not enough, on its own, to overcome the

5

presumption of public access. *See id.* Here, no party has "adequately documented the particularized harm that . . . would arise from public disclosure" of the information contained within the Supplemental Response. *See Oliver v. N.Y. State Police*, No. 15-CV-444, 2020 WL 1227141, at *4 (N.D.N.Y. Mar. 13, 2020) (denying motion to seal internal investigation materials because defendants failed to establish interests that would be harmed, how disclosure would cause the harm, and how much harm disclosure would cause). Accordingly, even if the Supplemental Response contains information that is subject to the Protective Order, that alone does not justify sealing.

The Court notes that in some circumstances, law enforcement interests may outweigh the presumption of public access. This "law enforcement privilege" applies to information pertaining to law enforcement techniques and procedures, as well as information that would undermine the confidentiality of sources, endanger witnesses and law enforcement personnel or the privacy of individuals involved in an investigation, or that would otherwise interfere with an investigation. *See In re the City of New York*, 607 F.3d 923, 944 (2d Cir. 2010) (citing *In re Dep't of Investig.*, 856 F.2d 481, 484 (2d Cir. 1988)). An investigation need not be ongoing for this privilege to apply, as "the ability of a law enforcement agency to conduct future investigations may be seriously impaired if certain information is revealed to the public." *Id.* (citing *Nat'l Congress for P.R. Rights ex rel. Perez v. City of New York*, 194 F.R.D. 88, 95 (S.D.N.Y. 2000)). The party asserting the law enforcement privilege bears the burden of showing that it applies to the information in question. *Id.* (citing *In re Sealed Case*, 856 F.2d 268, 271-72 (D.C. Cir. 1988)).

While neither Plaintiff nor the City Defendants have specifically asserted the law enforcement privilege, the Court has nevertheless considered it and concludes that it does not justify sealing the Supplemental Response. Here, the information Plaintiff seeks to file under seal

concerns the number and nature of complaints against certain RPD officers, as well as testimony describing how RPD maintains records of those complaints. Courts in this Circuit have frequently refused to apply the law enforcement privilege to documents containing similar information, particularly where the party seeking sealing has failed to identify specific harms that might flow from disclosure. *See e.g.*, *McCane*, 2023 WL 2965135, at *3 (rejecting assertion that law enforcement privilege applied to information that purportedly revealed the manner in which corrections agency examines employees following misconduct); *Oliver*, 2020 WL 1227141, at *2-3 (denying motion to seal summary judgment exhibits containing specific references to defendant police officer's disciplinary record); *Coleman*, 174 F. Supp. 3d at 757 (rejecting assertion of law enforcement privilege to justify sealing internal affairs unit investigation report); *see also Moroughan v. Cnty. of Suffolk*, No. 12-CV-512, 2021 WL 280053, at *4 (E.D.N.Y. Jan. 24, 2021) ("[T]he confidential and internal nature of those [internal affairs] materials does not outweigh the strong presumption of public access to judicial documents related to summary judgment motions"). The Court is therefore skeptical that the Supplemental Response is within the scope of the law enforcement privilege.

But even if it were, no party has made a "substantial threshold showing that there are specific harms likely to accrue from disclosure of specific materials," nor has any party offered "competent declarations, show[ing] the court *what interests* [of law enforcement or privacy] would be harmed, *how* disclosure . . . would cause the harm, and *how much* harm there would be." *Coleman v. Cnty. of Suffolk*, 174 F. Supp. 3d 747, 758 (E.D.N.Y. 2016) (quoting *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988)) (alterations in original). Because no party has specifically identified any harm that disclosure might cause, there is no basis to apply the law enforcement privilege to the Supplemental Response.

No party has established that either the Protective Order or the law enforcement privilege are competing considerations that outweigh the strong presumption of access that attaches to summary judgment filings. Accordingly, Plaintiff's motion to file his Supplemental Response under seal is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Seal, ECF No. 141, is DENIED. Plaintiff shall file his Supplemental Response on the public docket on or before June 2, 2023.

IT IS SO ORDERED.

Dated: May 30, 2023
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York