UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SILVON S. SIMMONS,

                    Plaintiff,        **PLAINTIFF'S SUPPLEMENTAL RESPONSE TO CITY DEFENDANTS' LOCAL RULE 56(a) STATEMENT OF FACTS AND ADDITIONAL FACTS**

           vs.

JOSEPH M. FERRIGNO, II,        **17-CV-6176-MWP-FPG**
SAMUEL GIANCURSIO,
MARK WIATER,
CHRISTOPHER MUSCATO,
ROBERT WETZEL,
MICHAEL L. CIMINELLI,
JOHN DOES 1-20,
CITY OF ROCHESTER,
SHOTSPOTTER INC.,
SST, INC.,
JOHN DOES 21-30, and
PAUL C. GREENE,

                    Defendants.
_____

      Plaintiff Silvon S. Simmons, by his attorney, Burkwit Law Firm, PLLC, sets forth the following Supplemental Response To City Defendants' Local Rule 56(a) Statement of Facts And Additional Facts (hereinafter Plaintiff's Supplemental Response) in opposition to Defendants City of Rochester, Joseph M. Ferrigno, II, Samuel Giancursio, Mark Wiater, Christopher Muscato, Robert Wetzel and Michael Ciminelli's motion for summary judgment:

***Additional Facts***

1. On October 5, 2021, Defendant Joseph Ferrigno was deposed. Attached hereto as **Exhibit A** are relevant excerpts of his deposition testimony which the undersigned believes is subject to the Stipulated Protective Order.

2. Defendant Ferrigno acknowledged that during his career, he has been subject to approximately 5 to 10 civilian complaints related to his work with the City Police Department and those complaints involved use of excessive force. (See Exhibit A - Ferrigno Dep. pg. 18, line 8 to pg. 19, line 5).

3. Defendant Ferrigno was subject to a complaint received November 6, 2008 involving allegations of unnecessary use of force and discourteous/offensive behavior, he does not know what that complaint involved but it was deemed unprovable. (See Exhibit A - Ferrigno Dep. pg. 22, lines 7-17).

4. Defendant Ferrigno was subject to a citizen complaint received On November 3, 2010 which involved allegations of excessive force and a satellite issue of failure to file a Subject Resistance Report (SRR), he does not know what the complaint involved but was exonerated on the force allegation and sustained on failure to file the SRR. (See Exhibit A - Ferrigno Dep. pg. 24, lines 5-23).

5. Defendant Ferrigno was subject to a citizen complaint received April 25, 2011 involving the allegation of discourteous/offensive behavior but does not know what the complaint concerned. (See Exhibit A - Ferrigno Dep. pg. 25, line 19 to pg. 26, line 4).

6. Defendant Ferrigno was subject to a citizen complaint received February

29, 2012 concerning allegations of unnecessary use of force, discourteous/offensive behavior and failure to take a report but he does not know what the complaint concerned. (See Exhibit A - Ferrigno Dep. pg. 26, lines 5-15).

7. Defendant Ferrigno was subject to a citizen complaint received on May 21, 2012 concerning allegations of unnecessary use of force, discourteous/offensive behavior and failing to notify a supervisor but he did not understand the details even though a Memorandum of Record was issued. (See Exhibit A - Ferrigno Dep. pg. 26, line 16 to pg. 27, line 6).

8. Defendant Ferrigno was subject to a citizen complaint received August 28, 2012 concerning allegations of unnecessary use of force but he did not know what that complaint involved. (See Exhibit A - Ferrigno Dep. pg. 27, lines 10-19).

9. For these complaints, Defendant Ferrigno was never terminated or suspended and the only reprimand he received was memos which he does not know what they were about. (See Exhibit A - Ferrigno Dep. pg. 32, line 14 to pg. 33, line 19).

10. Defendant Ferrigno was questioned about admin entry IA number A16-0052 concerning citizens Jordan Martin-Brongo and Angel Nunez concerning a complaint of unnecessary force and discourtesy against him but he does not recall what that incident was about. (See Exhibit A - Ferrigno Dep. pg. 58, line 21 to pg. 59, line 8).

11. Defendant Ferrigno was present in the courtroom when a jury rendered their verdict finding that Officer Liberatore used excessive force against Benny Warr concerning IA number A13-0148 which was received on May 2, 2013. (See Exhibit A - Ferrigno Dep. pg. 60, line 11 to pg. 61, line 6).

12. MDT (Mobile Data Terminal) operator 811958 is Defendant Ferrigno's

code (81) and IBM number (1958). (See Exhibit A – Ferrigno Dep. pg. 105, line 3 to pg. 106, line 4).

13. When Defendant Ferrigno was questioned about a MDT entry on his D81D terminal at 9:03:14 p.m. on April 1, 2016 which stated "Traffic 1384 Mt. Read" and when asked if he was at 1384 Mt. Read Boulevard the evening of April 1, 2016, Defendant Ferrigno responded "Yes, sir, I was". (See Exhibit A – Ferrigno Dep. pg. 113, line 2 to pg. 115, line 22).

14. Defendant Ferrigno does not recall if he entered something on his MDT on this day and time, 21:03:14, and he claimed "I don't know anything about these MDT". (See Exhibit A – Ferrigno Dep. pg. 116, lines 14-21).

15. When Defendant Ferrigno was questioned further about his D81D MDT printout and if it indicated that on April 1, 2016 at 21:03:15 p.m., he was at 1384 Mt. Read Boulevard between the railroad overpass and Lexington Avenue, he responded "I don't recall being there" and "That's what the - - the - - that's what this paper – I don't know what - - I don't  - - I honestly don't know what this - - this paperwork is or who generates it. I know I didn't generate this paperwork".  (See Exhibit A - Ferrigno Dep. pg. 117, line 5 to pg. 119, line 12).

16. Defendant Ferrigno does not recall inputting anything on his MDT on April 1, 2016 at 9:03 p.m. and he does not recall where he was at that time. (See Exhibit A - Ferrigno Dep. pg. 122, lines 11-17).

17. On July 15, 2021, Patrick Giancursio was deposed. Attached hereto as **Exhibit B** are relevant excerpts of his deposition testimony which the undersigned believes is subject to the Stipulated Protective Order.

18. Officer Patrick Giancursio has been sued three times that he is aware of but was never subject to any type of discipline. (See Exhibit B - P. Giancursio Dep. pg. 83, lines 8-11, pg. 84, lines 10-11, pg. 85, lines 11-13).

19. Officer Patrick Giancursio acknowledged that on his Concise Officer History Report, he had been involved in numerous use of force incidents (See Exhibit B - P. Giancursio Dep. pg. 81, line 16 to pg. 95, line 16).

20. Officer Patrick Giancursio's report gives 23 use of force incidents received which he was never disciplined for. (See Exhibit B - P. Giancursio Dep. pg. 95, line 17 to pg. 96, line 4).

21. Officer Patrick Giancursio has been promoted within the Police Department. (See Exhibit B - P. Giancursio Dep. pg. 96, lines 5-7).

22. On June 7, 2022, Defendant Michael Ciminelli was deposed. Attached hereto as **Exhibit C** are relevant excerpts of his deposition testimony which the undersigned believes is subject to the Stipulated Protective Order.

23. Defendant Ciminelli acknowledged that the Professional Standards Section Investigative Summary for the Immel Street shooting indicates on the bottom of page 1 that other officers arrived, took photos and located a Ruger 9-milimeter handgun on the grass a few feet from Mr. Simmons. (See Exhibit C - Ciminelli Dep., pg. 84, lines 15-20).

24. Defendant Ciminelli acknowledged that page 2 of Officer Zenelovic's

incident report indicates that "A Ruger 9-millimeter handgun was found on the grass a few feet from suspect". (See Exhibit C - Ciminelli Dep., pg. 93, line 21 to pg. 94, line 2).

25. Defendant Ferrigno had citizen complaint on November 6, 2008 involving unnecessary use of force and discourteous/offensive behavior, Defendant Ciminelli does not know what the incident involved, it was deemed unprovable, was 14 years ago so it would have met the period to be purged. (See Exhibit C - Ciminelli Dep., pg. 248, line 7 to pg. 249, line 6).

26. Defendant Ferrigno had citizen complaints 2010-1217, 2011-0462, 2012-0253, 2012-0568, 2012-1035, 2012-1360, 2013-0455, 2013-0457, 2013-0458 and 2013-0641 which involved unnecessary use of force and/or discourteous/offensive behavior allegations which Defendant Ciminelli did not have knowledge about, were deemed unprovable, officed or exonerated and are purgeable material. (See Exhibit C - Ciminelli Dep., pg. 248, line 25 to pg. 254, line 7).

27. Defendant Ciminelli agreed that Defendant Ferrigno has been the subject of excessive force complaints in the past. (See Exhibit C - Ciminelli Dep., pg. 257, lines 20-24).

28. On June 14, 2022, Laszlo Tordai was deposed. Attached hereto as **Exhibit D** are relevant excerpts of his deposition testimony which the undersigned believes is subject to the Stipulated Protective Order.

29. Officer Charles LoTempio had a sustained force complaint going back to 2010, he had another sustained force complaint against him in 2013, he received a 30 day suspension without pay and he is still employed by the Rochester Police Department. (See Exhibit D - Tordai Dep., pg. 105, line 4 to pg. 107, line 6).

30. When Lieutenant Tordai was asked if Officer LoTempio had any force complaints made against him from 2010 to 2015 which were deemed unfounded, unprovable or exonerated and if those complaints would be purged by now, he responded "more than likely, yes". (See Exhibit D - Tordai Dep., pg. 107, lines 13-17).

31. Lieutenant Tordai provided a January 26, 2021 run report that included 117 results of incidents in response to Plaintiff's discovery request. (Exhibit D - Tordai Dep., pg. 100, line 21 to pg. 101, line 8).

32. There were only 24 PSS complaints listed on the run report prior to April 1, 2016 including incident 2016-0229 (See Exhibit D - Tordai Dep., pg. 101, line 15 to pg. 102, line 2), incidents 2014-0330, 2010-1217 and 2012-0568 (Exhibit D - Tordai Dep., pg. 102, line 23 to pg. 103, line 12), incidents 2016-003, 2010-0667, 2013-1274, 2018-0927, 2012-1192, 2015-0530 and 2010-0753 (See Exhibit D - Tordai Dep., pg. 104, lines 6-25), incidents 2013-1140, 2014-0243, 2011-0875, 2013-0603, 2016-0450 and 2014-0101 (See Exhibit D - Tordai Dep., pg. 108, line 4 to pg. 109, line 2), incidents 2014-0762, 2011-0803 and 2016-0579. (See Exhibit D - Tordai Dep., pg. 109, line 24 to pg. 110, line 12), incidents 2013-0639, 2014-0159, 2011-1157, 2012-0742. (See Exhibit D - Tordai Dep., pg. 112, lines 13-25).

33. When Lieutenant Tordai was asked if he agreed that the majority of the complaints Plaintiff requested have been purged, he responded that he could not attest to the percentage of complaints that were provided to Plaintiff versus what could have been available if they were not purged. (See Exhibit D- Tordai Dep., pg. 121, line 21 to pg. 122, line 4).

34. Lieutenant Tordai reviews MDT data as part of his investigatory duties

for the PSS. (See Exhibit D - Tordai Dep., pg. 129, lines 11-14).

35. Lieutenant Tordai reviewed Ferrigno Exhibit 3 which is a mobile data terminal entry for D81D which gives a date of April 1, 2013 at 2103:15 and indicates a traffic stop at 1384 Mt. Read Boulevard at a location between a railroad overpass and Lexington Avenue. (See Exhibit D - Tordai Dep., pg. 129, line 25 to pg. 132, line 15).

36. Lieutenant Tordai clarified that an officer can either input or call over the air and the dispatcher could put the address in. (See Exhibit D - Tordai Dep., pg. 130, lines 19-24).

37. If the officer calls over the air, it goes over the primary channel. (See Burkwit Affidavit – Exhibit D - Tordai Dep., pg. 130, line 25 to pg. 131, line 3).

38. Lieutenant Tordai agreed that Officer Ferrigno had seven (7) citizen complaints on his Concise Officer History that was printed on November 1, 2013. (See Exhibit D - Tordai Dep., pg. 149, lines 10-19).

39. Although it was noted that Officer Ferrigno had zero command discipline, this does not mean that he was never disciplined because command and discipline as indicated on the purge list gets purged after a year. (See Exhibit D - Tordai Dep., pg. 150, lines 4-15).

40. When questioned why an officer's discipline history would be purged after one year and would not be retained indefinitely, Lieutenant Tordai responded "I don't know". (See Exhibit D - Tordai Dep., pg. 150, lines 16-19).

41. If a police officer receives command discipline, that only stays on their Concise Officer History for a year. (See Exhibit D - Tordai Dep., pg. 151, lines 2-5).

42. Lieutenant Tordai confirmed that Officer Alexander C. Baldauf is still

employed by the Rochester Police Department and that he had four use of force incidents in 2015 noted on his Concise Officer History. (See Exhibit D - Tordai Dep., pg. 170, line 2 to pg. 172, line 25).

43. Lieutenant Tordai agreed that Officer Edward First has 59 use of force incidents noted as being received on his Concise Officer History and he is still employed by the Rochester Police Department. (See Exhibit D - Tordai Dep., pg. 177, lines 2-15).

44. Lieutenant Tordai confirmed that if Officer First was subject to any unnecessary use of force investigations prior to 2016 which were not sustained, they would be purged from his Concise Officer History. (See Exhibit D - Tordai Dep., pg. 178, lines 7-11).

45. Officer Joel Hasper has been subject to excessive force complaints, his Concise Officer History is 27 pages in length and he is still employed by the Rochester Police Department. (See Exhibit D - Tordai Dep., pg. 178, line 12 to pg. 179, line 11).

46. Officer Hasper has had a citizen complaint for discourteous/offensive behavior which was unfounded, a citizen complaint for unlawful search and seizure which was sustained, a complaint for improper conduct which was sustained and a bargained plea with a 12 day suspension. (See Exhibit D - Tordai Dep., pg. 182, lines 4-21).

47. Officer Hasper's Concise Officer History has a sustained finding for improper arrest and improper procedure and other force. (See Exhibit D - Tordai Dep., pg. 183, lines 22-25).

48. Officer Hasper was exonerated for unnecessary use of force in a 2018 incident and 2019 incident. (See Exhibit D - Tordai Dep., pg. 186, lines 8-19).

49. Officer Mario Masic had civil claims made against him on December 8,

2009, February 5, 2010 and July 20, 2010 but Lieutenant Tordai does not know what those were about. (See Exhibit D - Tordai Dep., pg. 189, line 2 to pg. 190, line 18).

50. Officer Masic had another civil claim that was received April 29, 2014 and one in 2017 but Lieutenant Tordai does not know what those were about. (See Exhibit D - Tordai Dep., pg. 191, line 14 to pg. 192, line 13).

51. The undersigned respectfully requests this Court review and consider the foregoing deposition testimony in opposition to the City Defendants' motion for summary judgment which seeks dismissal of the Eighth Cause of Action for Municipal Liability against Defendant City of Rochester and the Ninth Cause of Action for Supervisory Liability against Defendants City of Rochester and Michael Ciminelli.

Dated:   February 6, 2023             **BURKWIT LAW FIRM, PLLC**

                                                             s/Charles F. Burkwit
                                                             Charles F. Burkwit, Esq.
                                                             Attorneys for Plaintiff Silvon S. Simmons
                                                             16 East Main Street, Suite 450
                                                             Rochester, New York 14614
                                                             (585) 546-1588
                                                             charlie@burkwitlaw.com

TO:   LINDA S. KINGSLEY, Corporation Counsel
         John M. Campolieto, Esq., of counsel
         Attorneys for Defendants Joseph M. Ferrigno, II,
         Samuel Giancursio, Mark Wiater, Christopher
         Muscato, Robert Wetzel, Michael L. Ciminelli,
         John Does 1-20 and City of Rochester
         City Hall Room 400A, 30 Church Street
         Rochester, New York 14614-7741
         (585) 428-6812
         John.Campolieto@cityofrochester.gov

BARCLAY DAMON, LLP
Paul A. Sanders, Esq.
Attorneys for Defendants Shotspotter, Inc.
SST, Inc. and Paul C. Green
2000 Five Star Bank Plaza
100 Chestnut Street
Rochester, New York 14604
(585) 295-4426
PSanders@barclaydamon.com

LAW OFFICES OF JORDAN TRENT JONES
Jordan Trent Jones, Esq., of counsel to Barclay Damon, LLP
2268 Westborough Blvd., Suite 302
South San Francisco, California 94080
(415) 418-0380
jtjones@jtrentloneslaw.com

KILPATRICK TOWNSEND & STOCKTON, LLP
Benjamin M. Kleinman, Esq., of counsel
to Barclay Damon, LLP
Two Embarcadero Center, Suite 1900
 San Francisco, California 94111
(415) 576-0200
bkleinman@kilpatricktownsend.com