UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SILVON S. SIMMONS,

                                Plaintiff,                    PRETRIAL ORDER

v.                                                    Case # 17-CV-6176-FPG

JOSEPH M. FERRIGNO, II, et al.,

                                Defendants.

_____

       This Order controls the conduct of the trial in this case.

**I.**       **SCHEDULE**

       A **Jury Trial** will begin on **April 8, 2024 at 8:30 AM.** This date will not be adjourned. Counsel must notify the Court immediately if they resolve this matter before trial.

       A **Pretrial Conference** is scheduled for **March 13, 2024 at 10:00 AM,** to be held by Zoom videoconference. The trial attorneys must be present at the pretrial conference, where the Court and the parties will determine the trial schedule. The Court starts each day of trial at 8:30 AM and runs until 1:30 PM without a lunch break. In some cases, however, the trial schedule may need to be adjusted.

**II.**       **PRETRIAL SUBMISSIONS**

       Unless otherwise indicated, the following pretrial submissions MUST BE FILED with the Clerk of the Court and served on opposing counsel **at least TWO WEEKS before the pretrial conference**. *See* Fed. R. Civ. P. 26(a)(3); Local R. Civ. P. 16(e).

       **1.**       ***Voir Dire* Information**

       Each party must file a document entitled "*Voir Dire* Information" that contains the following material with each category on its own page:

       A.       A short description of the case that includes the claims and defenses at issue.

B.      The name, firm name, and business address of the trial attorney(s) and the names of any assistants that will be in court at counsel's table.

C.      The full name and address of the client, including the name of any corporate representative that intends to appear at trial for the client.

D.      A list of prospective witnesses the attorney expects to call at trial, including expert witnesses and adverse party witnesses. The parties should also identify "deposition witnesses," which are witnesses whose testimony the parties intend to introduce through prior deposition testimony. *See* Fed. R. Civ. P. 26(a)(3)(B), (C). The Court may preclude the use, in the direct case, of any witness not identified on the witness list. The witness list should include the following information:

(1)      The full name of the witness.

(2)      The occupational association of the witness (*e.g.*, FBI, Monroe County Sheriff's Department, Eastman Kodak Company, etc.).

(3)      The address and phone number of the witness.

(4)      A brief statement of the subject matter the witness is expected to testify to (*e.g.*, John Doe – Plaintiff will testify about his injuries; Mary Smith – witness to the incident; Jane Doe, M.D. – will offer expert testimony about Plaintiff's injuries).

E.      The Court will conduct *voir dire* by asking the panel a series of questions. The parties may submit a list of proposed questions they wish the Court to ask the panel. Failure to do so waives requests by that party. After the Court asks its questions, there will be a sidebar discussion to allow counsel to suggest any follow-up questions.

**2.      Exhibits**

All exhibits must be numbered. Plaintiff will use numbers 1 through 399, Defendant will use numbers 400 through 699, and third-party Defendants (if any) will use numbers 700 through

899.  Each exhibit must be physically tagged with the appropriate colored sticker (pink for Plaintiff and blue for Defendant and third-party Defendants) before trial begins.

Except for extraordinary cause, the Court will not allow the parties to introduce exhibits into evidence that were not listed on the exhibit lists and made part of the exhibit books as follows:

A.   Exhibit Lists − Each party must file an exhibit list of the exhibits it anticipates introducing in either its direct case (Fed. R. Civ. P. 26(a)(3)(C)), or during cross-examination (Fed. R. Evid. 608 or 609).  The list must be prepared on forms supplied by the Clerk's Office and briefly describe the proposed exhibit.

B.   Exhibit Books − The parties must prepare and submit to all parties and the Court exhibit books with copies of the exhibits listed on their exhibit list **at least TWO WEEKS before the pretrial conference**.  The books should be prepared in three-ring binders with separately numbered tabs corresponding to each exhibit.  The party must prepare two exhibit books for the Court and one for each party to the action.

**3.    Undisputed Facts and Stipulations**

The parties must file a list of what they believe to be the undisputed facts in the case.  *See* Local R. Civ. P. 16(e)(2).  The parties should consider appropriate stipulations as to undisputed facts or testimony.  A party that wishes to present proof by stipulation must submit to opposing counsel proposed stipulations of fact or testimony before trial.  Counsel must notify the proponent as soon as possible whether it agrees to the proposed stipulations.  Proposed stipulations do not have to be filed with the Court.

**4.    Statement of Claims to be Pursued at Trial**

The parties must file a statement containing a list of the specific claims/causes of action to be pursued at trial.  This list should include the name or type of claim and a specific reference to

the part of the pleading where it was alleged (*e.g.*, Title VII race discrimination, as alleged in the third claim of Plaintiff's complaint; breach of contract, as alleged in the first counterclaim of Defendant's answer; common law indemnification, as alleged in the first claim of third-party Plaintiff's third-party complaint).  Pleaded claims that will not be pursued at trial but have not yet been disposed of by motion or otherwise, must be resolved or dismissed before trial.

      **5.**       **Damages**

Plaintiff (or Defendant asserting cross-claims or counterclaims) must file an itemized statement of each element of special damages.

      **6.**       **Expert Testimony**

The parties must file a brief summary of the qualifications of all expert witnesses, a concise statement of each expert's expected opinion testimony, and the material upon which that testimony is expected to be based.  *See* Local R. Civ. P. 16(e)(2)(E).

The parties must comply with Fed. R. Civ. P. 26(a)(2) and (b)(4) and any Court order as to expert disclosure requirements and deposition rules.  Expert testimony will be limited to the opinions and the grounds for each opinion set forth in the expert's report and any supplemental disclosure.  *See* Fed. R. Civ. P. 26(a)(2) and (e)(1).  Noncompliance may result in precluded testimony.

      **7.**       **Deposition Testimony**

Parties must file an itemized list of deposition testimony (with page and line references) that they intend to use in their direct case.  The parties should attempt to resolve disputes as to the admissibility of this testimony before the pretrial conference.  *See* Fed. R. Civ. P. 32.

**At least ONE WEEK before the pretrial conference**, a party that objects to the use of deposition testimony must file its objections and set forth the basis for the objection and supporting authority, and submit a copy of the transcript of the objectionable testimony.  *See* Fed. R. Civ. P.

32(b).  If no objections are filed, any objections to proffered deposition testimony are deemed waived.

> **8.      Legal/Evidentiary Issues and Motions *in Limine***

The parties must advise the Court as soon as possible of significant issues of law and unusual questions relative to the admissibility of evidence, trial procedure, or substantive issues.

**At least ONE WEEK before the pretrial conference** the parties must file motions *in limine* concerning potential legal or evidentiary issues or procedural problems that may arise during trial.  *See* Fed. R. Civ. P. 26(a)(3).  All motions *in limine* must include a memorandum of law with legal citations.  The Court may resolve *in limine* motions at the pretrial conference or schedule argument on a separate date before trial.

> **9.      Jury Instructions**

The Court provides standard jury instructions in every civil case, and the parties are not required to file proposed standard instructions.  The Court's standard instructions include:

> Province of the Court and Jury
> Evidence in the Case
> Direct and Circumstantial Evidence
> Questions are not Evidence
> Jury's Recollection Controls
> Court's Questions to Witnesses
> Burden of Proof
> Preponderance of the Evidence
> Credibility of Witnesses
> Damages Must be Reasonable and not Speculative
> Manner of Deliberations

Plaintiff must file its proposed instructions on the substantive matters raised in the complaint, *i.e.*, the law relating to the causes of action pleaded, including damages.  Proposed jury instructions must be in a format that allows selecting, cutting, copying, and pasting.

The jury instructions must include an index or table of contents, and each proposed instruction must be numbered consecutively and set forth on a separate page.  The end of each

instruction must include legal citation.  If the instruction comes from a form book, the parties must advise the Court if they modified that instruction.  The full text of the proposed instruction should be included.

Defendant must file its own proposed jury instructions, in the form set forth above, regarding any counterclaim, affirmative defense, or other issue on which it has the burden of proof.

The parties must file any objections or requested modifications to proposed instructions **at least ONE WEEK before the pretrial conference**.  Other proposed jury instructions from either party, based on events that occur during trial, must be filed as soon as possible.

### 10.   Courtesy Copies

Each party must bring one courtesy copy of all pretrial submissions filed pursuant to this Order to the pretrial conference.  Another courtesy copy of the pretrial submissions required in Paragraphs 1 (*Voir Dire* Information) and 2 (Exhibit Lists) of this Order must be provided to the court reporter at the pretrial conference.

### 11.   Non-Jury Trials

In the case of a non-jury trial, the parties need not prepare the pretrial submissions required in Paragraphs 1(A), (B), (C), and (E) (*Voir Dire* Information) and the parties may disregard Sections II(9) and III of this Pretrial Order.  In place of the proposed jury instructions described in Section II(9), the parties must file a statement of law as it applies to the Court's determination of the matter, with appropriate legal citations.  The parties must file all other pretrial submissions required herein, including a witness list in accordance with Paragraph 1(D).

## III.   JURY SELECTION

Sheets for filling in juror information during *voir dire* are available from the courtroom deputy.  The parties should be familiar with Local R. Civ. P. 47, 28 U.S.C. § 1870, and Fed. R.

Civ. P. 48.  Typically, the Court selects an eight-person jury.  The Court will use the "struck jury system" as described in Local R. Civ. P. 47(e).  The Court will allow peremptory challenges as provided in Local R. Civ. P. 47, 28 U.S.C. § 1870, and Fed. R. Civ. P. 48.  The Court usually allows four peremptory challenges per side.

Under this struck-jury system, the clerk selects a panel that equals the total of the number of jurors (8), plus the combined number of peremptory challenges allowed to the parties (normally 8).  In a typical single-plaintiff / single-defendant case, a panel of 16 jurors will be selected.

The Court will conduct *voir dire* of the panel.  The Court will give counsel an opportunity, outside the jury's presence, to make challenges for cause.  New prospective jurors will replace those on the panel excused for cause.

Once the Court has determined that no remaining panelists should be dismissed for cause, the parties may exercise their peremptory challenges.  Defendant will exercise peremptory challenges first by writing the juror's name and number on the provided strike sheet.  The strike sheet will then go to Plaintiff who will make his own strike by writing the juror's name and number.  The strike sheet will come to the Court who will announce the excused jurors.  This process continues against the panel until the parties have either exhausted or waived the allotted number of peremptory challenges.  Plaintiff will get the last strike.

If a party does not exercise a challenge during a particular round, it loses only that peremptory challenge and may make other peremptory challenges in later rounds against any panel member.  The first eight panel members remaining will constitute the jury.

## IV.    TRIAL PROCEDURE

Before the trial starts, the parties must schedule a time with my staff to be trained on Courtroom #3's new technology.  This is necessary if the parties intend to use any courtroom technology to present evidence to the jury, including the ELMO/visualizer.

The Court will advise counsel of its daily schedule so that arrangements can be made for witnesses, etc.  It is counsel's responsibility to have witnesses available as needed.  The evening before each day's session, counsel must advise the Court and opposing counsel of the witnesses it expects to call the following day.  The Court expects the parties to cooperate when scheduling witnesses.  The Court is willing to take witnesses out of turn to accommodate experts and other non-party witnesses.

The Court may set time limits for opening statements and closing arguments, and it expects counsel to adhere to those limits.

Exhibits that have been marked and received into evidence will be kept on the counter next to the courtroom deputy.  In the evenings, each side will be responsible for collecting its exhibits and returning them to court the next day.

Counsel must question witnesses from the podiums so that the Court, jurors, all parties, and the public can hear the proceedings.  Permission is not required to approach a witness with a document, but all questioning should otherwise occur from the podium.

IT IS SO ORDERED.

Dated: October 5, 2023
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York

8