UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SILVON S. SIMMONS,

          Plaintiff,

vs.

JOSEPH M. FERRIGNO, II,
SAMUEL GIANCURSIO,
MARK WIATER,
CHRISTOPHER MUSCATIO,
ROBERT WETZEL, and
MICHAEL L. CIMINELLI,

          Defendants.

**PLAINTIFF'S REQUEST
TO CHARGE
(Proposed Jury Instructions)**

**17-CV-6176-FPG-MWP**

---

Plaintiff requests the following charges. Except for paragraph 8 below, they originate with Section 1983 Litigation: Jury Instructions, Wolters Kluwer, Second Edition, Volume 4 (2016), adapted to the facts of the case:

1. 3.01.1 – The Statute, Its Function and Elements of Claim For Relief

2. 3.02.1 – No Specific intent;

3. 7.01.5 – Excessive Force – Unconstitutional Arrest – Comprehensive Instructions;

4. 7.01.3 – Constitutional Use of Deadly Force Alternative Instruction;

5. 8.01.1 – Warrantless Arrest – Probable Cause;

6. 8.01.5 – False Arrest – Significance of Grand Jury Indictment;

7. 8.03.1 – Malicious Prosecution – Restraint On Liberty;

8. 9.33 Particular Rights – Fourteenth Amendment – Due Process – Deliberate Fabrication of Evidence;

9. 7.02.2 – Liability of On-Looking Officer Who Failed to Intervene – Alternative Instruction;

10. 3.04.3 – Action By Private Citizen Against Police Officers – All Persons Stand Equal Before The Law;

11. 3.04.4 – Action Against Governmental Agency;

12. 12.01.1 – State Law Claims Supplemental to §1983 Excessive Force, False Arrest and Malicious Prosecution Claims (Incorporates New York PJI definitions for battery, assault and malicious prosecution);

13. 18.01.20 – Compensatory Damages – Distinction Between False Arrest and Malicious Prosecution;

14. 18.05.2 – Rule Against Double Recovery – Section 1983 and State Law Claims;

15. 18.06.1 – Separate Consideration of Each Defendant – Apportionment – Joint and Several Liability;

16. 18.07.1 – Punitive Damages;

17. 18.07.2 – Punitive Damages – Amount of Punitive Damages; and

18. 18:07.5 – Punitive Damages – Multiple Defendants – Financial Resources of Defendant.

Plaintiff reserves the right to amend these requested jury instructions which are attached hereto.

Dated: February 27, 2024            **BURKWIT LAW FIRM, PLLC**

<u>s/ Charles F. Burkwit, Esq.</u>
By: Charles F. Burkwit, Esq.
Attorneys for Plaintiff Silvon S. Simmons
16 East Main Street, Suite 450
Rochester, New York 14614
(585) 546-1588
charlie@burkwitlaw.com

TO:    PATRICK BEATH, Corporation Counsel
       City of Rochester Department of Law
       John M. Campolieto, Esq., of counsel
       Attorneys for Defendants
       City Hall Room 412A, 30 Church Street
       Rochester, New York 14614
       (585) 428-7410
       John.campolieto@cityofrochester.gov

## 1.   INSTRUCTION 3.01.1

### The Statute, Its Function, and Elements of Claim for Relief

#### The Statute and Its Function

Plaintiff asserts a claim under a federal civil rights law, 42 U.S.C. §1983. The statute provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law. Section 1983 states in part that:

> Every person who, under color of [state law], subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

Section 1983 creates a form of liability in favor of individuals who have been deprived of rights secured to them by the United States Constitution. It was passed by Congress to enforce the Fourteenth Amendment of the Constitution. The Fourteenth Amendment provides in relevant part that:

> no state shall…deprive any person of life, liberty, or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws.

Section 1983 itself does not establish or create any federally protected right. Rather, it is the statute that allows the plaintiff in this case to enforce rights guaranteed to her by the federal Constitution. Later in these instructions I will explain to you what these federal constitutional rights are, and what the plaintiff must demonstrate to prove a violation of these rights.

To establish her claim under section 1983, the plaintiff must demonstrate, by a preponderance of the evidence, the following three elements:

First, that the defendant's conduct was under color of state law;

Second, that this conduct deprived the plaintiff of a right protected by the Constitution of the United States [or a federal statute]; and

Third, that the defendant's conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

\*\*\*

Section 1983 Litigation: Jury Instructions, Wolters Kluwer, 2nd Edition, Vol. 4 (2016)

## 2.  INSTRUCTION 3.02.1

### No Specific Intent

Section 1983 does not require the plaintiff to demonstrate that the defendant acted willfully, or with the specific intent to violate the plaintiff's federally protected rights. Nor does §1983 require the plaintiff to show that the defendant abused governmental power.

Section 1983 Litigation: Jury Instructions, Wolters Kluwer, 2nd Edition, Vol. 4 (2016)

### 3.  INSTRUCTION 7.01.5

**Excessive Force—Unconstitutional Arrest— Comprehensive Instructions (edited to add malicious prosecution and denial of fair trial)**

Before discussing the legal principles with you, I will set forth in very broad outline the facts that are not in dispute and the issues in this case, in the belief that the legal principles will be more meaningful in that context.

On April 1, 2016, Joseph Ferrigno and Samuel Giancurso were police officers employed by the Rochester Police Department. On that date at approximately 9:10 pm, plaintiff Silvon Simmons was shot and then arrested and handcuffed. Simmons was charged with Attempted Aggravated Murder in violation of Penal Law §110.00/125.26(1)(a)(i), Attempted Aggravated Assault on a Police Officer in violation of Penal Law §110.00/120.11 and two (2) counts of Criminal Possession of a Weapon in the Second Degree in violation of Penal Law §§265.03(1)(b) and 265.03(3), and later was acquitted of all charges.

The plaintiff claims that police officers Ferrigno and Giancurso unlawfully arrested him and used "excessive force" against him in making the arrest. As a result of this excessive force and unlawful arrest, Simmons claims he was deprived of his constitutional rights.

Simmons further contends that he suffered personal injuries and emotional distress as a result of excessive force applied against him in this incident and that he sustained monetary losses and emotional distress by being unlawfully arrested.

Simmons also contends that these and other defendants had him prosecuted for these crimes without probable cause and with malice.

The defendants deny that they acted improperly in arresting Simmons, and claim that they exercised only reasonable force that was necessary to subdue and arrest him. The defendants deny that they used any excessive force and contend that their actions in arresting and prosecuting him were legally justified. The defendants therefore assert that Simmons's constitutional rights were not violated.

\*\*\*

The plaintiff claims four separate violations of the United States Constitution. He claims that he sustained injuries and damages as a result of the deprivation, under color of state law, of rights secured to him by the Constitution of the United States. He has asserted his claims pursuant to a federal statute, 42 U.S.C. Section 1983, which protects the civil rights of all persons within the United States. I will explain the elements of this §1983 claim to you later on in these instructions.

Specifically, Simmons claims that while the defendants were acting under color of the authority given to them as City police officers, the defendants deprived him of certain rights secured and protected by the Constitution and laws of the United States, namely, that he was subjected to an

unlawful arrest and to excessive force by the defendants in the course of making the arrest, to a prosecution undertaken with legal malice, and to an unfair trial.

***

*Elements of Section 1983 Claim*

*First Element:* The first element of the plaintiff's §1983 claim is that the defendant acted under color of state law. In this case, it is agreed by the parties that at the time of these events the defendants were acting in their official capacities as police officers and, therefore, that they were acting under color of state law. Accordingly, you need not consider the first element of the Section 1983 claim, that the conduct complained of was under the color of state law.

*Second Element:* Now to the second element—that the conduct complained of deprived the plaintiff of a right secured by the Constitution of the United States. I will now review the three constitutional violations claimed by plaintiff and instruct you on the law of each such claimed violation. I will cover them in the following order: (1) excessive force, (2) unconstitutional arrest, (3) malicious prosecution, and (4) unfair trial.

***

Section 1983 Litigation: Jury Instructions, Wolters Kluwer, 2nd Edition, Vol. 4 (2016)

## 4.  INSTRUCTION 7.01.3

### Constitutional Use of Deadly Force— Alternative Instruction

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested. In other words, a law enforcement officer may only use the amount of force necessary under the circumstances to [make the arrest]. Every person has the constitutional right not to be subjected to excessive force while being arrested, even if the arrest is otherwise proper.

In this case, plaintiff claims that defendant violated his Fourth Amendment rights by using deadly force against him.

An officer may not use deadly force to prevent a suspect from escaping unless deadly force is necessary to prevent the escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others. Also, the officer must give the suspect a warning before using deadly force, if it is feasible under the circumstances to do so.

In order to establish that the defendant violated the Fourth Amendment by using deadly force, plaintiff must prove that defendant intentionally committed acts that constituted deadly force against the plaintiff. If you find that defendant shot the plaintiff, then you have found that defendant used deadly force. In addition, plaintiff must prove at least one of the following things:

- deadly force was not necessary to prevent plaintiff's escape; or
- defendant did not have probable cause to believe that plaintiff posed a significant threat of serious physical injury to defendant officer or others; or
- it would have been feasible for defendant to give plaintiff a warning before using deadly force, but defendant did not do so.

You should consider all the relevant facts and circumstances leading up to the time of the encounter that the defendant reasonably believed to be true at the time of the encounter. The reasonableness of defendant's acts must be judged from the perspective of a reasonable officer on the scene. The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are sometimes tense, uncertain, and rapidly evolving, about the amount of force that is necessary in a particular situation.

The plaintiff must prove that defendant intended to commit the acts in question; but apart from that requirement, [defendant's] actual motivation is irrelevant. If the force defendant used was reasonable, it does not matter whether defendant had good or bad motivations. And, an officer's improper motive will not establish excessive force if the force used was objectively reasonable.

Section 1983 Litigation: Jury Instructions, Wolters Kluwer, 2nd Edition, Vol. 4 (2016)

## 5.  INSTRUCTION 8.01.1

### Warrantless Arrest—Probable Cause

The plaintiff claims that he was unlawfully arrested on April 1, 2016, without probable cause to believe he committed a crime. The Fourth Amendment to the United States Constitution provides as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The Fourth Amendment prohibits the police from carrying out unreasonable seizures. An arrest is considered a "seizure" within the meaning of the Fourth Amendment. Under the Fourth Amendment an arrest may be made only when a police officer has probable cause to believe that the person arrested has engaged in criminal conduct. An arrest without probable cause is an unreasonable seizure.

The critical question for you to decide is whether the plaintiff's arrest on April 1, 2016 was lawful. Whether the arrest was lawful depends upon whether the defendant police officers had probable cause to believe that the plaintiff was committing the offenses I have described to you.

In this case, the defendant police officers did not have an arrest warrant. The law, however, does not require an arrest warrant when, as in this case, the arrest takes place in a public place. Whether the arrest was lawful depends upon whether the defendant officers had "probable cause" to believe that the plaintiff was committing or had committed an offense or a crime.

What does the law mean by probable cause? Probable cause is not proof beyond a reasonable doubt or proof sufficient to convict. Neither, however, is it mere speculation or surmise. Probable cause exists when the facts and circumstances within the knowledge of the police officer at the time the arrest was made were sufficient to warrant a person of reasonable prudence to believe that an offense or a crime was being committed by the person arrested. This determination is made on the basis of the totality of the circumstances viewed from the vantage point of a prudent, reasonable, cautious person on the scene at the time of the arrest.

Plaintiff has the burden of establishing by a preponderance of the evidence that he was arrested without probable cause. If probable cause existed for the arrest, then the plaintiff was not subjected to an unreasonable seizure.

In order for you to determine whether the defendant police officers had probable cause to arrest the plaintiff for the charges made against him, I shall instruct you as to the elements of the crime that the plaintiff was charged with committing when he was arrested.

The crimes the plaintiff was charged with were Attempted Aggravated Murder, Attempted Aggravated Assault on a Police Officer, and two counts of Criminal Possession of a Weapon. You will have to determine whether there was probable cause to arrest the plaintiff for these charges.

As to the crime of attempted Aggravated Murder, a class A-1 felony, Penal Law §110.00/125.26(1)(a)(i), insofar as it is applicable to this case, reads as follows:

A defendant is guilty of Attempted Aggravated Murder when, with intent to cause the death of another person, he engages in conduct which would tends to cause the death of such person, who was a police officer who was at the time of the offense engaged in the course of performing his or her official duties, and the defendant knew or reasonably should have known that the victim was a police officer so engaged.

Attempted Aggravated Assault on a Police Officer in violation of Penal Law §110.00/120.11, a Class C felony, insofar as it is applicable to this case, reads as follows:

A defendant is guilty of Attempted Aggravated Assault Upon a Police Officer when, with intent to cause serious physical injury to a person whom he knows or reasonably should know to be a police officer engaged in the course of performing his or her official duties, that person engages in conduct which would tends to cause such injury by means of a deadly weapon.

Criminal Possession of a Weapon in the Second Degree in violation of Penal Law §§265.03(1)(b), a Class C felony, insofar as it is applicable to this case, reads as follows:

A person is guilty of Criminal Possession of a Weapon in the Second Degree when, with intent to use the same unlawfully against another, that person knowingly possesses a loaded firearm.

Criminal Possession of a Weapon in the Second Degree in violation of Penal Law §§265.03(3), a Class C felony, insofar as it is applicable to this case, reads as follows:

A person is guilty of Criminal Possession of a Weapon in the Second Degree when that person knowingly possesses any loaded firearm and such possession did not take place in such person's home or place of business.

I instruct you that so long as police officers Ferrigno and Giancurso had probable cause to arrest the plaintiff for one of these offenses, then the plaintiff was not unlawfully arrested, and your verdict must be in favor of the defendant on his Section 1983 claim for unlawful arrest.

Even if the charge against the plaintiff was ultimately dismissed, that is not evidence that the defendant police officers lacked probable cause to arrest for such a charge. The ultimate dismissal is not relevant on the issue of initial probable cause to arrest. This is because whether the defendant police officers had probable cause must be determined on the basis of the facts and circumstances facing the police officers *at the time of the arrest.*

Accordingly, on the issue of the alleged constitutional violation of making an unlawful arrest, if you determine that the plaintiff established, by a preponderance of the evidence, that there was no probable cause to arrest him on this charge, your verdict must be in favor of the plaintiff and against the defendants as to the unlawful arrest cause of action.

However, if you determine that there was probable cause to arrest him on this charge, then the arrest would be lawful and your verdict must be in favor of the defendants. If probable cause existed for the arrest on this charge, then there was no unreasonable seizure, and the plaintiff has no claim for unlawful arrest against the defendants on any charge of unlawful arrest.

Section 1983 Litigation: Jury Instructions, Wolters Kluwer, 2nd Edition, Vol. 4 (2016)

## 6.  INSTRUCTION 8.01.5

### False Arrest—Significance of Grand Jury Indictment

The plaintiff alleges that he was arrested without probable cause. I have already instructed you as to the meaning of probable cause. The defendant police officers allege that the fact that the grand jury indicted the plaintiff shows that there was probable cause for his arrest.

The grand jury's indictment of the plaintiff does have legal significance. The indictment creates a rebuttable presumption of probable cause. The plaintiff, however, may overcome this presumption by showing, by a preponderance of the evidence, that a defendant did not make a complete and full statement of facts either to the grand jury or to the district attorney, that he or she misrepresented or falsified evidence, or that he or she withheld evidence or otherwise acted in bad faith, and that this action or omission by the defendant had an impact on the grand jury's decision to indict the plaintiff. In other words, to rebut the presumption of probable cause created by the grand jury indictment, the plaintiff must establish, by a preponderance of the evidence, that the grand jury's indictment was the result of fraud, perjury, the suppression of evidence, or other conduct undertaken in bad faith by the defendant. This conduct could include failing to provide documents or false testimony, to either the grand jury or the district attorney, so long as such conduct by the defendant had an impact on the grand jury's decision to indict the plaintiff.

Section 1983 Litigation: Jury Instructions, Wolters Kluwer, 2nd Edition, Vol. 4 (2016)

## 7.  INSTRUCTION 8.03.1

### Malicious Prosecution—Restraint on Liberty

In order to succeed on his §1983 malicious prosecution claim, the plaintiff is required to prove: (1) the commencement [ *or* the continuance] of a criminal proceeding by the defendants against the plaintiff; (2) the termination of the criminal proceeding in favor of the plaintiff; (3) the absence of probable cause for the proceeding; (4) malice on the part of the defendant; and (5) a post-arraignment deprivation of his liberty.

I instruct you that the first two of those elements have been met, because it is clear on this record that a criminal proceeding was commenced [or continued] against the plaintiff, and that the criminal proceeding was later dismissed against him for neglect to prosecute. I am instructing you, as a matter of law, that the dismissal of the criminal case for neglect to prosecute was a termination of the criminal proceeding in the plaintiff's favor.

It is for you, the jury, to determine whether the plaintiff has satisfied the last three elements of his claim for relief. With respect to the third element, whether there was probable cause to commence [or continue] criminal proceedings depends upon whether a reasonably prudent person, based upon all of the facts and circumstances known to him when the prosecution was commenced [ *or* while the prosecution was continued] would have believed that the plaintiff was guilty of the crimes charged. The fact that the charges were ultimately dismissed is not evidence that the defendant lacked probable cause when the prosecution was commenced [ *or* continued].

With respect to the fourth element, to show malice, the plaintiff must show that the criminal prosecution was initiated [*or* continued] for a purpose other than to secure a conviction of a guilty person, or that it was initiated [ *or* continued] out of ill will or reckless disregard for the rights of the accused. A prosecution is initiated [ *or* continued] with reckless disregard for the rights of the accused when it is initiated without any reasonable belief that the accused has actually committed the offense for which he is charged. If you find that a defendant did not have probable cause to believe that the plaintiff committed the crime for which he was charged, you may, but are not required, to infer that the defendant acted maliciously.

The last element requires you to determine whether, after his arraignment, the plaintiff suffered a significant restraint on his liberty. I charge you that as a result of this prosecution the plaintiff was incarcerated from the time of his arrest on April 1, 2016, until October 26, 2017, when the jury rendered its verdict and plaintiff was released from Monroe County Jail.

You may return a verdict for the plaintiff only if you find that he has satisfied all five elements of his claim for relief. If he has failed to satisfy any element of his claim then your verdict must be for the defendants.

Section 1983 Litigation: Jury Instructions, Wolters Kluwer, 2nd Edition, Vol. 4 (2016)

**8.  9.33 Particular Rights—Fourteenth Amendment—Due Process—Deliberate Fabrication of Evidence**

As previously explained, the plaintiff has the burden of proving that the acts of defendants deprived the plaintiff of particular rights under the United States Constitution.  The Fourteenth Amendment protects against being subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the defendant. In this case, the plaintiff alleges the defendants deprived him of his rights under the Fourteenth Amendment to the Constitution when Officer Ferrigno testified falsely to the Grand Jury and the trial jury and disseminated false information to other officers and the District Attorney and when he and others concocted evidence linking the plaintiff to the Ruger handgun allegedly found at the scene.

For the plaintiff to prevail on [his claim of deliberate fabrication of evidence, the plaintiff must prove the following element by a preponderance of the evidence:

Officer Ferrigno and others gave false testimony and/or deliberately fabricated evidence that was used to  prosecute the plaintiff.

If the plaintiff proves that the defendant lied or deliberately fabricated evidence that was used to prosecute] the plaintiff, then the plaintiff is not required to prove that the defendant knew the plaintiff was innocent or was deliberately indifferent to the plaintiff's innocence.

Source: http://www3.ce9.uscourts.gov/jury-instructions/model-civil.

## 9.  INSTRUCTION 7.02.2

### Liability of On-Looking Officer Who Failed to Intervene - Alternative Instruction (addition for malicious prosecution)

The plaintiff contends that Defendant police officer Christopher Muscato was present when he requested twice to be checked for gun powder residue before he was criminally charged but he refused these requests and did not bring these requests to the attention of his superiors. Furthermore, he contends that Defendant Muscato and other officers were aware that the prosecution against him was without probable cause and based on false testimony.

All law enforcement officials have an affirmative duty to intervene to protect the Constitutional rights of citizens from infringement by other law enforcement officials in their presence. I instruct you that an officer who fails to intercede is liable for the preventable harm caused by the actions of another officer if that officer either observes or has reason to know that excessive force is being used or that a citizen has been unjustifiably arrested or maliciously prosecuted. However, before an officer can be held liable for failure to intervene, you must find that the officer had a realistic opportunity to prevent the harm from occurring, that is, that he had sufficient time to intercede and a capability to prevent the harm.

Thus, before you can hold Defendant Muscato liable, you must conclude that the following elements have been met:

*First:* that Defendants Ferrigno and/or Giancursio subjected plaintiff to an unlawful arrest and detention, or the use of excessive force, or malicious prosecution;

*Second:* that Defendant Muscato observed those actions and knew they were unlawful;

*Third:* that Defendant Muscato had a realistic opportunity to intervene, as I have just described that phrase; and

*Fourth:* that Defendant Muscato failed to take reasonable steps to prevent the violations of the plaintiff's constitutional rights.

If you find that the plaintiff has met these four elements, then you must find the defendant liable for any injuries that you conclude were a proximate result of the unlawful arrest and detention, or excessive force, or both.

Section 1983 Litigation: Jury Instructions, Wolters Kluwer, 2nd Edition, Vol. 4 (2016)

**10. INSTRUCTION 3.04.3**

**Action by Private Citizen Against Police Officers—All Persons Stand Equal Before the Law**

As you know this action was brought by a private citizen against police officers of [*name municipality*]. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar station in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

Section 1983 Litigation: Jury Instructions, Wolters Kluwer, 2nd Edition, Vol. 4 (2016)

## 11. INSTRUCTION 3.04.4

## Action Against Governmental Agency

The fact that a governmental entity is involved in this case as a party must not affect your decision in any way. In other words, a governmental entity and all other parties stand as equals in a court of law.

Section 1983 Litigation: Jury Instructions, Wolters Kluwer, 2nd Edition, Vol. 4 (2016)

## 12. INSTRUCTION 12.01.1

### State Law Claims Supplemental to §1983 Excessive Force, False Arrest, and Malicious Prosecution Claims

*STATE LAW CLAIMS*

I now turn to the plaintiff's state law claims against the defendants. We call these claims "supplemental state law claims," because they are alleged in addition to the federal constitutional claims. These claims are not for deprivations of federal constitutional rights, but they are claims based on common law torts, namely, civil wrongs of false arrest, battery, and malicious prosecution, brought under state law principles.

In this case, some of the elements of these state law claims track the elements of the federal Section 1983 claims. In other words, they have some similar elements. But the state claims also have certain differences, which I will point out to you during these instructions.

I have already instructed you on the elements of the federal Section 1983 unlawful arrest, excessive force, and malicious prosecution claims, which the plaintiff must prove by a preponderance of the evidence. Now I will review the similar causes of action brought as supplemental state law claims.

*FALSE ARREST*

This state law cause of action is against only the defendant police officers Ferrigno and Giancurso and their employer, the defendant city. Under New York law, a person commits a false arrest if he intentionally and without the right to do so arrests—or takes into custody—a person who is aware of such arrest and does not consent to it.

The plaintiff claims that those defendants arrested him without a warrant for the crimes described beforehand. The plaintiff seeks to recover damages on this claim against the officers and their employer, the defendant city. The defendants admit that they arrested the plaintiff and that they had no warrant, but they say that, under the circumstances involved in this case, the arrest was lawful because they had probable cause to arrest the plaintiff.

Under the laws of the State of New York, police officers had the right to arrest the plaintiff without a warrant if they had probable cause for believing that plaintiff had committed a crime, or if plaintiff committed a petty offense in his presence. On this state law claim, the burden is upon defendants to prove by a preponderance of the evidence that they had probable cause for believing that these crimes had been committed by the plaintiff.

Probable cause for an arrest exists when a police officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution to believe that a crime or offense has been or is being committed by the person to be arrested.

For probable cause to exist, there need not be certainty that a crime or offense is being committed. But, there must be a basis for a reasonable belief that a crime or offense has been or is being committed.

Probable cause for the arrest of the plaintiff existed if the facts and circumstances known to the defendants, or the information supplied to them before making the arrest, were such as to lead a

reasonably prudent person to believe that the plaintiff had committed one or more of these crimes. An arrest made with probable cause is lawful even though, as in this case, the charges against the plaintiff were later dismissed.

I have already instructed you as to the elements of those crimes. Defendants contend that at the time they arrested the plaintiff the facts as they appeared to them were sufficient to constitute probable cause to arrest the plaintiff for them.

In determining whether probable cause existed for this arrest, you should base your decision on the information that you find was available to defendants at the time of the arrest. Information that became available to an officer at a later point, even if only a short time later, is of no relevance with regard to the arrest.

The fact that the charges against the plaintiff were later dismissed does not establish that there was no probable cause for his arrest. Probable cause is judged on the basis of the information available to the police officer at the time of the arrest.

Accordingly, on plaintiff's state law false arrest claim, if you determine that defendants have failed to establish that there was probable cause to arrest plaintiff on these charges, your verdict will be in favor of the plaintiff and against defendants. However, if you determine that there was probable cause to arrest the plaintiff for those crimes, then the arrest would be lawful and your verdict on this state law claim will be in favor of defendants.

Unlike the federal Section 1983 unlawful arrest claim, legal responsibility for a state law false arrest is incurred not only by the person making the arrest but also by his employer, here the City, if the arrest was made within the scope of the officers' employment. I instruct you as a matter of law that the City is responsible for the actions of the police officers in making the arrest. Therefore, if you find that one or both of the officers is liable for the supplemental state law claim of false arrest, you must also find the city liable.

## BATTERY

Let me now turn to the plaintiff's state law claim against defendants Ferrigno and Giancurso, and the city based on the tort of battery brought under state law principles.

The elements of this state law claim of battery generally track the elements of the federal Section 1983 Fourth Amendment excessive force claim, with certain differences which I will point out to you. I earlier instructed you on the §1983 Fourth Amendment excessive force claim.

Under New York law, a police officer has the right to use as much force in the course of making an arrest, as he reasonably believes necessary in order to make the arrest, protect himself, protect others in the area, and protect the person being arrested. He can be held liable only if the force used was excessive.

The plaintiff claims that in the process of arresting him defendant Ferrigno shot him and Defendants Ferrigno and Giancursio dragged and/or kicked him after he was shot and laying on the ground without provocation, causing him to sustain various injuries. Defendant Ferrigno admits shooting the plaintiff but maintains that this was necessary to defend himself. The defendants exercised some force to arrest, restrain, and handcuff the plaintiff, but they say that they used only as much force as they reasonably believed necessary under the circumstances.

In this battery cause of action, you must determine whether the force used by the defendants was force they reasonably believed to be necessary.

In making that decision, you must take into consideration all of the circumstances confronting the defendants at the time and place of the incident, including what they saw and heard and all of the circumstances surrounding this dispute. The defendants were not required, at their own peril, to measure the precise amount of force necessary.

If you find that the defendants used no more force than they reasonably believed to be necessary, then the defendants committed no battery.

On the other hand, if you find that the plaintiff has established by a preponderance of the evidence that the defendants used more force than they reasonably believed to be necessary then they committed a battery.

On this state law battery claim for relief, unlike the federal Section 1983 excessive force claim, legal responsibility is incurred not only by the person doing it but by his employer, the defendant city, if the battery was committed within the scope of the defendant police officers' employment. I instruct you as a matter of law that the city is responsible for the actions of defendants in the arrest of the plaintiff. Therefore, if you find that one or more off the defendants are liable for the state law claim of battery, you must also find the city liable.

(PJI 3.2:)

The plaintiff claims that defendants Ferrigno and Giancurso spoke and acted in a way that put him in fear of imminent harm. Under New York law this is an assault, which is the intentional placing of another person in apprehension of imminent harmful or offensive contact. A defendant is liable for assault when (he, she) intentionally causes another person to become concerned that the defendant is about to cause a harmful or offensive bodily contact. In order to commit an assault, the defendant must have the real or apparent ability to bring about that harmful or offensive bodily contact. Ordinarily, threatening words without some action are not enough to constitute an assault. There must be some menacing act or gesture that causes the plaintiff to believe that a harmful or offensive bodily contact is about to occur. It is not necessary that there be any contact.

Notice that I used the word "intentionally" in defining an assault. Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result, (he, she) is said to have intended that result. Further, although (he, she) has no desire to bring about the result, if (he, she) does the act knowing, with substantial certainty, that the result will follow, (he, she) is also said to have intended that result.

The plaintiff claims that defendant Ferrigno ran towards him with a gun pointed at him, shot him three (3) times from behind and kicked and threatened to finish him off and blow his brains out as he was lying on the ground critically injured and helpless in his back yard. Plaintiff further claims that Defendants Ferrigno and Giancursio dragged, struck, kicked, handcuffed and/or caused physical injury to his body as he was lying on the ground critically injured. The defendants deny that they did so. If you find that either or both defendants said and/or did this and that the defendant/s intended by doing so to cause the plaintiff to become apprehensive that a harmful bodily contact was about to occur, and that

the defendant/s had the real or apparent ability to carry out the threat, and that the plaintiff had such apprehension, you will find that the defendant/s committed an assault.

If you find that either or both defendants did not say or do this, you will find that the defendant/s did not commit an assault.

On this state law assault claim for relief, legal responsibility is incurred not only by the person doing it but by his employer, the defendant city, if the assault was committed within the scope of the defendant police officers' employment. I instruct you as a matter of law that the city is responsible for the actions of defendants in the arrest of the plaintiff. Therefore, if you find that one or more of the defendants are liable for the state law claim of assault, you must also find the city liable.

## *MALICIOUS PROSECUTION*

You will recall that I instructed you on the plaintiff's §1983 claims that malicious prosecution is the wrongful setting in motion of the judicial process against another so as to subject him to an unjustifiable criminal prosecution.

The elements that the plaintiff must prove by a preponderance of the evidence on his supplemental state law claim of malicious prosecution are as follows:

(1) That a defendant commenced and continued a criminal proceeding against the plaintiff;

(2) That the criminal proceeding terminated in the plaintiff's favor;

(3) That there was no probable cause for commencing or continuing the criminal proceeding; and

(4) That the defendant instituted the criminal proceeding by reason of actual malice.

(PJI 3:50.2):

The first question for you to decide is whether the defendant initiated the criminal prosecution. The evidence on which the grand jury indicted the plaintiff was given to the District Attorney by the defendant. If you find that the defendant fairly and truthfully disclosed to the District Attorney all matters within (his, her) knowledge that a reasonably prudent person would believe important on the question of the plaintiff's guilt or innocence and that the decision to present the matter to the grand jury was made by the District Attorney, the defendant is not responsible for the prosecution. If, however, you find that the defendant (directed or requested the District Attorney to prosecute, gave the District Attorney information that the defendant knew to be false, withheld information that a reasonable person would realize might affect the decision whether to prosecute), the defendant is responsible for the prosecution. If you find — that the defendant is not responsible for the prosecution, you will find for the defendant and you will proceed no further. If you find that the defendant is responsible for the prosecution, you must next consider whether there was probable cause for believing that the plaintiff was guilty of the crime charged.

You will recall from my instructions pertaining to the Section 1983 malicious prosecution claim that the parties agree that element two has been established, namely, that there was a favorable termination in the plaintiff's favor.

The last two elements—no probable cause and malice—are in contention. As to the elements in contention, the plaintiff must prove that in instituting the criminal proceeding, the defendant acted without probable cause. Note that on the probable cause issue on the false arrest claim, the burden of proving that there was probable cause for the arrest was on the defendant. In contrast, on this malicious prosecution claim the plaintiff has the burden of proving that there was no probable cause for instituting the criminal proceedings. Whether probable cause existed depends upon whether a reasonably prudent person would have believed that the plaintiff was guilty of the crimes with which he was charged, on the basis of the facts known when the prosecution was instituted, or which he then reasonably believed to be true. I defined the crimes for you earlier when I instructed you on plaintiff's §1983 claims.

For the purpose of deciding whether probable cause did or did not exist, when the prosecution was instituted, the actual guilt or lack of guilt of the plaintiff is not crucial. It is the reasonableness of the defendant's belief concerning such guilt or lack of guilt that is important.

The fact that the criminal prosecution was ultimately dismissed is not evidence that defendant acted without probable cause when he commenced the criminal proceeding.

(PJI 3:50.4):

> It is not disputed that (the plaintiff was held by the magistrate for further proceedings, the grand jury after investigation indicted the plaintiff, the plaintiff was found guilty on the trial of the criminal charge). The defendant had probable cause to believe that the plaintiff was guilty, unless you find that the (holding, indictment, finding of guilt) was based upon evidence given by the defendant to the (magistrate, district attorney, grand jury, trial jury during the criminal trial) that was (false, incomplete) in a material, that is, important way. Plaintiff contends that the evidence presented by the defendant was (false, incomplete) in the following respects [specify]. That evidence was material, that is, important in the determination whether the plaintiff should be (held, indicted, found guilty). If you find that the defendant did not (falsify, withhold) such evidence, your finding will be that the defendant had probable cause and you will find for the defendant. If you find that it was (falsified, withheld) your finding will be that the defendant did not have probable cause and you may, although you are not required to, infer from that fact that defendant acted maliciously. If you find that defendant did not act maliciously, you will find for the defendant. If you find that the defendant did act maliciously, you will find for the plaintiff, and you will proceed to consider the question of damages.

If you find, in sum, that at the time defendant initiated the charges against the plaintiff a reasonably prudent person would have believed that the plaintiff was guilty of one or more of these crimes, your finding will be that the defendant had probable cause to believe the plaintiff was

guilty of that crime and your verdict will be in favor of the defendant on the supplemental state law malicious prosecution cause of action.

On the other hand, if you find that defendant did not have probable cause to believe that the plaintiff was guilty of any of these crimes officer, you will then go on to consider the next element in contention in this supplemental state law malicious prosecution claim, the issue of actual malice.

The plaintiff must prove that defendant initiated the criminal prosecution maliciously, which means, with actual hatred and ill will, or recklessly, with a wanton disregard for the plaintiff's rights. Reckless and wanton disregard of the plaintiff's rights means that he would have instituted the prosecution without any reasonable ground to believe that the plaintiff was guilty of the crime or offenses charged, and that defendant instituted the prosecution for some ulterior purpose other than to secure punishment for a crime.

If you find that defendant did not have probable cause to believe the plaintiff was guilty of these crimes, you may, though you are not required, to infer from that fact alone that he acted maliciously.

If you find that plaintiff has not proved that defendant acted maliciously, your verdict must be in favor of defendant on the malicious prosecution claim, even though you found that defendant did not have probable cause to believe the plaintiff guilty of the crimes charged. Only if you find that the plaintiff has proved both elements, namely, that the defendant did not have probable cause and that he acted maliciously, will your verdict be in favor of the plaintiff on the supplemental state law malicious prosecution claim.

Unlike the federal Section 1983 malicious prosecution claim, legal responsibility for a state law malicious prosecution is incurred not only by the person who commenced the criminal prosecution but also by his employer, here the city, if the prosecution was commenced within the scope of individual defendant's employment. I instruct you as a matter of law that the city is responsible for the actions of the individual defendants in commencing the criminal prosecution. Therefore, if you find that one of these is liable for the supplemental state law claim of malicious prosecution, you must also find the city liable.

Section 1983 Litigation: Jury Instructions, Wolters Kluwer, 2nd Edition, Vol. 4 (2016)

## 13. INSTRUCTION 18.01.20

## Compensatory Damages—Distinction Between False
## Arrest and Malicious Prosecution

For the Section 1983 unlawful arrest and the supplemental state law false arrest claims, the plaintiff may recover compensatory damages proximately caused by the unlawful arrest. These damages may include any loss of earnings, humiliation, emotional distress, and injury to reputation caused by the illegal detention, from the date of the arrest until the date of the plaintiff's arraignment.

For the Section 1983 and supplemental state law malicious prosecution claims, the plaintiff may recover, for the period, from the date of arraignment until the dismissal of the criminal prosecution, any damages that were proximately caused by the criminal prosecution, including any humiliation, injury to reputation, emotional distress, loss of earnings, and legal expenses incurred by the plaintiff as a direct and natural result of the criminal prosecution.

Section 1983 Litigation: Jury Instructions, Wolters Kluwer, 2nd Edition, Vol. 4 (2016)

## 14. INSTRUCTION 18.05.2

### Rule Against Double Recovery—Section 1983 and State Law Claims

If you return a verdict for the plaintiff, you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct result of the unlawful conduct of a defendant. In this case, the plaintiff claims that the defendants violated his rights in a number of ways. He claims that the defendants violated federal and state law by arresting him and prosecuting him. If you find that more than one of the defendants did in fact violate the plaintiff's rights, or that a defendant or defendants violated more than one of the plaintiff's rights, you must remember that, in calculating the damages, the plaintiff is entitled to be compensated only once for the injuries he actually suffered.

Because the plaintiff presents both a federal §1983 claim and a supplemental state law claim based on the same events, you must be careful in fixing damages that you do not award double compensation for a single injury resulting from violations of the different rights. On the other hand, if defendant violated more than one of the plaintiff's rights and you can identify separate injuries from the separate violations, you should award an amount of compensatory damages that will fairly and justly compensate the plaintiff for each of his separate injuries. I emphasize again, however, that you should not compensate for the same injury twice merely because it was caused by the violation of two different legal rights, one federal and the other state.

Section 1983 Litigation: Jury Instructions, Wolters Kluwer, 2nd Edition, Vol. 4 (2016)

## 15. INSTRUCTION 18.06.1

### Separate Consideration of Each Defendant—
### Apportionment—Joint and Several Liability

This case involves multiple defendants. Therefore, you must be careful to impose any damages that you may award only against the defendant or defendants that the plaintiff has proved liable. The fact that the plaintiff proves that one defendant is liable does not necessarily mean that the other defendants are liable as well. Each defendant is entitled to a separate and individual consideration of his or her liability without regard to your decisions on any other defendant.

If the plaintiff proves that a particular defendant is liable and responsible for a particular injury, you must impose damages for that particular injury upon that particular defendant. This requires you to estimate the dollar amount of the plaintiff's injuries that is attributable to a particular defendant's conduct. The law calls this apportionment.

It is not always possible to apportion damages to a particular defendant's conduct. The plaintiff, however, may be able to prove that more than one defendant is liable for a particular injury. If two or more persons united in an intentional act that violated the plaintiff's rights, all of those persons are jointly liable for the violation of the plaintiff's rights. The law does not require the injured party to establish how much of the injury was done by each particular defendant that is shown to be liable. So, if the plaintiff proves that the defendants who are liable acted jointly, then you may treat them jointly for purposes of assessing damages. If he proves that two or more of the defendants are jointly liable on a particular claim, you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages. Each defendant would then be liable for the overall damages. The plaintiff, however, would be able to recover only once for his injury, because the law disallows double recoveries.

Section 1983 Litigation: Jury Instructions, Wolters Kluwer, 2nd Edition, Vol. 4 (2016)

## 16. INSTRUCTION 18.07.1

### Punitive Damages

If you have awarded the plaintiff either compensatory or nominal damages, the law permits the jury, under certain circumstances, to award the plaintiff punitive damages in order to punish the wrongdoer for the violation of constitutional rights brought about by extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you, the jury, should find, from a preponderance of the evidence, that the conduct of the defendants that proximately caused injury or damage to the plaintiff was maliciously, or wantonly, or oppressively done, then the jury may, if in the exercise of discretion they unanimously choose to do so, award such amount as the jury shall unanimously agree to be proper as punitive damages.

An act or a failure to act is maliciously done if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually or toward all persons in any group or category of which the injured person is a member.

An act or a failure to act is wantonly done if done in reckless disregard of, or callous disregard of, or indifference to the rights of, one or more persons, including the injured person.

An act or a failure to act is oppressively done if done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Whether or not to make an award of punitive damages is a matter exclusively within the discretion of the jury. When awarded, the amount of such extraordinary damages must be fixed with calm discretion and sound reason, and must never be either awarded or fixed in amount because of any sympathy, or bias, or prejudice with respect to any party to the case. In fixing the amount of punitive damages, you must consider the degree of reprehensibility of the defendant's conduct and the relationship between the amount of punitive damages to any actual harm inflicted upon the plaintiff.

Section 1983 Litigation: Jury Instructions, Wolters Kluwer, 2nd Edition, Vol. 4 (2016)

## 17. INSTRUCTION 18.07.2

### Punitive Damages—Amount of Punitive Damages

Since you have found that Defendant [name of official] is liable to the Plaintiff for punitive damages, it is now your duty to determine an appropriate amount of punitive damages against him. As a reminder, any punitive damages you award are against the Defendant [name of official] and not against the City of Rochester. Therefore, when I refer to punitive damages against the defendant, I am referring to Defendant [name of official].

The purposes of punitive damages are to punish the Defendant for shocking conduct and to set an example in order to deter him and others from committing similar acts in the future. Punitive damages are also intended to protect the community and to be an expression of the jury's indignation at the Defendant's misconduct.

You must use sound reason in setting the amount of punitive damages to award. It must not reflect bias, prejudice or sympathy toward any party, but the amount should be in a sum that you believe necessary to fulfill the purposes of punitive damages. In this regard, in fixing the amount of punitive damages, you should consider:

One, the nature of the Defendant's conduct against the Plaintiff;

Two, the impact of the Defendant's conduct on the Plaintiff;

Three, the relationship between the Defendant and the Plaintiff;

And four, the likelihood that the Defendant would repeat the conduct if a punitive award is not made.

Accordingly, any award of punitive damages should be fixed in amount that will sufficiently punish the Defendant for his individual conduct and warn others not to engage in similar conduct.

Now, if you would just turn for a moment to the verdict form. It is a very simple form. On page two, one question: State the amount of punitive damages that you award to Plaintiff against Defendant [name of official].

I must emphasize that in order to reach a verdict on the amount of punitive damages, it is necessary that all eight of you agree. Once you have reached a verdict on punitive damages, you must complete and sign the original verdict form, and you should then inform the Marshals that a verdict has been reached. You will be returned to the courtroom, and your verdict will be announced here in open court.

Section 1983 Litigation: Jury Instructions, Wolters Kluwer, 2nd Edition, Vol. 4 (2016)

## 18. INSTRUCTION 18.07.5

### Punitive Damages—Multiple Defendants—Financial
### Resources of Defendant

Punitive damages may be awarded, in your discretion, to punish the defendant, and to deter the defendant and others like him from committing similar conduct in the future.

You may award plaintiff punitive damages only if you find that a defendant's actions were done maliciously or wantonly. An act is maliciously done if it is prompted by ill will or spite towards the plaintiff. An act is wantonly done if it is done in reckless or callous disregard of, or with indifference to, the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that a defendant acted maliciously or wantonly with regard to his rights.

In this case there are multiple defendants. You must make a separate determination whether each defendant acted maliciously or wantonly.

Even if the plaintiff succeeds in proving that a defendant acted maliciously or wantonly, an award of punitive damages is entirely discretionary. That is, even if the legal requirements for punitive damages are satisfied, you, the jury, may still decide not to award them. In making this decision, you should consider the underlying purpose of punitive damages. They are awarded to punish a defendant for outrageous conduct and to deter the defendant and others from engaging in similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether, on the one hand, the defendant may be adequately punished by an award of actual damages, or whether, on the other hand, the defendant's conduct was so extreme or outrageous that actual damages are inadequate to punish the wrongful conduct, and to deter the defendant and others from engaging in this type of conduct.

If you decide to award punitive damages against a particular defendant, you must use sound reason in setting the amount. The amount of punitive damages must not reflect bias, prejudice, or sympathy toward any party. The amount should be no larger or smaller than the amount necessary to fulfill the purposes of punitive damages. You must consider the degree of reprehensibility of the defendant's conduct, and the relationship between the amount of punitive damages to the actual harm inflicted on the plaintiff. You may also consider the financial resources of the defendant in fixing the amount of punitive damages. You may impose punitive damages against one or more of the defendants and not others, or against more than one defendant in different amounts.

Section 1983 Litigation: Jury Instructions, Wolters Kluwer, 2nd Edition, Vol. 4 (2016)