UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SILVON S. SIMMONS,

               Plaintiff,

      vs.

JOSEPH M. FERRIGNO, II,
SAMUEL GIANCURSIO,
MARK WIATER,
CHRISTOPHER MUSCATO,
ROBERT WETZEL,
MICHAEL L. CIMINELLI, and
CITY OF ROCHESTER,

              Defendants.
_____

**ATTORNEY DECLARATION IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE**

**17-CV-6176-FPG-MWP**

CHARLES F. BURKWIT declares the following under penalty of perjury:

1. I am an attorney duly licensed to practice law before the Courts of New York and this Court. I am the principal in Burkwit Law Firm, PLLC, the attorneys for plaintiff Silvon Simmons, and am fully familiar with the facts of this case and with all prior proceedings.

2. This Declaration, along with a Memorandum of Law, is submitted in opposition to the motions in limine of the City defendants.

3. The case against defendants Ciminelli, Wiater, and Wetzel cannot be dismissed through such a motion.

4. The fourth, fifth, and twelfth of the plaintiff's causes of action sounded in section 1983 malicious prosecution and denial of a fair trial (counts four and five) and

malicious prosecution under New York common law (count twelve). All three of them were pleaded against all defendants. ECF No. 10, 47-54, 74-75.

5. The City defendants filed a partial summary judgment motion on December 22, 2022. They did not move against the fourth, fifth, and twelfth causes of action pleaded against all defendants in the Amended Complaint. ECF No. 133.

6. This Court granted Defendant Ciminelli summary judgment on section 1983-supervisory liability claims. ECF No. 153, 29.

7. This Court held that Plaintiff's false arrest claim (Count I), excessive force claim (Count II), malicious prosecution claims (Counts IV and XII), fair trial claim (Count V), failure to intervene claim (Count VII), battery claim (Count X) and assault claim (Count XI) may proceed. ECF No. 153, 41.

8. This Court specifically held that the malicious prosecution and fair trial causes of action could proceed. ECF No. 153, 41.

9. Ciminelli, Wiater, and Wetzel therefore remain in the case as defendants on the fourth, fifth and twelfth causes of action.

10. For them to be let out at this stage would require a second summary judgment motion, which is not looked upon with favor, especially when there is no new evidence to support it.

11. The defendants can seek this relief only by way of a motion to dismiss at the close of the plaintiff's case.

12. The plaintiff concedes, under protest, that he cannot present evidence of unsubstantiated claims of misconduct against defendant Ferrigno or any other officers.

13. He submits, however, that the defendants should be precluded from presenting the "bad act" evidence he discussed in his own motion in limine and evidence of events claimed to have occurred in and around his residence before the shooting incident.

14. The City defendants concede that this material is irrelevant, as it does not "prove the truth or non-truth of any cause of action in this case." ECF No. 174-4, 6.

15. The key issue in this case is whether or not the plaintiff fired a gun at Ferrigno. This must be decided on the facts, not on the character of the plaintiff or his neighborhood.

16. What Mr. Simmons did in the past and what events had transpired in his neighborhood do not make it more or less likely that he did that.

17. It is all the more irrelevant because the police did not know who they were chasing.

18. Moreover, defendant Ferrigno cannot justify shooting a suspect because he felt unsafe in the Immel Street neighborhood.

19. The City defendants also concede that the ShotSpotter audio they want to present "is not intended to prove anything in this case." ECF No. 174-4, 9.

20. It must be excluded on this basis alone, because it is not relevant evidence.

3

21. The defendant's disingenuous claim that it should be admitted as a "sound snapshot" should be rejected.

22. The only interpretation of this recording that benefits the defendants would be if it recorded five gunshots.

23. The defendants do say this directly, presumably because the recording is not self-authenticating and its interpretation is not self-evident.

24. They wish to pass it off this way, however.

25. They also want to present testimony from Paul Greene and his "Forensic Report," but these are both riddled with falsehoods.

26. The report says, for example, that "ShotSpotter detected a Multiple Gunshot Incident in Rochester, NY" at Immel Street. ECF No. 136-17, 2.

27. It did not.

28. The computer system maintained by ShotSpotter detected impulses which it identified as the sound of a helicopter.

29. After being told that there had been an officer-involved shooting, ShotSpotter employee Robert Bresler overrode the system classification and labeled these gunshots. ECF No. 173-2.

30. A similar subjective process resulted in the five-shot audio that Greene reviewed.

31. Both the report and Greene's testimony pass off this lay opinion evidence as objective fact supported by sophisticated audio recording and machine analysis.

32. This is highly misleading.

33.  To make matters worse, the defendants want the Court to preclude any evidence which might reveal this uncomfortable truth. ECF No. 174-4, 15.

34. Mr. Simmons has argued that the ShotSpotter evidence has little probative value, if any, and that the risk of "blinding the jury by science" outweighs that value.

35. He stands by that argument, and shows, in addition, that the City defendants' disingenuous attempt at presenting this dubious material while admitting that it is not evidence at all shows that they recognize the impropriety of admitting it under the standards set out in the Federal Rules.

36. This evidence should be precluded, both the audio and Greene's testimony and report.

37. If it does come in, however, the plaintiff must have a full and fair opportunity to cross-examine the defendants' witnesses and to present deposition testimony which shows what really happened.

38. The plaintiff intends to call Monroe County Assistant Public Defender Elizabeth Riley to testify about the AVLS GPS data and what factual issues it might have resolved.

39. She should also be able to testify concerning bail and plea offers.

40. Dr. Waghmarae, as a medical doctor and pain management specialist, is qualified to testify concerning the plaintiff's medical records and the injuries they show that were caused by the April 1, 2016, shooting. See expert disclosure, Exhibit A.

41. As to the issues raised in the attorney Declaration, the plaintiff's voir dire statement had shown that his deposition witnesses work and live more than 100

miles from Rochester, so they are unavailable within the Federal Rules. FRCP 32

(a) (4) (B).

42. The propriety of the police stop of the automobile does not mean that the

defendants had reasonable suspicion to chase Mr. Simmons, as Judge Valleriani

had decided at the criminal trial. ECF No. 142-31, 18.

43. Finally, the use of deadly force on an unarmed civilian who posed no threat to the

police or public is a clear constitutional wrong, so no qualified immunity charge

should be given.

44. All these issues are discussed at length, with citations to applicable law, in the

plaintiff's Memorandum of Law, submitted herewith.

45. In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.


Dated:  March 18, 2024          s/Charles F. Burkwit_____
                                BURKWIT LAW FIRM, PLLC
                                Charles F. Burkwit, Esq.
                                *Attorneys for Plaintiff Silvon S. Simmons*
                                16 East Main Street, Suite 450
                                Rochester, New York 14614
                                Telephone: (585) 546-1588
                                Email: charlie@burkwitlaw.com