**Limiting Instruction Re:  Matters Judicially Noticed:**

  Your Honor, I respectfully request a limiting instruction to the jury regarding the matters which you took judicial notice concerning Mr. Simmons' criminal trial outcome.  Pursuant to Your Honor's Decision and Order (Simmons vs Ferrigno, 2024 U.S. Dist. LEXIS 51583, at 33-34 [W.D.N.Y. 2024]) including the citation to and quote from the Kramer v Time Warner ([937 F.2d 767, 774 [2d Cir., 1991]), and pursuant to Johnson v City of Rochester, 2023 U.S. Dist. LEXIS 211421, at 15 [W.D.N.Y. 2023], Jenkins v City of New York, 478 F.3d 76, 85-86 [2d Cir., 2006] and Brown v New York, 60 NY2d 897, 898 [1983] cases previously cited.   I request that the jury here be instructed that the jury's determinations in the outcome of the criminal trial have no binding effect on them and that this jury should and must make its own determinations based on the evidence and testimony presented in this trial.  The following is my proposed limiting instruction:

On April 27, 2016 the Grand Jury of the County of Monroe indicted Silvon Simmons on the following charges:

1. Attempt to Commit the Crime of Aggravated Murder of a Police Officer (in Violation of Section 110.00 and 125.26 subdivision 1(a)(i) of the Penal Law of the State of New York).
2. Attempt to Commit the Crime of Aggravated Assault on a Police Officer, in violation of Sections 110.00 and 120.11 of the Penal Law of the State of New York.

3. Criminal Possession of a Weapon in the Second Degree (in violation of Section 265.03 Subdivision 1(b) of the Penal Law of the State of New York).

4. Criminal Possession of a Weapon in the Second Degree (in violation of Section 265.03 Subdivision [3} of the Penal Law of the State of New York).

Following a Jury Trial, Mr. Simmons was acquitted of Charges 1-3 and convicted of Criminal Possession of a Weapon in the Second Degree (in violation of Section 265.03 Subdivision [3} of the Penal Law of the State of New York).   The Criminal Court Judge vacated the Jury's conviction on the Fourth Count.

The Jury and the Criminal Court's Determinations have no determinative effect on you in this case.   The standards of proof and the legal requirements of this Federal Civil Trial are greatly different from the standards of proof and legal requirements of a state criminal trial.   You, as the Jury, in this trial, must make your own determinations based on the legal instructions I give you, the evidence and the testimony presented, in this trial