**BURKWIT LAW FIRM**, PLLC
16 East Main Street, Suite 450
Rochester, NY 14614
Phone (585) 546-1588
Fax (585) 232-2802

Email: Charlie@burkwitlaw.com  Barbara Peck, Paralegal
*Also licensed in Michigan  Email: Barb@burkwitlaw.com

April 24, 2024

Honorable Frank P. Geraci Jr.
U.S. District Court Judge
U.S. Courthouse
100 State Street
Rochester, New York 14614

**RE:  Silvon S. Simmons v. Joseph M. Ferrigno, II et al.
       Civil Action No: 17 -CV-6176**

Dear Judge Geraci:

     I must respectfully object to Mr. Campolieto's last-minute request for a special interrogatory form on qualified immunity issues. I cannot see how qualified immunity would be applied here. If Mr. Simmons prevails, it would have to be because the jury had concluded that he did not fire a gun at Officer Ferrigno, and there is no qualified immunity for shooting an unarmed civilian. If the City prevails, of course, the issue is moot.

     The questions themselves are improper or unnecessary. Mr. Simmon's running from the car could not justify shooting him, for example, so this is irrelevant. Other questions are misleading. A qualified immunity defense cannot be made out by an unreasonable belief (see *Stephenson v. Doe*, 332 F.3d 68, 78-79), so it would be pointless to ask the jury to decide what was in Officer Ferrigno's mind as he pursued the plaintiff. I would note, too, that Judge Valleriani already found that the defendant had no reasonable basis for suspicion when Mr. Simmons ran from the car, and this is a sufficient to rule out the contention that he reasonably believed that he was pursuing Ivory Golden. Even if he did have such a belief, though, he would still have had no reason to shoot unless Mr. Simmons's acts put him in danger.

     Taking the questions one by one: The first four are duplicative of the verdict sheet proper. The following questions 1 and 2 allege acts which have no connection with the liability issues, questions 3 and 4 ask for conduct which Mr. Simmons has admitted, and question five runs afoul of the reasonableness issue. The verdict itself will answer questions 6-8 and 10-11, and question 11 is duplicative of 7 and 8 and prejudicially assumes as a fact that Mr. Simmons fired a gun at the defendant. I cannot see the relevance of question 9.

Page -2-

      These questions are unnecessary and raise a substantial risk of confusing the jury. Counsel's timing has rendered them improper, but even if this were not a factor they should be rejected.

      Respectfully,

*Charles F. Burkwit*

Charles F. Burkwit, Esq.

cc:    John M. Campolieto, Esq.