UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SILVON S. SIMMONS,

                             Plaintiff,

                                          Case # 17-CV-6176-FPG

v.

                                          DECISION AND ORDER

JOSEPH M. FERRIGNO, II, et al.,

                             Defendants.

On April 26, 2024, judgment was entered in Defendants' favor after the jury returned a verdict of no cause on Plaintiff's claims. ECF Nos. 196, 198. On May 23, 2024, Plaintiff moved for a new trial under Federal Rule of Procedure 59. ECF No. 199. Rule 59(a)(1)(A) permits a court to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). For the reasons discussed below, the Court denies Plaintiff's motion.

First, Plaintiff argues that the jury verdict is against the weight of the evidence. He notes the inconsistencies between "the police witnesses' contemporaneous and near-contemporaneous records and statements, on the one hand, and [] their trial testimony, on the other." ECF No. 199-10 at 2. Plaintiff also asserts that Defendants failed to provide important evidence that would have been "crucial to the credibility determination[s]," including the AVLS Track Star GPS data and the time information on Amy Bauer's photographs. *Id.* at 3.

A new trial may be granted "if the verdict is against the weight of the evidence." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 417 (2d Cir. 2012). "[A] decision is against the weight of the evidence if and only if the verdict is (1) seriously erroneous or (2) a miscarriage of justice." *Id.* (internal brackets and ellipsis omitted). The Second Circuit has emphasized the "high degree of deference accorded to the jury's evaluation of witness credibility." *Id.* at 418.

In this case, the discrepancies and evidentiary gaps that Plaintiff identifies do not render the jury's verdict seriously erroneous or a miscarriage of justice.   Plaintiff had the opportunity to cross-examine the police witnesses on these issues and to present contrary evidence and argument. He obtained an adverse-inference charge related to the AVLS Track Star GPS data.   The jury was free to consider these issues in assessing the witnesses' credibility.   The jury's decision to reject Plaintiff's theory, despite these putative inconsistencies and evidentiary gaps, is not a basis for a new trial.   *See DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998) ("[A] court should rarely disturb a jury's evaluation of a witness's credibility.").

Second, Plaintiff challenges several of the Court's decisions concerning the admission of evidence, including the ShotSpotter recording, the forensic report, and Plaintiff's possession of 9mm bullets.   *See* ECF No. 199-10 at 4-6.   Although a new trial may be warranted if there were "if substantial errors [] made in admitting or excluding evidence," *In re Vivendi Universal, S.A. Secs. Litig.*, 765 F. Supp. 2d 512, 573 (S.D.N.Y. 2011), Plaintiff's arguments do not establish any such error.   The Court already addressed these issues during trial, and rendered its final rulings on the record.   Relief under Rule 59(a) is not justified.   *See Ojeda v. Metro. Transp. Auth.*, 477 F. Supp. 3d 65, 76 (S.D.N.Y. 2020) ("[I]t is well-settled that Rule 59 is not a vehicle for … taking a 'second bite at the apple.").

Plaintiff's motion for a new trial (ECF No. 199) is DENIED.

IT IS SO ORDERED.

Dated:   July 23, 2024
       Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York