UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SILVON S. SIMMONS,

        Plaintiff,

  v.

JOSEPH M. FERRIGNO, II, et. al,

        Defendants.
_____

<u>DECISION & ORDER</u>

17-CV-6176FPG

On November 24, 2021, this Court issued an Order granting in part and denying in part plaintiff Silvon S. Simmons's fourth motion to compel. (Docket # 97). Familiarity with that decision and the preceding discovery disputes is assumed. In that Order, I determined that monetary sanctions were warranted and ordered that defendants reimburse plaintiff's attorneys' fees and costs incurred in making the motion. (*Id.* at 3). I further directed that in the event the parties were unable to stipulate to the amount owed, plaintiff's counsel should file an affidavit outlining those fees and costs, with supporting documentation. (*Id.*). On November 30, 2021, plaintiff's counsel submitted an affidavit with attached supporting documentation seeking $10,920.00 in attorneys' fees. (Docket # 99). Defendants have opposed this request as excessive. (Docket # 101). For the reasons discussed below, plaintiff is hereby awarded attorneys' fees and costs in the amount of $6,357.75.

An award of reasonable attorneys' fees is typically calculated using the lodestar methodology, which requires the court to determine counsel's reasonable hourly rate and multiply it by the reasonable number of hours expended by counsel; that figure may then be adjusted in the district court's discretion. *See*, *e.g.*, *Perdue v. Kenny A.*, 559 U.S. 542, 551

(2010) ("the lodestar figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence") (internal quotation omitted); *Grievson v. Rochester Psychiatric Ctr.*, 746 F. Supp. 2d 454, 460-61 (W.D.N.Y. 2010); *Jack v. Golden First Mortg. Corp.*, 2008 WL 2746314, *2 (E.D.N.Y. 2008); *Moreno v. Empire City Subway Co.*, 2008 WL 793605, *2 (S.D.N.Y. 2008); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (lodestar figure is the "presumptively reasonable fee").

According to plaintiff's counsel, time entries reflecting work relating to the fourth motion to compel totaled approximately 31.2 hours. (Docket # 99-2). Plaintiff's counsel then multiplied the total hours expended by an hourly rate of $350, resulting in $10,920.00. (*Id.*). Defendants maintain that plaintiff's request is excessive because the main relief requested by the fourth motion to compel – the production of additional use of force complaints – was denied by the Court. (Docket # 101). Moreover, according to defendants' counsel, plaintiff's counsel failed to adequately confer regarding the use of force complaints prior to briefing the issue to the Court. (*Id.* at ¶¶ 7-11). Defendants thus request that the Court disallow or reduce specified time entries reflecting hours expended by plaintiff's attorney in connection with the fourth motion to compel. (*Id.* at ¶ 13).

The position of defendant's counsel is belied by the record in this matter. Although not reflected in the written order, during the continued oral argument on the motion held on November 22, 2021, this Court articulated the basis for awarding attorneys' fees against the defendants as follows:

> Regarding Simmons's request for sanctions, I find that the drastic sanctions of striking the answer is not warranted on this record; however, an award of attorneys' fees and costs in connection with the motion is appropriate. Although I find that both parties should have made more genuine and serious efforts to meet and confer prior to the motion, review of the procedural history of this motion

and those preceding it demonstrates the City's continued failures to diligently comply with this Court's orders and with its discovery obligations. That the City failed to search for pre-2010 force complaints against the Identified Officers prior to November 2, 2021, is simply inexplicable and inexcusable – especially where this Court explicitly discussed with Mr. Campolieto the different temporal applicable scope relevant to Requests 1(dd) and 1(ee) and where Mr. Campolieto confirmed his understanding of that difference on the record. Moreover, despite the City's repeated representations that it had produced all of the force complaints within its possession, after substantial oversight and intervention by the Court, additional force complaints were identified and produced, albeit relatively few. Accordingly, the City Defendants are directed to reimburse Simmons's attorneys' fees and costs incurred in making this motion.

As my ruling reflects, not only were additional use of force complaints produced in response to the motion, but it was only after "substantial oversight and intervention by the Court" that such records were identified and ultimately produced. Accordingly, the Court declines to disallow or reduce the pre-July 23, 2021 time entries challenged by defendants. (Docket # 101 at ¶ 13). Nevertheless, I agree with defendants that plaintiff is not entitled to be reimbursed for the time his attorney expended during the meet and confer process supervised by the Court. That process is one that should have occurred between the parties without Court intervention. Accordingly, I deny reimbursement for time entries dated October 7, 8, 16, and 27 and November 4, 8, 12 and 15, and find that a reduction of the 5.25 hours reflected in those entries is warranted.

With respect to the remaining 25.95 hours for which reimbursement is requested, in my discretion, and based upon my familiarity with the discovery motions in this case, I determine that the number of hours for which reimbursement is sought should be reduced by thirty percent to arrive at a reasonable number of hours. *See Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 388 F. Supp. 2d 159, 167 (W.D.N.Y. 2005) ("[t]o reflect both the excessive

hours claimed and the insufficiency of some of [the attorneys'] time records, the [c]ourt will reduce the hours claimed by 20%"). "In calculating the number of reasonable hours, the court looks to its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d. Cir. 1992) (internal quotation omitted). A thirty percent reduction is not only a "practical means of trimming [the] fat," *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation omitted), but also reflects plaintiff's counsel's own failure to comprehensively exhaust conferral avenues prior to filing the motion. Based upon the procedural history of the discovery disputes in this case, I find a thirty percent reduction reasonable and appropriate in this case. *See*, *e.g.*, *Simmonds v. New York City Dep't of Corr.*, 2008 WL 4303474, *8 (S.D.N.Y. 2008) (applying 40% reduction); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 541 (S.D.N.Y. 2008) (applying 15% reduction); *Moreno v. Empire City Subway Co.*, 2008 WL 793605 at *6 (applying 15% reduction); *Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 388 F. Supp. 2d at 167 (applying 20% reduction). Applying that thirty percent reduction results in a total fee of $6,357.75 (18.165 hours x $350).

## CONCLUSION

For the reasons discussed above, I find plaintiff is entitled to be reimbursed the sum of $6,357.75 in attorneys' fees and costs. This sum is to be paid by no later than thirty (30) days from the date of this Order.

**IT IS SO ORDERED.**

                                                 *s/Marian W. Payson*
                                                 MARIAN W. PAYSON
                                               United States Magistrate Judge

Dated: Rochester, New York
       December 26, 2024